**DOLL AMIR & ELEY LLP**
Gregory Doll (SBN 193205)
Michael M. Amir (SBN 204491)
Ronald St. Marie (SBN 101398)
1888 Century Park East
Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER,<br><br>              Plaintiff,<br><br>vs.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>              Defendants. | CASE NO. CV 08-1220 SI<br><br>**NOTICE REGARDING EXHIBIT J TO DECLARATION OF ANDREW M. KANTER SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6), OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT UNDER RULE 56**<br><br>DATE:          July 18, 2008<br>TIME:          9:00 am<br>COURTROOM:  10 |

Defendants Verity, Inc. and The Verity, Inc. Change in Control and Severance Benefit Plan ("Defendants") hereby notify the Court and plaintiff Hugo Sluimer that Exhibit J attached to the Declaration of Andrew M. Kanter filed in support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or, Alternatively, Summary Judgment or Partial Summary Judgment Under Rule 56 contains extraneous material.

Exhibit J consists solely of the September 29, 2006 letter from Andrew Kanter to Hugo Sluimer. In the interest of clarity, Defendants are attaching hereto a single copy of the September 29, 2006 letter, which document, alone, constitutes the entirety of Exhibit J.

Dated: April 23, 2008             Respectfully submitted

                                  DOLL AMIR & ELEY

                                  By _____
                                     Gregory L. Doll
                                  Attorneys for Defendants VERITY, INC., and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE E BENEFIT PLAN

# EXHIBIT J

# Autonomy

VIA REGISTERED DELIVERY

29 September 2006

Hugo Sluimer
Le Millefiori
Apartment 27F
1, rue des Genets
MC 98000 Monaco

**Re:   Letter dated 13 July 2006**

Dear Mr Sluimer:

I write on behalf of Verity, Inc. with regards to your letter dated 13 July 2006. Your letter was addressed to the Vice President, Human Resources of Verity, Inc. That position reported to my office, which has global responsibility for group human resources matters. Jack Landers, the previous Vice President, Human Resources of Verity, Inc., has recently left the company, and as such I have assumed his duties as the Plan Administrator within the meaning of the Change in Control and Severance Benefit Plan (the "Plan"), the topic of your letter.

Your letter dated is a request for review under Section 11(c) of the Plan, and was received by Verity on 1 August 2006. This letter is a notification of decision on review under Section 11(d) of the Plan. Pursuant to Section 11(d), this decision is being provided within 60 days of receipt of your request.

I regret to inform you that upon re-review Verity has confirmed the denial of the application for benefits in whole. The specific reasons follow.

We draw your attention again to Section 3(b)(iii) of the Plan, which provides that an employee offered immediate reemployment is an express exception to the receipt of severance benefits under the Plan. You were offered but rejected such employment, instead seeking to voluntarily terminate your contract. Your employment with the company prior to your voluntary termination was in fact continuous, with uninterrupted payment of salary, commission and other benefits such as stock option vesting. Your statement that you were paid "half payment" is simply untrue as your salary remained the same, benefits were uninterrupted and your commission plan was calculated exactly the same as prior to the acquisition (indeed for most of the time by the same finance personnel using exactly the same systems as pre-acquisition).

Further, you did not suffer a "Constructive Termination" within the meaning of Section 2(f)(i) of the Plan. As you are aware, it is the company's position that you did not suffer a substantial reduction in your duties or responsibilities in effect immediately prior to the effective date of the Change in Control. It remains the company's conclusion that rather than suffer a "Constructive Termination" you sought to avoid your employment duties whilst engaging with the company solely to establish a position for compensation in the Dutch courts. In contrast, the company actively pursued your continued employment by finding an

Autonomy Systems Limited, Cambridge Business Park, Cowley Road, Cambridge CB4 0WZ, U.K.
Phone: +44 (0) 1223 448 000, Fax: +44 (0) 1223 448 001, Email: autonomy@autonomy.com

Autonomy

alternative position within the group with the same terms, analogous compensation and growth potential. In contrast, in the post-acquisition period after redundancy review you barely performed your role.

