**DOLL AMIR & ELEY LLP**
Gregory Doll (SBN 193205)
Michael M. Amir (SBN 204491)
Ronald St. Marie (SBN 101398)
1888 Century Park East
Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER,<br><br>           Plaintiff,<br><br>vs.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>           Defendants. | CASE NO. CV 08-1220 SI<br><br>**DECLARATION OF JOCHEM DE ROOS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:         July 18, 2008<br>TIME:          9:00 am<br>COURTROOM: 10 |

1. I am an attorney at law, duly licensed to practice law in the Netherlands. I have personal knowledge of the facts set forth in this declaration, and if called as a witness in this matter, I could and would testify competently thereto.

2. I represented Verity Benelux B.V. ("Verity") in a lawsuit filed by Hugo Sluimer in the Netherlands. Mr. Sluimer's petition in that matter sought dissolution of his employment agreement with Verity and was based on Article 7:685 of the Dutch Civil Code. A true and correct copy of Article 7:685 (translated into English) is attached hereto as Exhibit A.

3. In a proceeding under Article 7:685, the party seeking dissolution must make it plausible that it is reasonable that the employment agreement is terminated immediately or at short notice. The other party may produce contradicting statements or evidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of June, 2008 at Amsterdam, Netherlands.

_____
Jochem de Roos

DECLARATION OF JOCHEM DE ROOS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, CA 90067.

On June 27, 2008, I served the foregoing document(s) described as **DECLARATION OF JOCHEM DE ROOS IN SUPPORT OF DEFENDANTS' OPPOSITION TO: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the parties in this action by serving**:**

| | |
|---|---|
| Joseph M. Rimac, Esq. | Cliff Palefsky, Esq. |
| William Reilly, Esq. | Keith Ehrman, Esq. |
| RIMAC & MARTIN | McGuinn, Hillsman & Palesfsky |
| 1051 Divisadero Street | 535 Pacific Avenue |
| San Francisco, CA 94115 | San Francisco, CA 94133 |
| F: (415) 561-8430 | F: (415) 403-0202 |

**( )** **By Envelope** - by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

**( )** **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(X)** **By Electronic Filing:** Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

Executed on June 27, 2008, at Los Angeles, California.

**( )** **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**( X )** **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 */s/ Susan Reimers*                               .
Susan Reimers

# EXHIBIT A

Art. 685

2. There shall be no derogation from this article to the detriment of the employee.

*Article 685.* (as last amended with effect from 15 October 2005)

1. Each of the parties is entitled at all times to apply to the subdistrict court with a request that the contract of employment be set aside for serious reasons. Any stipulation whereby this right is excluded or limited is a nullity. The subdistrict court may only grant the application if it has ascertained whether the application relates to an existing prohibition to give notice referred to in articles 647, 648, 670 and 670a or to any other prohibition to give notice of termination of a contract of employment.

2. Serious reasons are regarded as circumstances which would have constituted an urgent reason referred to in article 677, paragraph 1, if notice of termination of a contract of employment has been given without delay on that account and also changes of circumstances which are of such a nature that the contract of employment should, in fairness, terminate immediately or after a short period.

3. The request is made to the subdistrict court which has jurisdiction pursuant to articles 99, 100, and 107 to 109, inclusive, of the Code of Civil Procedure.

4. The petition shall state the place where the work is usually performed, and the name and address or, in the absence of an address in the Netherlands, the actual abode of the other party.

5. If the application is linked with a case between the same persons already pending before another court, the subdistrict court may order that it be referred to that other court. The clerk of the court shall send a copy of such ruling, together with the petition and other documents in the action, for further consideration to the court to whom the case is referred.

6. The hearing shall start no later than the fourth week following that during which the petition was lodged.

7. If the court grants the application, it shall determine on what date the contract of employment shall terminate.

8. If the court grants the application on account of changed circumstances, it may, if it considers this fair in the circumstances, award one of the parties compensation payable by the other party; it may permit the compensation to be paid in such instalments as it shall determine.

9. Before setting aside a contract of employment the court shall, if it is also awarding compensation, notify the parties of its intention and allow the petitioner a period within which to withdraw its application. If the petitioner does so, the court shall merely make a ruling on the costs of the proceedings.

**Art. 686**

10. Paragraph 9 applies, *mutatis mutandis*, if the court intends to set aside a contract without making an award of compensation requested by the petitioner.

11. No appeal or cassation (*appeal to the Supreme Court*) lies against a ruling under this article.

*Article 686.*

The provisions of this Section shall not prevent either party from having the contract set aside on account of failure in the performance of the contract and from obtaining damages. A contract may be set aside only by a decision of the court.

### Section 10. Special Provisions in respect of Commercial Representatives

*Article 687.*

A contract of commercial representation is a contract of employment under which one party - the commercial representative - contracts with another party - the principal - for remuneration that consists wholly or partly of commission, to act as an intermediary in the conclusion of contracts and possibly to conclude them in the name of the principal.

*Article 688.*

1. Articles 426, 429, 430, paragraphs 2 to 4, inclusive, 431, 432, 433 and 434 shall apply, *mutatis mutandis*, to a contract of commercial representation.

2. There shall be no derogation from articles 426, paragraph 2, 429, 430 paragraphs 2 to 4, inclusive, 431 paragraph 2 and 433.

3. There shall be no derogation from articles 432, paragraph 3 and 434 to the detriment of the commercial representative.

4. Derogation from articles 426, paragraph 1 and 431, paragraph 1 to the detriment of the commercial representative may be made in writing only.

*Article 689.*

In derogation from the provisions of article 680, paragraph 2 account shall be taken, for the purpose of determining the fixed damages referred to in article 677, paragraph 4, of the commission earned in the preceding period and of all other relevant factors to be observed.