**DOLL AMIR & ELEY LLP**
Gregory Doll (SBN 193205)
Michael M. Amir (SBN 204491)
Ronald St. Marie (SBN 101398)
1888 Century Park East
Suite 1106
Los Angeles, California  90067
Telephone: (310) 557-9100
Facsimile:  (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER<br><br>                    Plaintiff,<br><br>vs.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>                    Defendants. | CASE NO.  CV 08-1220 SI<br><br>**DECLARATION OF GREGORY L. DOLL IN SUPPORT OF DEFENDANTS' OPPOSITION TO:  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br><br>Date:       July 18, 2008<br>Time:      9:00 a.m.<br>Ctrm:      10, 19th Floor |

I, Gregory L. Doll, declare:

1. I am an attorney duly licensed to practice law in California and before this Court, and am a partner in the law firm of Doll Amir & Eley LLP, counsel of record for Defendants named in this lawsuit.  I have personal knowledge of the matters set forth below, and if called upon to do so, I would testify competently thereto.

/ / /

/ / /

2.  On June 3, 2008, I received via facsimile Plaintiff's Notice of Taking Deposition Under Subpoena of Jack Landers on June 23, 2008, at the Law Offices of McGuinn, Hillsman & Palefsky, 535 Pacific Avenue, San Francisco, CA 94133.

3.  On June 23, 2008, I flew from Los Angeles to San Francisco for Mr. Landers' deposition.

4.  I personally cross-examined Mr. Landers during his deposition. Attached hereto as Exhibit A is a true and correct copy of excerpts from a certified copy of the deposition transcript for the June 23, 2008 deposition of Jack Landers.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of April, 2008 at Los Angeles, California.


By   */s/ Gregory L. Doll*   .
      Gregory L. Doll

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, CA 90067.

On June 27, 2008, I served the foregoing document(s) described as **DECLARATION OF GREGORY L. DOLL IN SUPPORT OF DEFENDANTS' OPPOSITION TO: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE LATERNATIVE PARTIAL SUMMARY JUDGMENT** on the parties in this action by serving**:**

| | |
|---|---|
| Joseph M. Rimac, Esq. | Cliff Palefsky, Esq. |
| William Reilly, Esq. | Keith Ehrman, Esq. |
| RIMAC & MARTIN | McGuinn, Hillsman & Palesfsky |
| 1051 Divisadero Street | 535 Pacific Avenue |
| San Francisco, CA 94115 | San Francisco, CA 94133 |
| F: (415) 561-8430 | F: (415) 403-0202 |

**( )    By Envelope** - by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

**( )    By Mail:** As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(X)    By Electronic Filing:** Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

Executed on June 27, 2008, at Los Angeles, California.

**( ) STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**( X ) FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                                       */s/ Susan Reimers*                            .
                                                                       Susan Reimers

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

HUGO SLUIMER,                        )
                                     )
              Plaintiff,             )
                                     )
         vs.                         ) Case No. C 081220 SI
                                     )
VERITY, INC., a corporation,         )
and THE VERITY INC. CHANGE IN        )
CONTROL AND SEVERANCE BENEFIT        )
PLAN,                                )
                                     )
              Defendants.            )
                                     )

CERTIFIED COPY

DEPOSITION OF

JOHN (JACK) E. LANDERS, JR.

Monday, June 23, 2008

Volume

(Pages 1 - 43)

REPORTED BY:  ANA M. DUB, RMR, CRR, CSR 7445 (01-410560)

```
 1                    I N D E X
 2              INDEX OF EXAMINATIONS
 3                                              Page
 4  EXAMINATION BY MR. EHRMAN ........................6
 5  EXAMINATION BY MR. DOLL .........................33
 6  FURTHER EXAMINATION BY MR. EHRMAN ...............40
 7
 8
 9       DEPOSITION EXHIBITS MARKED FOR IDENTIFICATION
10  No.              Description                  Page
11  Exhibit 1   Subpoena in a Civil Case ...........10
12  Exhibit 2   Verity, Inc. Change In .............13
                Control And Severance
13              Benefit Plan, Production
                Nos. HS-0001-16
14
    Exhibit 3   Letter on the Letterhead of ........15
15              Autonomy Dated September 29,
                2006 to Hugo Sluimer from
16              Andrew M. Kanter, Production
                Nos. HS-0065-67
17
    Exhibit 4   E-Mail Chain, Latest of Which ......21
18              is Dated May 19, 2006, to
                Rachel Haverfield from
19              Andrew Kanter, Production
                No. HS-0022
20
    Exhibit 5   Letter Dated May 1, 2006 ...........25
21              to Jack Landers from Hugo
                Sluimer, Production
22              No. HS-0057
23  Exhibit 6   Letter on the Letterhead ...........26
                of Autonomy Dated May 3, 2006
24              to Hugo Sluimer from Andrew
                M. Kanter, Production
25              No. HS-0058
```

2

```
 1                  A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF HUGO SLUIMER:
 4        McGUINN, HILLSMAN & PALEFSKY
          BY:  KEITH A. EHRMAN, ATTORNEY AT LAW
 5        535 Pacific Avenue
          San Francisco, California  94133
 6             Telephone:  (415) 421-9292
               E-mail:  KAEMHP@aol.com
 7
     and
 8
 9        RIMAC MARTIN PC
          BY:  WILLIAM REILLY, ATTORNEY AT LAW
10        1051 Divisadero Street
          San Francisco, California  94115
11             Telephone:  (415) 561-8440
               E-mail:  w_reilly@rimacmartin.com
12
13
14   FOR THE DEFENDANTS VERITY, INC., AND THE VERITY INC.
     CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN:
15
          DOLL AMIR & ELEY LLP
16        BY:  GREGORY L. DOLL, ATTORNEY AT LAW
          1888 Century Park East, Suite 1160
17        Los Angeles, California  90067
               Telephone:  (310) 557-9100
18             E-mail:  gdoll@dollamir.com
19                        --oOo--
20
21
22
23
24
25
```

