**DOLL AMIR & ELEY LLP**
Gregory Doll (SBN 193205)
gdoll@dollamir.com
Michael M. Amir (SBN 204491)
mamir@dollamir.com
1888 Century Park East
Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER,<br><br>            Plaintiff,<br><br>vs.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>            Defendants. | CASE NO. CV 08-1220 SI<br><br>**DEFENDANTS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    July 18, 2008<br>Time:   9:00 a.m.<br>Ctrm:    10, 19th Floor |

Defendants hereby object to the Request for Judicial Notice ("Request") on the ground that the documents referenced in the Request are not subject to Federal Rule of Evidence 201. As the District Court noted in *Ramirez v. United Airlines Inc.*, 416 F.Supp.2d 792, 795 (N.D.Cal. 2005):

> While the records of other courts may be proper for judicial notice, such notice is granted 'only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation.'" *Lee v. Bender,* C 04-2637, 2005 WL 1388968, *8 (N.D.Cal. May 11, 2005) (internal citations omitted). "[T]he underlying arguments made by the parties, disputed facts, and conclusions of fact" contained in the record are not the subject of judicial notice. *Cactus Corner, L.L.C. v. U.S. Dep't of Agric.,* 346 F.Supp.2d 1075, 1099 (E.D.Cal.2004) (internal citations omitted). Here, defendant does not request notice of the records to show that Ramirez simply filed two other actions (Br. 3). Instead, United seeks to use ambiguous statements contained in the records as determinative proof that Mexicana, not United, was the carrier to Mexico City ( *ibid.*). The Court will not grant such a request.

*Id*. at 795. Here, Plaintiff asks this Court to take judicial notice of documents from a proceeding in a Dutch Court for the same purpose that the *Ramirez* Court rejected. Specifically, Plaintiff does not seek to establish that he filed an action in a Dutch Court. Rather, Plaintiff seeks to persuade this Court that the ruling in the Dutch Court should be considered in review of the Plan Administrator's decision in the instant case. Such information is not only irrelevant for purposes of this Court's review (*see Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 963 (9th Cir. 2006)), it is also patently beyond the scope of information that may be judicially noticed under Federal Rule of Evidence 201.

Dated: June 27, 2008                    Respectfully submitted,

DOLL AMIR & ELEY

By  */s/ Gregory L. Doll*                    .
    Gregory L. Doll
Attorneys for Defendants VERITY, INC., and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE E BENEFIT PLAN

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, CA 90067.

On June 27, 2008, I served the foregoing document(s) described as **DEFENDANTS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE** on the parties in this action by serving**:**

| | |
|---|---|
| Joseph M. Rimac, Esq. | Cliff Palefsky, Esq. |
| William Reilly, Esq. | Keith Ehrman, Esq. |
| RIMAC & MARTIN | McGuinn, Hillsman & Palesfsky |
| 1051 Divisadero Street | 535 Pacific Avenue |
| San Francisco, CA 94115 | San Francisco, CA 94133 |
| F: (415) 561-8430 | F: (415) 403-0202 |

**(  )   By Envelope** - by placing (  ) the original (  ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

**(  )   By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(X)   By Electronic Filing:** Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

Executed on June 27, 2008, at Los Angeles, California.

**(  ) STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**( X ) FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 */s/ Susan Reimers*          .
Susan Reimers