**DOLL AMIR & ELEY LLP**
Gregory Doll (SBN 193205)
gdoll@dollamir.com
Michael M. Amir (SBN 204491)
mamir@dollamir.com
1888 Century Park East
Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER,<br><br>              Plaintiff,<br><br>vs.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>              Defendants. | CASE NO. CV 08-1220 SI<br><br>**DEFENDANTS' OBJECTIONS TO DECLARATION OF WILLIAM REILLY**<br><br>Date:   July 18, 2008<br>Time:  9:00 a.m.<br>Ctrm:  10, 19th Floor |

Defendants hereby object to the declaration of William Reilly as follows:

| | |
|---|---|
| 1. "Attached hereto as Exhibit C is a true and correct copy of Mr. Sluimer's initial filing in the Dutch Court translated to English." (Reilly Decl., p. 2, lines 16-17.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 |

| | |
|---|---|
| | F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). |
| 2.   "Attached hereto as Exhibit D is a true and correct copy of the defendants' initial filing in the Dutch Court translated to English." <br> (Reilly Decl., p. 2, lines 19-20.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be |

| | |
|---|---|
| | based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). |
| 3.  "Attached hereto as Exhibit E is a true and correct copy of Mr. Sluimer's reply filing in the Dutch Court translated to English." (Reilly Decl., p. 2, lines 22-23.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee* |

| | |
|---|---|
| | *Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). |
| 4.   "Attached hereto as Exhibit F is a true and correct copy of defendants' reply filing in the Dutch Court translated to English." (Reilly Decl., p. 2, lines 25-26.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is |

4

DEFENDANTS' OBJECTIONS TO DECLARATION OF WILLIAM REILLY

| | |
|---|---|
| | for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). |
| 5. "Attached hereto as Exhibit G is a true and correct copy of the Clerk's handwritten notes from the May 30, 2006 hearing in the Dutch Court translated to English." (Reilly Decl., p. 3, lines 1-2.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); |

| | |
|---|---|
| | *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). |
| 6.   "Attached hereto as Exhibit H is a true and correct copy of the Order issued by the Dutch Court on June 7, 2006 translated to English." (Van Der Pijl Decl., p. ii, lines 21-22.) | Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative |

decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant).

Dated: June 27, 2008

Respectfully submitted,

DOLL AMIR & ELEY

By   */s/ Gregory L. Doll*                    .
         Gregory L. Doll
Attorneys for Defendants VERITY, INC., and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE E BENEFIT PLAN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106, Los Angeles, CA 90067.

On June 27, 2008, I served the foregoing document(s) described as **DEFENDANTS' OBJECTIONS TO DECLARATION OF WILLIAM REILLY** on the parties in this action by serving**:**

| | |
|---|---|
| Joseph M. Rimac, Esq. | Cliff Palefsky, Esq. |
| William Reilly, Esq. | Keith Ehrman, Esq. |
| RIMAC & MARTIN | McGuinn, Hillsman & Palesfsky |
| 1051 Divisadero Street | 535 Pacific Avenue |
| San Francisco, CA 94115 | San Francisco, CA 94133 |
| F: (415) 561-8430 | F: (415) 403-0202 |

( )   **By Envelope** - by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

( )   **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(**X**)   **By Electronic Filing:** Based upon my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this Document, upon its submission to the Court, will be electronically served on the addressees.

Executed on June 27, 2008, at Los Angeles, California.

( ) **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( **X** ) **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Susan Reimers*          .
Susan Reimers