**RIMAC & MARTIN**
*A Professional Corporation*
JOSEPH M. RIMAC – CSBN 72381
WILLIAM REILLY – CSBN 177550
KEVIN G. GILL – CSBN 226819
1051 Divisadero Street
San Francisco, CA 94115
w_reilly@rimacmartin.com
Telephone: (415) 561-8440
Facsimile:  (415) 561-8430

**MCGUINN, HILLSMAN & PALEFSKY**
CLIFF PALEFSKY (State Bar No. 77683)
KEITH EHRMAN (State Bar No. 106985)
535 Pacific Ave.
San Francisco, CA 94133
KAEMHP@aol.com
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Plaintiff
HUGO SLUIMER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER,<br><br>         Plaintiff,<br><br>v.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>         Defendants. | **E-FILING**<br><br>**CASE NO. C 081220 SI**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DECLARATION OF WILLIAM REILLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  July 18, 2008<br>Time:  9:00 a.m.<br>Ctrm:  10, 19th Floor<br><br>The Honorable Susan Illston |

Plaintiff hereby responds to defendants' objections to the Declaration of William Reilly in support of plaintiff's Motion for Summary Judgment, as follows:

/ / /

-1-

## INTRODUCTION

Despite the fact that plaintiff addressed the Court's scope of review in his motion and opposition, the defendants neither addressed the issue in their motion nor in responding to plaintiff's motion. Now, belatedly, defendants object to the admission of the records from the Dutch Court, and cite to cases for the proposition that the Court's scope of review is limited to the artificially diminished Administrative Record[1]. Defendants' objection should be overruled for the reasons stated in plaintiff's moving papers.

In plaintiff's motion for summary judgment, he addressed the Court's scope of review as follows:

> **B. SCOPE OF REVIEW**
>
> The self-styled Plan Administrator has not provided a complete Administrative Record, but has withheld essential documents and evidence. Therefore, on review, the Court must allow Mr. Sluimer to supplement the "record" with documents and information provided and otherwise available to the self-styled Plan Administrator, but not showing up on the record produced.
>
> When an ERISA matter is reviewed for an abuse of discretion, the Court's review is generally limited to the Administrative Record reviewed by the Plan Administrator during the claim. *Kearney*, 175 F.3d at 1094-1095. Nevertheless, the Court may admit additional evidence on de novo review, or whenever procedural irregularities have prevented full development of the administrative record. *Abatie* 458 F.3d at 970.
>
> Clearly, here, the administrative record has not been fully developed. In fact it has been deliberately abbreviated. As described above, this matter should be reviewed de novo, but irrespective of the standard of review, the Court may and should admit the additional evidence necessary to complete the record and conduct an adequate review.
>
> **1. Defendants Only Produce a Small, Self-Serving Portion of the Record**
>
> Here, before and after May 1, 2006, plaintiff requested copies of Plan documents, the Administrative Record and information needed to adjust his claim. Those request were made so that Mr. Sluimer could attempt to have a meaningful dialogue with the Plan Administrator regarding his claim. The Plan Administrator ignored these requests

---

[1] Defendants also include a sentences in their Opposition and Reply that the Dutch Court records were "outside the scope of the materials reviewed by the Plan Administrator." *See Def. Reply* 15:5 & *Def. Opp*, at 6:27, 7:15.)

until November 12, 2007, when the Plan provided an extremely limited and one sided/biased Administrative Record, which ensured that there would be no meaningful dialogue.

Despite requests for the complete Administrative Record, the purported Administrative Record that was produced only included the Plan itself, and the correspondence addressed to Mr. Sluimer of 6 July 2006, 3 August 2006, 28 September 2006 and 22 March 2007." The partial Administrative Record **did not include:** (1) any correspondence Mr. Sluimer and his counsel sent to the Plan Administrator and/or the defendants, despite the fact that the outgoing correspondence from Mr. Kanter to Mr. Sluimer, which was in the record, cited and responded to some of plaintiff's correspondence; (2) the Dutch Court's Order; (3) any of the testimony, transcripts or evidence presented to the Dutch court; (4) any job descriptions; or (5) any evidence at all which would support the claims decision. The purported Administrative Record, as provided by Mr. Kanter, includes only Mr. Kanter's own letters to Mr. Sluimer and a copy of the Plan. The Court cannot believe this is the entire administrative record. Nor is it: Mr. Kanter merely claims that everything else is somehow privileged. HS-0095. Apparently, Mr. Kanter and Autonomy/Verity believe that anything that might be incriminating is privileged.

