**RIMAC & MARTIN**
*A Professional Corporation*
JOSEPH M. RIMAC – CSBN 72381
WILLIAM REILLY – CSBN 177550
KEVIN G. GILL – CSBN 226819
1051 Divisadero Street
San Francisco, CA 94115
w_reilly@rimacmartin.com
Telephone: (415) 561-8440
Facsimile:   (415) 561-8430

**MCGUINN, HILLSMAN & PALEFSKY**
CLIFF PALEFSKY (State Bar No. 77683)
KEITH EHRMAN (State Bar No. 106985)
535 Pacific Ave.
San Francisco, CA 94133
KAEMHP@aol.com
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Plaintiff
HUGO SLUIMER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HUGO SLUIMER,<br><br>          Plaintiff,<br><br>v.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>          Defendants. | *E-FILING*<br><br>**CASE NO.  C 081220 SI**<br><br>**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   July 18, 2008<br>Time:  9:00 a.m.<br>Ctrm:  10, 19th Floor<br><br>The Honorable Susan Illston |

1     Plaintiff hereby objects to the Declaration of Andrew W. Kanter, as follows:

2     The entire declaration and the Exhibits attached thereto should not be considered by the

3   Court.  In his moving papers, plaintiff demonstrated that the purported Plan Administrator

4   provided an incomplete Administrative Record, and withheld essential documents and evidence.

5   Further, plaintiff asserted that plaintiff should be permitted to supplement the "record" with

6   documents and information provided and otherwise available to the purported Plan Administrator

7   but that the defendants should not be permitted to supplement the record.  In support thereof,

8   plaintiff argued and cited to *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9th Cir.

9   2006) (The Court may admit additional evidence when procedural irregularities have prevented

10  full development of the administrative record.  A District Court may consider evidence outside

11  the Administrative Record to decide the nature, extent, and effect on the decision-making process

12  of any conflict of interest); *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46

13  F.3d 938, 943 (9th Cir. 1995) (The Court must look at the evidence that was before the plan

14  administrator at the time of the determination on the claim.); *Friedrich v. Intel Corp.*, 181 F.3d

15  1105, 1111 (9th Cir. 1999), (A District Court does not abuse its discretion when it admits

16  additional evidence offered by an ERISA plan participant but refuses to admit additional

17  evidence offered by the ERISA plan administrator.); *Vega v. Natl .Life Ins. Svcs., Inc.* 188 F.3d

18  287, 299 (5th Cir. 1999) (Case law also makes clear that the plan administrator has the obligation

19  to identify the evidence in the administrative record and that the claimant may then contest

20  whether that record is complete.)

21     In opposing plaintiff's motion, defendants did not dispute that they failed to provide the

22  complete Administrative Record to Mr. Sluimer upon request, or at all.  Nor did they dispute that

23  the Court must allow Mr. Sluimer to supplement the incomplete "record."  Nor did they dispute

24  that they should not be permitted to supplement the "record" as the Ninth Circuit has confirmed

25  they may not.  *See Friedrich*, 181 F.3d at 1110-11.  Therefore, plaintiff objects to the Kanter

26  Declaration and the attachments thereto based upon the fact that they are outside the

27  Administrative Record and defendants should not be permitted to supplement that record.

28

**-2-**

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 1.    I am Chief Operating Officer and General Counsel of Autonomy Corporation plc ("Autonomy"), the parent company of the Autonomy group of companies.  Autonomy acquired defendant Verity, Inc. ("Verity") by virtue of a merger transaction that closed on December 29, 2005.  Pursuant to that transaction, Verity became a wholly owned subsidiary of Autonomy, and I became one of two corporate directors of Verity, and, later, the Plan Administrator for the Verity, Inc. Change in Control and Severance Benefit Plan.  The facts set forth herein below are personally known to me; if called upon to do so, I could and would testify competently thereto under oath. I am submitting this declaration in support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Or, Alternatively, Summary Judgment or Partial Summary Judgment Under Rule 56. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under [FRE 401 & 402].  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>    Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Waste of time [FRE 403]; Confusion [FRE 403]; Arguing the Law; Arguing Beyond the Record; Immaterial; Impeached by prior inconsistent statements [FRE 607 & 613] |

