1  **RIMAC & MARTIN**
   *A Professional Corporation*
2  JOSEPH M. RIMAC – CSBN 72381
   WILLIAM REILLY – CSBN 177550
3  KEVIN G. GILL – CSBN 226819
   1051 Divisadero Street
4  San Francisco, CA 94115
   w_reilly@rimacmartin.com
5  Telephone: (415) 561-8440
   Facsimile:  (415) 561-8430
6
   **MCGUINN, HILLSMAN & PALEFSKY**
7  CLIFF PALEFSKY – CSBN 77683
   KEITH EHRMAN – CSBN 106985
8  535 Pacific Ave.
   San Francisco, CA 94133
9  KAEMHP@aol.com
   Telephone: (415) 421-9292
10 Facsimile: (415) 403-0202

11 Attorneys for Plaintiff
   HUGO SLUIMER

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15 HUGO SLUIMER,                        )    *E-FILING*
                                        )
16         Plaintiff,                   )    **CASE NO.  C 081220 SI**
                                        )
17 v.                                   )    **NOTICE OF MOTION AND**
                                        )    **MOTION FOR ATTORNEY'S**
18 VERITY, INC., a corporation, and THE VERITY ) **FEES, COSTS (29 U.S.C. § 1132(g))**
   INC. CHANGE IN CONTROL AND           )    **AND PREJUDGMENT INTEREST**
19 SEVERANCE BENEFIT PLAN,              )    **(28 U.S.C. § 1961)**
                                        )
20         Defendants.                  )    Date:  September 26, 2008
                                        )    Time:  9:00 a.m.
21                                      )    Ctrm:  10, 19th Floor
                                        )
22                                      )    The Honorable Susan Illston

23 **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

24     PLEASE TAKE NOTICE that on September 26, 2008 at 9:00 am, or as soon thereafter as

25 counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, Courtroom

26 10, 19th Floor, San Francisco, California, plaintiff HUGO SLUIMER ("Plaintiff") will and hereby

27 does move this Court for an order awarding its attorneys' fees, in the amount of $215,268.00, and

28 costs in the amount of $6,735.14, incurred in the pursuit of this action.  Plaintiff will also and hereby

does move this Court for prejudgment interest. This Motion is made on the grounds that on July 22, 2008 summary judgment was entered in favor of Plaintiff, and as a prevailing plan participant, Plaintiff is entitled to attorneys fees and costs as provided in ERISA Section 502(g)(1) ((29 U.S.C. § 1132(g)(1)), and to prejudgment interest as provide for under 28 U.S.C. § 1961.

Pursuant to Local Rule 54-6(a), Plaintiff attempted to resolve the claims for fees, costs and interest with Defendants prior to filing the instant motion. However, the efforts were unsuccessful.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached below, the July 22, 2008 Order of the Court granting Plaintiff's motion for summary judgment, the transcript of the July 22, 2008 hearing, the complete files and records of this action, the Declarations of William Reilly, Kevin Gill, Cliff Palefsky, Keith Ehrman and Scott Kalkin, and on such oral and documentary evidence as may be presented at the hearing on this Motion.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED: August 22, 2008         By:      /s/ WILLIAM REILLY
                                        WILLIAM REILLY
                                        Attorneys for Plaintiff
                                        HUGO SLUIMER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

Plaintiff brought this action under the Employee Retirement Income Security Act (ERISA) challenging Defendants' denial of his claim for severance benefits under the *Verity Inc. Change in Control and Severance Benefit Plan* (the "Plan"). In an Order dated July 22, 2008, this Court granted Plaintiff's motion for summary judgment. The Order concludes:

> For [the foregoing] reasons, the Court holds that the plan administrator abused his discretion in denying plaintiff benefits, that plaintiff is eligible to receive benefits because he suffered a constructive termination under the terms of the Plan, and that plaintiff

1         may fulfill the § 3(b)(iv) and § 7(a) conditions in exchange for receiving benefits under the Plan.

3 (*Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion to Dismiss and Motion for Summary Judgment*, at 16:11-14 (July 22, 2008).)

5     Thus, Plaintiff may receive the benefits afforded him by the Plan upon fulfillment of the conditions set forth in Sections 3(b)(iv) and 7(a) of said Plan, by: 1) confirming in writing that Plaintiff shall be subject to Verity's Confidentiality Agreement and Non-Compete Agreement, and 2) executing the Release Agreement which was attached as Exhibit B to the Plan submitted by Defendants to the Court.

10     In exchange for fulfilling these conditions, and pursuant to the Court's decision, Plaintiff will receive the benefits due to him under the Plan, including accelerated vesting of the following stock options:

13         a) 22,819 options to purchase at an exercise price of $5.13;

14         b) 40,568 options to purchase at an exercise price of $7.25; and

15         c) 54,766 options to purchase at an exercise price of $5.63.

16     As provided by the Plan, Plaintiff was also entitled to a 12 month period of "Extended Exercisability" of those 118,153 options. Consequently, Plaintiff shall have an exercise period of one year from the date of delivery.