You reference the 7 July 2006 decision of the Cantonal Court in the Netherlands as evidence supporting your position. Section 10 of the Plan clearly states that the Plan is governed by the laws of the State of California. There are of course very substantial differences between Dutch and California employment law, such as the applicable rules and regulations, factors considered by the Cantonal Court and standards of evidence. Thus whilst the Cantonal Court decision has been considered in reaching this decision, it is neither binding on the Company for purposes of the Plan nor persuasive in reaching this decision. It should also be noted that at the Cantonal Court hearing your position was clear that the substance of your petition did not address the Plan.

Your request is also denied as a result of your failure to comply with the last clause of Section 2(f) of the Plan which states the precedent actions required to claim Constructive Termination under Section 2(f). You have not provided the Company with the required written notice, either in substance or in accordance with the notice procedures under Section 15(a).

With regards to Section 3(b)(iv), the Plan is clear that it is within the Company's discretion to deny benefits should you not confirm in writing that you are subject to the Company's Confidentiality Agreement and Non-Compete Agreement. You have not provided any such confirmation. The Proprietary Rights Agreement you reference (in fact the "Employee Inventions and Proprietary Rights Assignment Agreement", dated 9 June 1993) is not equivalent to a confidentiality and non-compete agreement. The Proprietary Rights Agreement is a standard document that governs the rights between the company and its employees with respect to intellectual property generated before and during their employment.[1] A confidentiality agreement protects a much wider scope of key commercial information, and a non-competition agreement of course relates to post-employment competitive obligations. Acknowledgement in writing of these obligations is basic consideration for the receipt of benefits under the Plan, and is integral to the purpose and spirit of the Plan.

Finally, Section 7 provides that in order to be eligible for benefits under the Plan, the employee must execute a waiver and release generally releasing the Company from any and all claims and liabilities, which you have not agreed to.

---

[1] Your employment file does not contain the full text of the agreement, but only the first and last pages, however other agreements entered into at a similar time reflect this position.

Autonomy Systems Limited, Cambridge Business Park, Cowley Road, Cambridge CB4 0WZ, U.K.
Phone: +44 (0) 1223 448 000, Fax: +44 (0) 1223 448 001, Email: autonomy@autonomy.com

Autonomy

This notice is provided under Section 11(b) of the Plan within the time periods allotted therein. Under Section 11(b)(3) of the Plan, you are hereby notified that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. Under Section 11(b)(4) of the Plan, you are hereby notified that you have a right to bring a civil action under Section 502(a) of ERISA.

Please address any future correspondence to my attention at the letter on this address.

Sincerely,

Andrew M Kanter
Chief Operating Officer – Autonomy Group of Companies

Autonomy Systems Limited, Cambridge Business Park, Cowley Road, Cambridge CB4 0WZ, U.K.
Phone: +44 (0) 1223 448 000, Fax: +44 (0) 1223 448 001, Email: autonomy@autonomy.com

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, California  90067.

    On April 23, 2008, I served the foregoing document(s) described as **NOTICE REGARDING EXHIBIT J TO DECLARATION OF ANDREW M. KANTER SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6), OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT UNDER RULE 56** on the parties in this action by serving:

| | |
|---|---|
| Joseph M. Rimac, Esq. | Cliff Palefsky, Esq. |
| William Reilly, Esc. | Keith Ehrman, Esq. |
| RIMAC & MARTIN | McGuinn, Hillsman & Palefsky |
| 1051 Divisadero Street | 535 Pacific Avenue |
| San Francisco, CA 94115 | San Francisco, CA 94133 |

(  )    **By Envelope**:  by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

(  )    **By Mail:**  As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(  )    **By Personal Service:**  I delivered such envelope by hand to the offices of the addressee(s).

(  )    **By Federal Express:**  I caused the envelope(s) to be delivered to the Federal Express office for delivery on the next-business-day basis to the offices of the addressee(s).

( X )   **By Electronic Filing:**  Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

    Executed on April 23, 2008 at Los Angeles, California.

(  )    **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )   **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


                    /s/
                    Susan Reimers