4

1         And this is at, looks like, either "L" or "F."
2   I think it's "L."
3         "'Plan Administrator' means the
4         Board or any committee duly
5         authorized by the Board to administer
6         the Plan.  The Plan Administrator
7         may, but is not required to be, the
8         Compensation Committee of the Board.
9         The Board may at any time administer
10        the Plan, in whole or in part,
11        notwithstanding that the Board has
12        previously appointed a committee to
13        act as the Plan Administrator."
14     A.   Right.
15     Q.   Have you, at any time prior to your
16   deposition, read that language, exhibit language?
17     A.   Yes, my best of my recollection, I did, yes.
18     Q.   Can you tell me whether you had an
19   understanding as to whether the board was authorized,
20   under this particular provision, to administer the plan?
21          MR. EHRMAN:  Objection to the extent it calls
22   for a legal conclusion.
23          MR. DOLL:  That's fair enough.
24     Q.   And I'm just asking for your understanding
25   as --

1   A.   Yeah.  My best understanding, based on not
2   being an attorney, would be that this language does
3   authorize them to be the plan administrator.
4   Q.   And if you could turn to -- I think it's
5   HS-0010, 0010, that is, and if you look at Section 11,
6   which is titled "Claims, Inquiries and Appeals," then it
7   says:
8         "Applications for Benefits and
9         Inquiries.  Any application for
10        benefits, inquiries about the Plan or
11        inquiries about present or future
12        rights under the Plan must be
13        submitted to the Plan Administrator
14        in writing by an applicant (or his or
15        her authorized representative).  The
16        Plan Administrator is . . . ."
17     Then it says:
18        "Verity, Inc., Attention:
19        Vice President, Human Resources."
20     You understood -- is it your understanding
21   that -- well, you understand that Verity, Inc., was a
22   corporation; correct?
23   A.   Correct.
24   Q.   And have you seen sometimes, in the context of
25   communications with a corporation, that a letter will be

35

```
 1            MR. DOLL:  Q.  Is there anything inaccurate
 2   about your prior testimony there?  I didn't mean to
 3   mischaracterize anything.
 4        A.   Can we go back?
 5        Q.   Yeah, please.
 6        A.   Yeah, sorry.
 7        Q.   At some point in time did Mr. Kanter ask you
 8   to forward communications related to Mr. Sluimer
 9   directly to him?
10        A.   Yes, he did.
11        Q.   And was that in -- I think it's Exhibit 4,
12   where it says:
13            "Jack, I sent the message below to
14             Anthony on Friday.  Can I ask of you
15             as well that any communication you
16             get from Hugo be forwarded to me."
17        Is that the letter you're referring to?
18        A.   Yes.
19        Q.   So now, in light of your understanding of
20   this, did you believe, if you had a belief, that at some
21   point in time the board was allowed to authorize someone
22   else to serve as plan administrator --
23            MR. EHRMAN:  Objection.
24            MR. DOLL:  Q.  -- in certain instances?
25            MR. EHRMAN:  Objection to the extent it calls
```

37

1    A.   My understanding and best recollection is that
2    they were actually leaving coincident with the
3    transaction.
4    Q.   So in or about December of '05?
5    A.   Yes, correct.
6    Q.   Were any of them leaving in January of '06, or
7    was it all back in December of '05?  Do you know?
8    A.   It was all back in December of '05.
9    Q.   Do you recall post-acquisition -- between,
10   let's say, December 29, 2005 and the time that you left
11   in September of '06, do you recall on how many occasions
12   you were asked to administer the plan or were called
13   upon to administer the plan?
14   A.   I recall, to the best of my recollection, that
15   I was never asked during that period to act in regards
16   to that.
17        MR. DOLL:  Okay.  I don't believe I have any
18   additional questions.
19        MR. EHRMAN:  I have one clarification, which
20   is -- I think the very first question you asked had to
21   do with when you believed that you first became the plan
22   administrator.
23        Was that your -- Greg, was that your first
24   question on the record?
25        MR. DOLL:  I don't recall, but it was

```
 1                    CERTIFICATE OF REPORTER

 2          I, ANA M. DUB, a Certified Shorthand Reporter,

 3   hereby certify that the witness in the foregoing

 4   deposition was by me duly sworn to tell the truth, the

 5   whole truth, and nothing but the truth in the

 6   within-entitled cause;

 7          That said deposition was taken down in

 8   shorthand by me, a disinterested person, at the time and

 9   place therein stated, and that the testimony of the said

10   witness was thereafter reduced to typewriting, by

11   computer, under my direction and supervision;

12          That before completion of the deposition,

13   review of the transcript [X] was [ ] was not requested.

14   If requested, any changes made by the deponent (and

15   provided to the reporter) during the period allowed are

16   appended hereto.

17          I further certify that I am not of counsel or

18   attorney for either or any of the parties to the said

19   deposition, nor in any way interested in the event of

20   this cause, and that I am not related to any of the

21   parties thereto.

22          DATED:  June 25, 2008.

23                      _____
                              Ana M Dub
24                      ANA M. DUB, RMR, CRR, CSR No. 7445

25
```