This procedural irregularity prevented full development of the administrative record and mandates that the Court consider evidence outside of the obviously, admittedly incomplete Administrative Record produced by the defendants.

**2.    Mr. Sluimer Has a Right to Have the Entire Record Considered by the Court.**

To ensure that the Court reviews all evidence that was before the Plan Administrator at the time the decision was made, the Court must review documents not included in the incomplete Administrative Record provided by the defendants in bad faith. This evidence includes: (1) plaintiff's correspondence to the defendants; (2) the documents submitted by the parties in the Dutch Court action; (3) the Dutch Court's Order; and (4) other documents in Verity's possession and control. These documents are necessary to conduct an adequate review because these documents were reviewed by Verity during the claim but pulled by Verity from the Administrative Record so as to deny both Mr. Sluimer and the Court the ability to consider them. The defendants even admit they did not provide the entire record, claiming the rest of it was privileged, or otherwise "outside ERISA's boundary." HS-0095. The defendants' argument is spurious and in bad faith. Mr. Sluimer seeks statutory penalties for this flagrant abuse of the ERISA process, as stated in Section H below.

The Court must look at the evidence that was before the plan administrator at the time of the determination on the claim. *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995). Even where review is for abuse of discretion, a District Court may consider evidence outside the Administrative Record to decide the nature, extent, and effect on the

-3-

decision-making process of any conflict of interest. *Abatie*, 458 F.3d 955 (9th Cir. 2006).

As described below, the Plan Administrator must be able to establish that its decision was supported by substantial evidence in its Administrative Record. The defendants have not even supplied the entire Administrative Record, and for that reason alone, plaintiff should prevail on this motion. Assuming that the Court does not grant summary judgment based on that argument alone (which it should), the Court must review all documents presented by Mr. Sluimer that were before (or available to) the defendants at the time the made the claims decision, irrespective of whether or not defendants believe those documents to be protected by some amorphous privilege or otherwise "outside ERISA's boundaries."

**3.   Claimants Are Allowed to Augment the Record Where it is Incomplete, But the Defendants Must Rely Solely On the Record They Provided.**

In *Friedrich v. Intel Corp.*, 181 F.3d 1105 (9th Cir. 1999),[2] the Ninth Circuit held that the District Court did not abuse its discretion when it admitted additional evidence offered by an ERISA plan participant but refused to admit additional evidence offered by the ERISA plan administrator. The Ninth Circuit affirmed the decision as follows:

Friedrich's additional evidence did not raise any new theories not presented to Intel during the claims process. With the addition of Friedrich's trial evidence to Intel's evidence already in the administrative record, the district court had a complete record that allowed the court to make an adequate, independent *de novo* review of the benefits decision. Thus, the district court did not abuse its discretion when it allowed Friedrich to introduce additional evidence and refused Intel's request to do the same.

*Friedrich*, 181 F.3d at 1111.

The evidence and testimony presented in the Dutch Court, Mr. Kanter's appearance in the Dutch proceeding, the Dutch Court's order, and correspondence between Mr. Sluimer and Mr. Kanter all are evidence that was before the defendants when they made the claims decision. Thus, this Court should review those documents, which demonstrate the claim should have been approved.

**4.   Claimant Is Allowed To Augment The Record to Show Conflict of Interest.**

The evidence and testimony presented in the Dutch Court, Mr. Kanter's appearance in the Dutch proceeding, the Dutch Court's

---

[2] Case law also makes clear that the plan administrator has the obligation to identify the evidence in the administrative record and that the claimant may then contest whether that record is complete. *See e.g. Vega v. Natl .Life Ins. Svcs., Inc.* 188 F.3d 287, 299 (5th Cir. 1999)

        order, and correspondence between Mr. Sluimer and Mr. Kanter all are evidence that a conflict of interest effected the decision making process, and are admissible for that reason as well.