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 2.    In my capacity as Chief Operating Officer and General Counsel of Autonomy, I supervised all legal activities related to Autonomy's acquisition of Verity, both before and after the transaction closed. As such, I was part of the core team making decisions regarding the integration of the entities. Concurrent with the closing of the transaction, the outgoing board of Verity resigned (as is normal in these transactions) and was replaced by two senior officers of Autonomy as part of standard internal controls: namely, Sushovan Hussain and myself.  As group Chief Operating Officer I also became ultimately responsible for Human Resources at Verity, with Verity's Head of Human Resources, Jack Landers, reporting directly to me. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>    Best Evidence [FRE 1001-1008]; Failure to disclose  [FRCP 26(a)]; Waste of time [FRE 403]; Confusion [FRE 403]; Arguing Beyond the Record; Immaterial |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER**                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 3.    Several months prior to the acquisition by Autonomy, Verity created an ERISA welfare benefits plan (the "Plan") pursuant to a document entitled "Change in Control and Severance Benefit Plan" (the "Plan Document").  A true and correct copy of the Plan, which is dated April 5, 2005, is attached hereto as Exhibit A. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) . <br><br> Furthermore, the purported true and correct copy of the Plan that is attached is different than the copy that the Plan that the Plan Administrator produced on November 12, 2007.  The copy attached to the Kanter Declaration is numbered and formatted differently.  Plus, it contains pages never previously provided to Mr. Sluimer or his counsel. *See  Reilly Dec.* Ex A, HS-0095-123. <br><br> Best Evidence [FRE 1001-1008]; Failure to disclose  [FRCP 26(a)]; Confusion [FRE 403]; Impeached by prior inconsistent statements  [FRE 607 & 613] |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 4.   The stated purpose of the Plan was to "provide for payment of severance benefits to certain employees of Verity, Inc.... in the event that such employees are subject to qualifying employment terminations in connection with a Change in Control." In other words, the Plan was designed to provide severance benefits to certain specified employees in the event that Verity was (I) acquired by another company and (ii) the individual is otherwise eligible under the plan (commonly known in the industry as a "double trigger"). When a dispute with plaintiff Hugo Sluimer described below arose, I was authorized to administer the Plan. This occurred because Autonomy has (and has had since I joined the company) a strict policy of limiting communication between the company and adverse litigants to certain individuals (to protect the company from inadvertent issues arising in the litigation), and, because I was group Chief Operating Officer and General Counsel, it was best that I act as Plan Administrator while the dispute with Sluimer was pending. Thus, on or about May 1, 2006, I took over the duties of Plan Administrator, as | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>On October 12, 2007, Mr. Sluimer's counsel wrote the Plan Administrator and requested Plan documents, including: "[d]ocuments governing the operation the Verity, Inc. Change in Control and Severance Benefit Plan ("the Plan") for the years 2005, 2006 and 2007 [and a]ll documents related the Board's authorizing any person or committee to administer the Plan for the years 2005, 2006 and 2007." *Reilly Dec.* Ex A, HS-0086 – 94. On November 12, 2007, Mr. Kanter responded and failed to provide any documents regarding the Board's authorization.  Further, Mr. Kanter claimed that the requested information was "outside ERISA's boundary pursuant to 29 U.S.C. § 1132 (c)" and was "information protected |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER**

CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| identified in Section 2(1) of the Plan Document. | against disclosure under any doctrine or privilege, including without limitation the attorney-client privilege, work product doctrine and/or any right to privacy." *Reilly Dec.* Ex. A, HS-0095.<br><br>Furthermore, based upon Mr. Kanter's January 6 & 8, 2006 emails it is clear that a "dispute" arose with Mr. Sluimer on or before those dates, not on May 1, 2006 as stated by Mr. Kanter.<br><br>Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Confusion [FRE 403]; Arguing Beyond the Record; Impeached by prior inconsistent statements  [FRE 607 & 613] |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                        CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 5.     Sluimer was an employee of the Verity group of companies at the time the Plan was created and became a participant under the Plan. At the time of becoming a participant under the Plan, Sluimer waived any right to cash severance benefits under the Plan in favor of seeking any such benefits available to him under Dutch law. The waiver, however, did not address the other types of benefits available under the Plan. A true and correct copy of Sluimer's Participation Notice, which brought him within the scope of the Plan but also waived any claim to cash severance benefits, is attaehed hereto as Exhibit B. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) . Mr. Kanter was not an employee of Verity when the parties agreed upon the terms of the Participation Notice. |
| | Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Confusion [FRE 403]; Arguing Beyond the Record; arguing the Law; Waste of time [FRE 403]; Confusion [FRE 403]; |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER**

CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 6.    When the merger transaction closed, a two stage redundancy review process was initiated in jurisdictions where required (such as the UK and the Netherlands), whereby: (a) all positions were reviewed as to whether the role was possibly redundant and; and (b) later, if found redundant, whether there were any alternative positions within the company. Employees whose positions were identified as potentially redundant were notified as soon as possible about this situation. Management then commenced a review and consultation process for such employees in order to determine if there were any available alternate positions, all in accordance with applicable local laws. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>        Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Arguing the Law; Arguing Beyond the Record; |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 7.   Sluimer was one of those employees whose position was identified as having a risk of redundancy.  Thus, Verity sent Sluimer a letter dated December 29,2005, notifying him that his position had been identified as one that might require elimination.  A true and correct copy of that letter is attached hereto as Exhibit C. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co .*, 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record.  *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Exhibit C was not included in the documents produced by the Plan Administrator. *Reilly Dec.* Ex A, HS-0095-123.<br>        Failure to disclose  [FRCP 26(a)]; |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 8.    At that time, Sluimer was placed on "garden leave," which meant that he was not required to perform his job duties (a normal process in these situations in Europe). However, until the redundancy process was complete Sluimer would continued to be paid on precisely the same terms as before, including his base salary, commissions, car allowance and share option vesting. Sluimer does not dispute that he received full salary, benefits and share option vesting while on garden leave.  Moreover, the commissions awarded to him were based on exactly the same calculations as before. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) . No evidence of salary or commissions was included in the copy of the Administrative Record produced by the plan Administrator. *Reilly Dec.* Ex A, HS-0095-123. Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Arguing Beyond the Record; |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 9.      On March 23, 2006, I sent Sluimer a letter offering him a position with Autonomy's Neurodynamics division. I believed that this position was comparable to Sluimer's position with Verity. A true and correct copy of that letter is attached hereto as Exhibit D. The salary and benefits offered by Autonomy, including stock option rights, medical benefits and potential commissions under a sales commission plan, were the same as those received by Sluimer in his position as Senior Vice President of Verity. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Exhibit D was not included in the documents produced by the Plan Administrator. *Reilly Dec.* Ex A, HS-0095-123.      Failure to disclose  [FRCP 26(a)]; Arguing Beyond the Record; |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 10.    On April 25, 2006, Sluimer rejected Autonomy's offer of reemployment with no lapse in pay. Instead of accepting Autonomy's offer, Sluimer proactively sought to terminate his contract (although Autonomy wanted him to continue with the company in an executive capacity) by filing a lawsuit in the Netherlands (the "Dutch Lawsuit"). Sluimer's decision to file a lawsuit in the Netherlands was curious given that he is a resident of Monaco.  To my knowledge, in the year prior to filing the Dutch lawsuit, Sluimer spent less than 20 taxable days  in the Netherlands.  Autonomy continued paying Sluimer until the final resolution of the Dutch lawsuit. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>    Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Confusion & Waste of Time [FRE 403]; Arguing Beyond the Record; Immaterial; Lacks personal knowledge. [FRE. 602]. |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 11.    On May 1,2006, Sluimer sent a letter to Jack Landers, then Vice President of Human Resources of Verity, inquiring about whether he was entitled to benefits under the Plan. Mr. Landers immediately forwarded the letter to me to handle as Plan Administrator because of the ongoing Dutch legal matter. A true and correct copy of Sluimer's May 1, 2006 letter is attached hereto as Exhibit E. The letter was quite unclear as to what Sluimer was requested, and thus did not appear to be an application for benefits. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Exhibit E was not included in the documents produced by the Plan Administrator. *Reilly Dec.* Ex A, HS-0095-123. |
| 12.    Despite the vague nature of Sluimer's letter, I carefully analyzed the circumstances surrounding Sluimer's departure from Verity in order to determine whether or not he was entitled to benefits. I concluded that for a number of reasons, set forth below, Sluimer was not entitled to any benefits under the Plan. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Arguing Beyond the Record; |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER**                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 13.     First, I determined that Sluimer was excluded from the Plan by Section 3(b)(iii), which provides that any employee who is offered immediate reemployment following an acquisition is automatically excluded from the Plan. In reaching this determination, I noted that the Section 3(b)(iii) of the Plan adopts a specific and narrow definition of "immediate reemployment": "immediate reemployment means that the employee's employment with the successor to the Company results in uninterrupted employment such that the employee does not suffer a lapse in pay " Thus, the only criteria I was to consider in  determining whether Sluimer had been offered "immediate reemployment" was whether he suffered a lapse in pay.  As set forth above in paragraphs 8 and 10, Sluimer never suffered any lapse in pay, and therefore I concluded that he was excluded from the Plan based on Section 3(b)(iii). | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .

        Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Misleading [FRE 403]; Arguing Beyond the Record; Impeached by prior inconsistent statements  [FRE 607 & 613] |

**PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER**                                                      CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 14.    My second basis for concluding that Sluimer was not entitled to benefits under the Plan was premised on the fact that Sluimer had failed to execute a general release, which was a condition precedent to participation in the Plan as set forth in Section 7.  The Plan included three different releases, each of which applied to a different group of employees based on their age.  The releases were attached to the Plan and provided to the employees at the time they received the Plan. The releases also were (and remain) available on the Internet as part of the company's public filings with the U.S. Securities and Exchange Commission. All employees who participated in the Plan were required, as a condition precedent to receiving benefits, to execute a release as required by the Plan within the timeframe specified on the release applicable to that employee.  Sluimer had not provided the required release, and therefore he was not entitled to benefits under the Plan. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .

    Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Failure to disclose [FRCP 26(a)]; Misleading [FRE 403]; Arguing Beyond the Record; Immaterial; Lacks personal knowledge. [FRE. 602]. |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 15.    The third basis for my conclusion that Sluimer was not entitled to benefits under the Plan was that he had not provided written confirmation that he agreed to be subject to Verity's Confidentiality and Non-Competition Agreements. Under Section 3(b)(iv) of the Plan, Sluimer was required to have provided that written confirmation as a condition to his eligibility for benefits under the Plan.  He never did so, and thus he was not entitled to benefits under the Plan. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Misstates Evidence; Best Evidence [FRE 1001-1008]; Confusion [FRE 403] |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                                CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 16.    Thus, on May 3, 2006, I responded to Sluimer's inquiry. In that letter, I explained to Sluimer the bases for my decision:<br><br>*First, because in Section 3(b)(iii), an employee offered immediate re-employment is an express exception to severance benefits described in the Plan Entitlement Section 3(b)(iv). In any event your employment has been continuous with continued payment of salary, commission and other benefits such as stock option vesting.*<br>*Secondly, section 3(b)(iv) provides that an employee will not receive benefits under the Plan if the employee does not confirm in writing that he or she shall be subject to the Company's Confidentiality Agreement and Non Compete Agreement, which we have not received.*<br>*Thirdly, Section 7 further provides that in order to be eligible for benefits under the Plan, the employee must execute a waiver and release generally releasing the Company from any and all claims and liabilities. In view of the pending litigation between yourself and the Company, obviously this criterion has not been fulfilled thereby making you ineligible for the stated benefits.*<br><br> A true and correct copy of my May 3, 2006 letter to Sluimer is attached hereto as Exhibit F.<br><br>Sluimer never requested a review of my decision set forth in the foregoing letter, even though he was required under the Plan to request such a review within 60 days. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Exhibit F was not included in the documents produced by the Plan Administrator. *Reilly Dec.* Ex A, HS-0095-123.<br><br>        Failure to disclose  [FRCP 26(a)]; Confusion [FRE 403]; Arguing Beyond the Record; Demonstrably False (*See* Kanter Dec. ¶ 14). |