19     Furthermore, pursuant to the Plan and Participation Notice, Plaintiff was entitled to 18 months of Continued Medical Benefits. Plaintiff paid €3,873.30 to continue his medical benefits for the 18 months after his employment with Verity was terminated in June 2006. Thus, Defendants shall reimburse Plaintiff €3,873.30.

## II. ARGUMENT

24     Plaintiff now seeks recovery of attorney's fees in the amount of $215,268.00, costs in the amount of $6,735.14, and prejudgment interest against Defendants. In support of his request for attorney's fees and costs, Plaintiff submits the declarations of William Reilly, Kevin Gill, Cliff Palefsky, Keith Ehrman and Scott Kalkin detailing the hours spent on the case and providing information to support Plaintiff's contention that his attorneys' hourly rates are reasonable.

A. **THE FACTS HERE WARRANT AN AWARD OF COSTS AND ATTORNEYS FEES PURSUANT TO 29 U.S.C. § 1132(g)(1)**

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g) (1); *McConnell v. MEBA Medical &Benefits Plan,* 778 F.2d 521, 525 (9th Cir. 1985). The Ninth Circuit has held that "[t]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted); *see McElwaine v. US West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999) (describing the Ninth Circuit's "'special circumstances' rule in which a successful ERISA participant 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'") The application of the special circumstances rule is in line with ERISA's broad remedial purpose "to protect employee rights and to secure effective access to federal courts." *Smith*, 746 F.2d at 589. A denial of a request for reasonable attorneys fees in the absence of special circumstances making an award of attorney's fees unjust is an abuse of discretion. *McConnell*, 778 F.2d at 525.

The Ninth Circuit has set forth a **five factor test** to determine if, in its discretion, the court should award attorneys fees. *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). The *Hummel* factors include:(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* No single one of these *Hummell* factors is decisive, and some may not be pertinent in a given case. *Carpenters So. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). Rather, they reflect a balancing, and not all need weigh in favor of a fee award. *McElwaine*, 176 F.3d at 1173.

1. **The Degree of the Opposing Parties Culpability or Bad Faith.**

As to the first *Hummell* factor, here, Plaintiff was forced to bring this suit because Defendants

wrongfully denied Plaintiff's claim for severance benefits and persisted in that position throughout the administrative appeal and this action.  In its Order of July 22, 2008, the Court found in pertinent part:

> . . .
> Here, the plan administrator, Kanter, denied plaintiff's request for benefits under the Plan for four reasons: (1) plaintiff had been offered "immediate reemployment" in accordance with § 3(b)(iii) of the Plan; (2) plaintiff did not suffer a "constructive termination" under § 2(f) of the Plan; (3) plaintiff had failed to confirm in writing, per § 3(b)(iv), that he would be subject to a confidentiality and noncompete agreement; and (4) plaintiff had failed to execute a waiver and release generally releasing Autonomy from all claims and liabilities.
> . . .
> . . .Kanter erred as a matter of law when he determined, independent of any consideration of the quality of the position, that plaintiff had been offered immediate reemployment. Whether or not plaintiff was offered immediate reemployment necessarily turns on the propriety of Kanter's determination that Autonomy did not constructively terminate plaintiff, and the Court DENIES defendant's motion for summary judgment on grounds of immediate reemployment.
> . . .
> . . . Although Kanter determined that plaintiff would not have suffered a substantial reduction in his duties or responsibilities had he taken the position offered to him, the Court finds that, under heightened abuse of discretion review, this decision was unreasonable and contrary to the uncontroverted evidence.
> . . .
> For [the foregoing] reasons, the Court holds that the plan administrator abused his discretion in denying plaintiff benefits, that plaintiff is eligible to receive benefits because he suffered a constructive termination under the terms of the Plan, and that plaintiff may fulfill the § 3(b)(iv) and § 7(a) conditions in exchange for receiving benefits under the Plan.

(Order, at 7-16.)

Although there is ample evidence in the record to demonstrate Defendants' "bad faith" throughout the course of this claim, bad faith is not required for an award of attorneys' fees. *Smith*, 746 F.2d at 590.

However, from a legal perspective, Defendants are "culpable" in that they were found to owe Plaintiff a legal and fiduciary duty that they failed to fulfill.  As the Court pointed out in its Order, the self-described plan administrator abused his discretion in denying plaintiff benefits. (Order, at 16:11).  Specifically, the Court held that the plan administrator "erred as a matter of law when he determined, independent of any consideration of the quality of the position, that plaintiff had been

offered immediate reemployment." (Id., at 11:15).  Further, in finding that plaintiff suffered a constructive termination, the Court found that, under heightened abuse of discretion review, the decision that plaintiff would not have suffered a substantial reduction in his duties or responsibilities had he taken the position offered to him "was unreasonable and contrary to the uncontroverted evidence." (Id., at 13:1).  Finally, the Court held "that it was an abuse of discretion for Kanter to base his denial of eligibility on conditions that did not need to be fulfilled unless and until plaintiff was to be awarded benefits." (Id., at 14:4).  Based upon these findings, there can be no dispute regarding defendants' culpability, breach of fiduciary duty or bad faith.