In opposing plaintiff's motion, defendants did not dispute that they failed to provide the complete Administrative Record to Mr. Sluimer upon request, or at all. Nor did they dispute that the Court must allow Mr. Sluimer to supplement the incomplete "record." Nor did they dispute that they should not be permitted to supplement the "record," even though under Ninth Circuit authority identified by plaintiff they may not. *See Friedrich*, 181 F.3d at 1110-11. Defendants did not object to the Declaration of Mr. Sluimer or any of the documents attached thereto.

Nonetheless, defendants objected to the Exhibits attached to the Van Der Pijl and Reilly including the documents from the Dutch Court, by asserting that the Court's review under the abuse of discretion standard of review was limited to the Administrative Record. While this is true under certain circumstances, it is not true here for numerous reasons more fully outlined in plaintiff's moving papers. First, this matter should not be reviewed under a abuse of discretion standard, it should be reviewed *de novo*. *See* Plaintiff's papers filed in support of this motion. Thus, the cases cited by defendants are not applicable. Second, because the defendants' procedural irregularities prevented full development of the administrative record, the Court should permit plaintiff to supplement the record. *Abatie* 458 F.3d at 970. Third, defendants' representation as to which documents make up the Administrative Record is incorrect and leaves out many documents that should have been included, including but not limited to the documents from the Dutch Court, because they were before the purported Plan Administrator Andrew M. Kanter. Finally, plaintiff argued, the Court should review the records from the Dutch Court because they evidence defendants' conflict of interest.

Additionally, defendants' contention that the "record of the Dutch court was not before the Plan Administrator" is specious. (*Def. Opp*, at 6:27, 7:15 and *Def. Reply* 15:5.) This contention flies in the face of the defendants' contention that Mr. Kanter was the Plan Administrator on and before May 1, 2006. It is undisputed that Mr. Kanter was defendants' representative in the Dutch Court, and as such attended the May 30, 2006 hearing and testified.

1  Either Mr. Kanter was the Plan Administrator or he was not.

2  Furthermore, Mr. Kanter's September 30, 2006 letter to Mr. Sluimer stated in relevant
3  part: "You reference the 7 Jury 2006 decision of the Cantonal Court in the Netherlands as
4  evidence supporting your position. . . [and that] . . .the Cantonal Court decision has been
5  considered in reaching this decision." *Sluimer Dec.* Ex. A HS-0065-67.  Thus, defendants'
6  objection, which apparently contends that the records from the Dutch Court were not part of the
7  Administrative Record, contradicts the purported Plan Administrator's own correspondence,
8  which is an admission.

9  Additionally, in his correspondence to in the Plan Administrator, Mr. Sluimer cited to the
10 records from the Dutch Court.  Thus, the Plan Administrator was required to take into account
11 and include in the Administrative Record the documents submitted to the Dutch Court based
12 upon his reference to them in his letters to the Plan Administrator. 29 C.F.R. § 2560.503-
13 1(h)(2)(iv).  Furthermore, if the Plan Administrator did not have those documents in his
14 possession (which he did), the Plan Administrator was required to provide "[a] description of any
15 additional material or information necessary for the claimant to perfect the claim and an
16 explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(iii).
17 The Plan Administrator never provided such a description or requested copies of the documents
18 cited by Mr. Sluimer.  Thus, if the Court were to determine that the records from the Dutch Court
19 were not part of the Administrative Record (which it should not), the Court should admit the
20 records from the Dutch Court anyway because procedural irregularities prevented full
21 development of the administrative record. *Abatie* 458 F.3d at 970.