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW M. KANTER**                     CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 17.      On June 7, 2006, the Dutch court reached a judgment that Sluimer was entitled to certain severance benefits under Dutch law. A true and correct copy of a certified translation of the judgment is attached hereto as Exhibit G. As set forth in Exhibit G, the Dutch court held that although Sluimer was entitled to certain benefits, he failed to accept the position offered by Verity, and thus a "neutral" formula (as opposed to a formula that assigned blame to Verity) would be used in calculating those benefits. The Court calculated €1,081,842 in accrued benefits under Dutch law, reflecting the length of Sluimer's tenure with Verity and his senior position at the company. The Dutch Lawsuit made no determination on any matter other than Dutch employment matters - that is, it did not purport to determine whether Sluimer was entitled to ERISA benefits under the Plan. | Contrary to the purported Plan Administrator's Declaration, Defendants maintain the Dutch Court records were "outside the scope of the materials reviewed by the Plan Administrator. *See Def. Reply* 15:5 & *Def. Opp*, at 6:27, 7:15.) |
| | Furthermore, defendants objected to the admission of the Dutch Court Order, attached to the Reilly and Van der Pijl Declarations based upon "Improper authentication. Fed. R. Evid. 901. Lacks personal knowledge. Fed. R. Evid. 602. Relevance. Fed. R. Evid. 402 . . ." Yet, they present the same Order to the Court in support of their motion which is attached to the Kanter Declaration as Exhibit G, thereby admitting both relevance & authenticity. |
| | Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record. |

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 18.    Because I was uncertain whether Sluimer's May letter was in fact an application for benefits, I again wrote to Sluimer on July 6, 2006 to provide him with a more detailed letter setting forth the reasons why he was not entitled to benefits.  A true and correct copy of my July 6, 2006 letter is attached hereto as Exhibit H.  In that letter, I informed Sluimer that his initial May 1 communication did not technically constitute an "application" for benefits because of its informality (and thus failure to state the grounds of his application as required by the Plan).  However, in the interest of clarity, I reiterated the grounds for denying benefits under the Plan Document, as set forth in detail in my May 3, 2006 letter. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) . <br><br>        Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record. |

**-20-**

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| 19.    By letter dated July 13, 2006, which I properly received on August I, 2006, Sluimer requested a review of the decision denying him benefits under the Plan. Sluimer also attempted to include in that letter a "Constructive Termination Notice," although, as set forth below, such notice was untimely. A true and correct copy of Sluimer's July 13, 2006 letter is attached hereto as Exhibit 1. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .  Moreover, defendants' have not contested Mr. Sluimer's claim that the Plan Administrator failed to exercise its discretion within the required time period by failing to render a decision by September 11, 2006.  (which means that the ultimate decision rendered was "undeserving of deference." *Jebian,* 349 F.3d at 1106.) Defendants may have conceded this argument because of glaring inconsistences between allegations in their own motion to dismiss and Mr. Kanter's Declaration.  In their motion, defendants assert that Mr. Sluimer's July 13, 2006 letter "was received by Verity on August 1, 2006." *Defendants' Mot.* 11:6.  Mr. Kanter's Declaration alternately states that he "properly received [Mr. Sluimer's July 13, 2006 letter] on August 1, 2006," indicating he |