### 2. The Ability of the Opposing Party to Satisfy an Award of Attorney's Fees.

With respect to the second *Hummell* factor, although there is no evidence in the record to indicate defendants' ability to pay a fee award, there is no apparent reason to doubt that the defendants and/or the corporation that acquired the defendants[1] would be unable to do so.  On its website, Autonomy boasts of a market cap of $4 billion.  http://www.autonomy.com/content/Autonomy/introduction/index.en.html (last visited Aug. 21, 2008).  Certainly, it can pay any fee award issued here.

### 3. Whether an Award of Attorney's Fees Would Deter Other Persons Acting under Similar Circumstances.

As to the third *Hummell* factor, even though this lawsuit seeks primarily to benefit Plaintiff, an award of attorneys' fees could serve to deter the defendants and other plan administrators from denying meritorious claims on the basis of providing incomparable "replacement" jobs or over

---

[1]The Plan provides in Section 12 that it is unfunded, and that Verity Inc. or any surviving entity resulting from a Change in Control is liable as follows:

**BASIS OF PAYMENTS TO AND FROM PLAN**
All benefits under the Plan shall be paid by the Company.  The Plan shall be unfunded, and benefits hereunder shall be paid only from the general assets of the Company.

*Sluimer Dec.* Ex A, HS-0012.  Section 15 (b) of the Plan provides that the "Plan shall be binding upon any surviving entity resulting for a Change in Control . . ." *Sluimer Dec.* Ex A, HS-0014.

allegations of a failure to sign a non-compete agreement. An award here would further the objectives of ERISA by deterring such behavior. *See McPherson v. Employees' Pension Plan of American Re-Insurance Co., Inc.,* 33 F.3d 253, 258 (3d Cir.1994). ("We believe it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct.")

### 4. The Benefit Conferred on Members of Pension Plans as a Whole.

The fourth *Hummell* factor relating to "whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA" weighs in favor of an award of fees here.

To the extent ERISA Plan Administrators are permitted to deny valid claims for benefits and face no possible adverse result other than a reversal of that decision should the participant have the wherewithal to pursue litigation, every other participant in this Plan and in other plans are harmed.

In this case, an award of attorney's fees against defendants would ultimately benefit all participants in this and related plans by requiring plan administrators to faithfully fulfill their fiduciary duties lest they risk payment of attorney fees and costs in addition to a reversal of their wrongful benefits denial.

### 5. The Relative Merits of the Parties Positions Favor Plaintiff.

Finally, as for the relative merits of the parties' positions, Plaintiff succeeded on his claim for benefits and defendants did not prevail on any of the defenses that the raised in their denials or in Court. Accordingly, the fifth *Hummell* factor also supports awarding Plaintiff attorneys' fees.

The *Hummell* factors weigh in favor of an award of costs and fees to Plaintiff. There are no "special circumstances" that would make an award of costs and fees particularly unjust, and thus Plaintiff, as a successful ERISA participant, should recover his attorney fees and costs. *McElwaine*, 176 F.3d at 1172.

### 6. Calculating Attorney Fees and Costs

The Supreme Court has held that the lodestar method of determining fees is the "guiding light of our fee shifting jurisprudence" and that there is a "strong presumption" that the lodestar represents the "reasonable fee" under federal statutes that allow for recovery of "reasonable attorneys fees" *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

1    As is more fully detailed in the accompanying declarations of William Reilly, Kevin Gill, Cliff Palefsky, Keith Ehrman and Scott Kalkin, and the attachments thereto, attorneys' fees should be awarded at the rates requested as they are either comparable to or below the prevailing market rates for this type of contingent fee work. Plaintiffs' attorneys have necessarily expended over 425 hours in litigating Plaintiff's right to receive benefits under the Plan. Given these facts, and for all of the foregoing reasons, attorneys' fees in the amount of $215,268.00 and costs in the amount of $6,735.14 should be awarded to Plaintiff.

**B.    PREJUDGMENT INTEREST SHOULD BE AWARDED UNDER 28 U.S.C. § 1961.**

In connection with a motion for fees, plaintiff may seek an award of prejudgment interest at a specific rate and in a specific amount. *See, e.g., Fleming v. Kemper Nat. Svcs., Inc.,* 373 F.Supp.2d 1000, 1013 (N.D. Cal. 2005)(awarding, upon post-judgment motion, prejudgment interest at rate set by 28 U.S.C. § 1961 in specified amount).

An award of prejudgment interest to an ERISA plaintiff is "a question of fairness, lying within the court's sound discretion." *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995).

Here, the defendants have been able to hold onto some certain funds which rightfully belonged to Plaintiff for over two years. Defendants' justification for doing so has been held to be an abuse of discretion. For this reason alone it should not benefit from its retention of monies that rightfully belonged to plaintiff since on and after June 2006. An award of prejudgment interest at the Federal T-bill rate is necessary to make plaintiff whole.

### III. CONCLUSION

For all of the foregoing reasons, attorneys' fees and costs in the amount of $220,003.14 and prejudgment interest should be awarded to Plaintiff.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED:  August 22, 2008        By:    /s/ **WILLIAM REILLY**
                                        WILLIAM REILLY
                                        Attorneys for Plaintiff