22 Based upon the foregoing, the Court should overrule defendants' objections.

23
24
25
26
27
28

-6-
PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO REILLY DECLARATION                                      CASE NO.  C 08 1220 SI

| **Reilly Declaration and Defendants' Objections** | **Plaintiff's Responses** |
|---|---|
| 1. *(4.) Attached hereto as Exhibit C is a true and correct copy of Mr. Sluimer's initial filing in the Dutch Court translated to English. (Reilly Dec. 2:16-17)*<br><br>Objection:<br><br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402; *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("Many circuits limit a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion; consideration of new evidence is permitted only in conjunction with de novo review of a denial of benefits."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir.2003); *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund,* 421 F.3d 580, 586 (7th Cir.2005) (noting that "[d]eferential review of an administrative decision means review on the administrative record" (internal quotation marks omitted)); *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 173 (2d Cir.2001) (noting that when review is for abuse of discretion, the record consists of the administrative record); *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608 & n. 6 (4th Cir.1999) (abuse of discretion review must be based on the evidence before the administrator); *Buckley v. Metro. Life,* 115 F.3d 936, 941 & n. 2 (11th Cir.1997) (per curiam) (holding that extra-record evidence, presented to the district court on review for abuse of discretion, was irrelevant). | The translated documents were properly authenticated. The translations were completed by a certified translator with ASTA-USA Translation Services, Inc a member of The National Association of Judiciary Interpreters & Translators based upon their personal knowledge. Exhibit B of the Reilly Declaration is a copy of the translation certificate from ASTA-USA Translation Services, Inc., a professional document translation company, which attests that the language translation completed by ASTA-USA's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). All of the translated documents bear the translation certificate stamp.<br><br>The Dutch version of the translated documents are attached to the Declaration of Mr. Van Der Pijl. Mr. Van Der Pijl properly authenticated those documents and had personal knowledge of the documents. Attorney Van Der Pijl represented Hugo Sluimer in a Dutch Court proceeding against defendant Verity, Inc. in his Declaration. Mr. Van Der Pijl filed and served the documents on defendant Verity, Inc. Additionally, Mr. Van Der Pijl received the documents that defendant Verity Inc. filed and served. *See* Van Der Pijl Declaration. The declaration of William Reilly authenticates the Dutch-to-English translations.<br><br>The documents are highly relevant and should be included in the Court's scope of review. *See* INTRODUCTION above. |

| Reilly Declaration and Defendants' Objections | Plaintiff's Responses |
|---|---|
| 2. (5.) *Attached hereto as Exhibit D is a true and correct copy of the defendants' initial filing in the Dutch Court translated to English.*<br><br><u>Objection</u>:<br><br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 [citations omitted. *See* Objection 1 for complete quote of objection.] | Plaintiff incorporates response to Objection 1 herein as if stated in full. |
| 3. (6.) *Attached hereto as Exhibit E is a true and correct copy of Mr. Sluimer's reply filing in the Dutch Court translated to English.*<br><br><u>Objection</u>:<br><br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 [citations omitted. *See* Objection 1 for complete quote of objection.] | Plaintiff incorporates response to Objection 1 herein as if stated in full. |
| 4. (7.) *Attached hereto as Exhibit F is a true and correct copy of defendants' reply filing in the Dutch Court translated to English. (Reilly Dec. 2:25-26)*<br><br><u>Objection</u>:<br><br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 [citations omitted. *See* Objection 1 for complete quote of objection.] | Plaintiff incorporates response to Objection 1 herein as if stated in full. |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REILLY DECLARATION**     **CASE NO. C 08 1220 SI**

| **Reilly Declaration and Defendants' Objections** | **Plaintiff's Responses** |
|---|---|
| 5. (8.) Attached hereto as Exhibit G is a true and correct copy of the Clerk's handwritten notes from the May 30, 2006 hearing in the Dutch Court translated to English. (Reilly Dec. 3:1-2)<br><br>Objection:<br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 [citations omitted. *See* Objection 1 for complete quote of objection.] | Plaintiff incorporates response to Objection 1 herein as if stated in full. |
| 6. (9.) Attached hereto as Exhibit H is a true and correct copy of the Order issued by the Dutch Court on June 7, 2006 translated to English. (Reilly Dec. 3:4-5)<br><br>Objection:<br><br>Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 [citations omitted. *See* Objection 1 for complete quote of objection.] | Plaintiff incorporates response to Objection 1 herein as if stated in full. |

Respectfully submitted,
RIMAC & MARTIN, P.C.

DATED: July 16, 2008            By:    /s/ **WILLIAM REILLY**
                                                    WILLIAM REILLY
                                                    Attorneys for Plaintiff HUGO SLUIMER

-9-

PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO REILLY DECLARATION                         CASE NO. C 08 1220 SI