**-21-**

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| Kanter Declaration | Plaintiff's Objections |
|---|---|
| | viewed the July 13, 2006 email as improper. Nevertheless, plaintiff's motion for summary judgment attached an email that confirmed that one of Mr. Kanter's subordinate attorneys received the emailed July 13, 2006 letter on July 13, 2006, and the time to respond thus began counting down on that date. *Sluimer Dec.* Ex. A, HS-0062-62.<br><br>Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO. C 08 1220 SI

| | |
|---|---|
| 20.    I thereafter wrote to Sluimer on September 29, 2006 in order to confirm the denial of his request for benefits under the Plan.  A true and correct copy of my September 29, 2006 letter is attached hereto as Exhibit J.  I once again identified the three bases for my original decision and provided a comprehensive recital of the facts underlying that decision. I also addressed Sluimer's belated effort to characterize his departure from Verity as a "constructive termination" as defined by the Plan.  In particular, Section 2(t) the Plan required that Sluimer give notice of any purported constructive termination with in three months of the date of that event, and an opportunity to cure.  Although Sluimer did not specify the purported constructive termination or provide an opportunity to cure, if the constructive termination was Sluimer's new role, then this commenced on March 23, 2006, and thus he was required to give notice under Section 2(t) on or before June 23, 2006 to be eligible for benefits based on a "constructive termination" under the Plan.  I explained to Sluimer that his failure to provide proper or timely notice meant that he | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th  Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record. |

**-23-**

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                    CASE NO.  C 08 1220 SI

| | |
|---|---|
| could not seek benefits based on any alleged "constructive termination": | |

> *Your request is also denied as a result of your failure to comply with the last clause of Section 2(f) which states the precedent actions required to claim Constructive Termination under Section 2(f). You have not provided the Company with the required written notice, either in substance or in accordance with the notice procedures under Section 15(a).*

| | |
|---|---|
| 21.    I understand that Sluimer claims that I am biased against him or that I had a conflict of interest that adversely affected my judgment in considering his request for benefits and request for review. I do not believe that Sluimer has any facts to support this conclusion. I first met Sluimer in January 2006. Each of my discussions with him since that time has been cordial and without rancor. I do not have a financial interest in the outcome of the determination of Sluimer's request for benefits from the Plan, and believe that he is entitled to be treated fairly on any employment matter at all times. At no time has this ever been personal with Mr. Sluimer; it is simply a question of whether he is entitled to receive benefits under the Plan Document, and it is my conclusion that he is not. I was not sued personally in the Dutch Lawsuit, nor did I take any personal offense at the lawsuit against the company. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402. Outside of the Court's Scope of Review. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9 th  Cir. 2006) . The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record, Hearsay [FRE 802]; Self-Serving, Immaterial & a Waste of Time [FRE 403]. |

**PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER**                                    CASE NO.  C 08 1220 SI

| | |
|---|---|
| 22.   During the course of my communications with Sluimer, on each occasion that he requested information from me or Verity, I or a designee provided such information to him.  I am not aware of any relevant instance when he requested documents from me or from Verity or the Plan where such documents were not provided. | Not relevant to any fact material to the decision of the motion and therefore are of no probative value and are inadmissible under FRE 402.  Outside of the Court's Scope of Review.  *Abatie v. Alta Health & Life Ins. Co* ., 458 F.3d 955, 970 (9 th Cir. 2006) .  The defendants should not be permitted to supplement the Administrative Record. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) .<br><br>Furthermore, on November 12, 2007, Mr. Kanter responded and claimed that the Mr. Sluimer's counsel's requested information was "outside ERISA's boundary pursuant to 29 U.S.C. § 1132 (c)" and was "information protected against disclosure under any doctrine or privilege, including without limitation the attorney-client privilege, work product doctrine and/or any right to privacy." *Reilly Dec.* Ex A, HS-0095. This letter conflicts with Mr. Kanter's Declaration that he was " not aware of any relevant instance when he requested documents from me or from Verity or the Plan where such documents were not provided."<br><br>Best Evidence [FRE 1001-1008]; Hearsay [FRE 802]; Arguing the Law; Arguing Beyond the Record; Impeached by prior inconsistent statements  [FRE 607 & 613] . |

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED:  July 17, 2008          By:   /s/ **WILLIAM REILLY**

WILLIAM REILLY
Attorneys for Plaintiff HUGO SLUIMER

**-25-**

PLAINTIFF'S OBJECTIONS TO DECLARATION
OF ANDREW M. KANTER                                        CASE NO.  C 08 1220 SI