**RIMAC & MARTIN**
*A Professional Corporation*
JOSEPH M. RIMAC – CSBN 72381
WILLIAM REILLY – CSBN 177550
KEVIN G. GILL – CSBN 226819
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile: (415) 561-8430

**MCGUINN, HILLSMAN & PALEFSKY**
CLIFF PALEFSKY – CSBN 77683
KEITH EHRMAN – CSBN 106985
535 Pacific Ave.
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Plaintiff
HUGO SLUIMER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

# *E-FILING*

| | |
|---|---|
| HUGO SLUIMER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>　　　　　　Defendants. | **CASE NO.  C 081220 SI**<br><br>**DECLARATION OF WILLIAM REILLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS (29 U.S.C. § 1132(g)) AND PREJUDGMENT INTEREST (28 U.S.C. § 1961)**<br><br>Date:　September 26, 2008<br>Time:　9:00 a.m.<br>Ctrm:　10, 19th Floor<br><br>The Honorable Susan Illston |

1    I, William Reilly, declare as follows:

2    1.    I am an attorney at law, duly licensed and admitted to practice before the courts in

3    the States of California and Colorado, the United States District Court for the Northern, Central,

4    Eastern and Southern Districts of California and the Ninth and Fourth Circuit Courts of

5    Appeal.  I am associated with the law firm of Rimac & Martin, attorneys of record for plaintiff

6    HUGO SLUIMER.  I have personal knowledge of the facts set forth in this declaration, and if

7    called as a witness I could competently testify thereto.

8    2.    My educational background is University of Colorado (Political Science, 1989);

9    University of Denver college of Law (J.D., 1994). I passed the California Bar exam the summer

10    after my 1994 graduation from law school.

11    3.    From 1996 to the present I have practiced ERISA litigation, first with Bannan,

12    Green, Smith, Frank & Rimac and then with Rimac & Martin, P.C.  I have been litigating ERISA

13    cases throughout the United States since 1996.  I estimate I have handled in excess of one

14    hundred (100) of these matters to date.  At any given time, my current practice consists of up to

15    40% ERISA related matters.

16    4.    I have worked extensively on ERISA litigation since January 1996.  I have worked

17    on and/or was solely responsible for the following ERISA matters: *Alexander v. Provident Life &*

18    *Acc. Inc. Co.*, 153 F.3d 718 (4th Cir. 1998); *Louderback v. Litton Indus., Inc.*, 504 F.Supp.2d

19    1145 (D.Kan. 2007); *Nelson v. UNUM life Ins. Co.*, 1999 Westlaw 33226241 (N.D. Cal, Sept.

20    22, 1999); *Nelson v. UNUM Life Ins. Co. of Amer., Inc.*, 529 U.S. 1109 (1998) (successfully

21    resisted cert.); *Nichols v. Unum Life Ins. Co. of Amer.*, 2003 Westlaw 22722819 (N.D.Cal., Nov.

22    12, 2003); *Nichols v. Unum Life Ins. Co. of Amer.*, 287 F.Supp.2d 1088 (N.D.Cal. 2003);

23    *Sommer v UNUM Life Ins. Co. of Amer.*, 173 F.3d 861 (9th Cir. 1999); *Sommer v UNUM Life*

24    *Ins. Co. of Amer.*, 35 Fed. Appx. 489 (9th Cir. 2002); *Sommer v. UNUM Life Ins. Co. of Amer.*,

25    537 U.S. 948 (2002) (successfully resisted cert.).

26    5.    Rimac & Martin, P.C.  took this case on a contingency fee basis.  Therefore, since

27    approximately September 2007, Rimac & Martin, P.C.  has received no compensation for our

28    work.  Furthermore, if Plaintiff did not prevail in this case, Rimac & Martin, P.C.  would receive

---

1  no compensation from Plaintiff.

2      6.      At all times during this action, Rimac & Martin, P.C. has maintained its attorney

3  time records on a computerized billing system.  Each attorney contemporaneously inputs the

4  tasks or series of tasks performed and the amount of time spent in the computer or on a time

5  sheet.  Our computerized billing system contains a record of the work performed on the present

6  case.  The computerized billing system shows for each time entry the date the service was

7  performed, the individual performing the service (identified by initials), the nature of the

8  services, and the time spent performing the services.  Costs are also entered into that system and

9  are itemized.  The client is not billed for in house copies or computerized research, such as

10  Westlaw.

11      7.      Based on the above, my experience as an attorney, which includes many

12  discussions with other attorneys who handle ERISA benefits litigation for both plaintiff and

13  defendants, it is my opinion and belief that the reasonable value of my time at present is at least

14  $450.00 per hour.

15      8.      Attached as Exhibit A is a true and accurate copy of the firm's billing statements

16  in this case as of July 31, 2008, for which an award of fees and costs is sought.  The statement is

17  a print-out of the inputted time records and costs in this case from our computerized billing

18  system as described above.  All that time spent on this matter was reasonably incurred and

19  necessary to the representation of my client's interest.  Those statements total $145,445.00 in

20  attorneys' fees and $899.10 in costs.

21      9.      The billings statements do not reflect the time spent for August, 2008.  My time,

22  as recorded on my time sheets is as follows:

23

24  August 5, 2008          calls and emails to and from co-counsel re
                            fees motion and client; review order          .5 hours

25  August 12, 2008         calls and emails to and from co-counsel re
                            fees motion and judgment; meet and confer
26                          with D's counsel re motion                     .5 hours

27  August 13, 2008         calls and emails to and from co-counsel re
                            fees motion and proposed judgment; review
28                          and revise proposed judgment                   .5 hours

| | | |
|---|---|---|
| August 14, 2008 | calls and emails to and from co-counsel re fees motion and proposed judgment; call D's counsel re motion | .5 hours |
| August 15, 2008 | calls and emails to and from co-counsel re fees motion; prep exhibits for motion and email D's counsel re same | 1.3 hours |
| August 18, 2008 | calls and emails to and from co-counsel re fees motion and judgment; review and revise correspondence re same; emails to and from D's counsel re motion; draft motion | 1.7 hours |
| August 19, 2008 | calls and emails to and from co-counsel re fees motion and judgment; review and revise Proposed judgment & correspondence re same; Review and revise Declarations in support of Motion; draft motion | 2.1 hours |
| August 20, 2005 | call co-counsel re motion; emails to and from D's counsel re judgment and motion; and draft Reilly Dec. | 1.9 hours |
| August 21, 2008 | meet with Kalkin; draft Kalkin Dec.; review and revise Dec.; review and revise P&A, Reilly and Gill Declarations | 3.0 hours |
| August 21, 2008 | review and revise all documents and Exhibits; Prep for filing | 1.5 hours |
| | Total | 13.5 hours |

13.5 hours times at $450 per hour equals an additional $6,075.

10.    In addition to this time, Kevin Gill of my office has expended for the month of August 2008, a total of $2,280.00 in attorney's fees for a total of an additional $8,355.00. Please see the Declaration of Kevin Gill filed herewith.

11.    Thus, the total amount of costs incurred by Rimac & Martin, P.C. in this matter is $899.10, and the total amount of attorney fees from September 2007 through August 22, 2008 is $153,800.00, for a grand total of $154,699.10 attorneys' fees and costs.

12.    Based upon my experience as an attorney, which includes many discussions with other attorneys who handle ERISA benefits litigation for both plaintiff and defendants, it is my opinion and belief that the billing rates of $400.00 - $610.00 per hour sought by plaintiff's attorneys here for a contingent case of this type are within the normal range of fees charged by

1    attorneys in the Bay Area with similar experience, skill and reputation.

2        13.    My opinion is also based upon a review of the following court orders, which,

3    pursuant to Federal Rule of Evidence 201, Plaintiff requests the Court to take judicial notice of.

4    True and correct copies of the orders are attached hereto as Exhibits B through D.

5            B. Judge Ware's order in the case of *Udd v. Vidinsky* (04-05080
             N.D. Cal. 2006) approving attorney Dan Fienberg's billing rate of
6            $495.00 per hour;

7            C. Judge Wilken's order in the case of *King v. Cigna Corporation*
             (C 06-7025 N.D.Cal. 2007) approving attorney Julian M. Baum's
8            billing rate of $450.00 per hour; and

9            D. Judge Chesney's order in the case of *Fleming v. Kemper* (03-
             5135 N.D. Cal. 2005) approving Dan Feinberg's billing rate of
10           $450.00.

11       14.    I also direct the Court's attention to the Exhibits filed with the declarations of

12   Keith Ehrman and Cliff Palefsky, which confirm the reasonableness of Plaintiff's attorneys'

13   billing rates.

14       15.    The Ninth Circuit has held that "determination of a reasonable hourly rate is not

15   made by reference to the rates actually charged the prevailing party. In determining a reasonable

16   hourly rate a court should by guided by the rate prevailing in the community for similar work

17   performed by attorneys of comparable skill, experience and reputation." *Chalmers v. City of Los*

18   *Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The declarations of plaintiff's attorneys and other

19   ERISA attorneys regarding prevailing fees in the community are satisfactory evidence of the

20   prevailing market rate (*see United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407

21   (1990)), as are "rates determinations in other cases" (*see e.g. Mogck v. UNUM Life Ins. Co.*, 289

22   F.Supp.2d 1181, 1190-91(S.D.Cal. 2003)).

23       I declare under penalty of perjury under the laws of the United States that the foregoing is

24   true and correct.

25       Executed this 22nd day of August 2008, at San Francisco, California.

26

27                           _____
                             /S/ WILLIAM REILLY
28                           William Reilly

# EXHIBIT A

RIMAC & MARTIN, P.C.
1051 DIVISADERO STREET
SAN FRANCISCO, CALIFORNIA 94115
TELEPHONE:  (415) 561-8440
FEDERAL TAX I.D. #94-3297441

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 09/04/07 | BR | Review correspondence and administrative record. | 2.5 | 1,125.00 |
| 09/20/07 | BR | Telephone conference and email with Keith re case status and options. | 0.8 | 360.00 |
| 09/21/07 | BR | Review email from Keith re complaint and options and prepare response. | 0.3 | 135.00 |
| 09/24/07 | BR | Review email from Keith re stocks and agreements and prepare response. | 0.3 | 135.00 |
| 10/01/07 | BR | Review email from Keith and prepare response re status. | 0.2 | 90.00 |
| 10/03/07 | BR | Review email from Keith re case status. | 0.1 | 45.00 |
| 10/09/07 | BR | Review email from Keith re call with Hugo. | 0.3 | 135.00 |
| 10/11/07 | BR | Review email from Keith re conference call. | 0.2 | 90.00 |
| 10/12/07 | BR | Research re ERISA document request. | 1.0 | 450.00 |
| 10/12/07 | BR | Review plan documents re request. | 1.0 | 450.00 |
| 10/12/07 | BR | Prepare correspondence to plan re document request. | 0.7 | 315.00 |
| 10/12/07 | BR | Prepare for and participate in conference call with Keith and Hugo. | 1.0 | 450.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 10/13/07 | BR | Review emails from Hugo re document demand and Dutch court records and prepare response. | 0.3 | 135.00 |
| 10/13/07 | BR | Review Dutch court brief. | 0.5 | 225.00 |
| 10/16/07 | BR | Review emails from Hugo re Dutch court pleadings. | 0.3 | 135.00 |
| 10/23/07 | BR | Review email from Keith to Hugo re translation. | 0.3 | 135.00 |
| 10/31/07 | BR | Review email from Hugo re verify letter. | 0.3 | 135.00 |
| 11/01/07 | BR | Review email from Hugo. | 0.1 | 45.00 |
| 11/01/07 | BR | Prepare letter to Kanter. | 0.5 | 225.00 |
| 11/02/07 | BR | Prepare email to Hugo re Kanter. | 0.2 | 90.00 |
| 11/06/07 | BR | Telephone conference with Autonomy re document requests. | 0.2 | 90.00 |
| 11/06/07 | BR | Review letter from Kanter re prior letter. | 0.1 | 45.00 |
| 11/12/07 | BR | Review letter and documents from plan. | 0.5 | 225.00 |
| 11/16/07 | BR | Prepare email to Keith and Hugo re administrative record. | 0.2 | 90.00 |
| 11/19/07 | BR | Analyze purported administrative record. | 1.5 | 675.00 |
| 11/19/07 | BR | Review email from Hugo re record. | 0.1 | 45.00 |
| 12/04/07 | BR | Review email from Keith and Hugo re status. | 0.5 | 225.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 12/05/07 | BR | Review emails from Hugo and Keith re course of action. | 0.2 | 90.00 |
| 12/05/07 | BR | Research re conflict and abuse of discretion and substantial evidence. | 3.0 | 1,350.00 |
| 12/05/07 | BR | Prepare memos re conflict and abuse of discretion and substantial evidence. | 3.0 | 1,350.00 |
| 12/12/07 | BR | Review email from Keith re new authority. | 0.3 | 135.00 |
| 12/12/07 | BR | Review new 9th circuit case re conflict. | 0.5 | 225.00 |
| 12/19/07 | BR | Research re scope of review and arguments to expand Verity's purported record. | 3.2 | 1,440.00 |
| 12/19/07 | BR | Prepare memo re scope of review and arguments to expand Verity's purported record. | 2.1 | 945.00 |
| 12/20/07 | BR | Research re standard of review and arguments for de novo and severance cases. | 2.6 | 1,170.00 |
| 12/20/07 | BR | Prepare memo re standard of review and arguments for de novo and severance cases. | 1.8 | 810.00 |
| 12/21/07 | BR | Continue drafting memo/motion for summary judgment re scope and standard. | 0.8 | 360.00 |
| 12/26/07 | BR | Research re substantial evidence, bad faith and res judicata. | 2.5 | 1,125.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 12/26/07 | BR | Prepare section re severance cases. | 1.4 | 630.00 |
| 12/27/07 | BR | Continue drafting memo/motion for summary judgment. | 1.0 | 450.00 |
| 12/27/07 | BR | Research re motion for summary judgment. | 0.1 | 45.00 |
| 12/28/07 | BR | Additional research re abuse of discretion. | 1.0 | 450.00 |
| 12/28/07 | BR | Prepare memo/motion for summary judgment re substantial evidence, bad faith and resjudicata. | 2.5 | 1,125.00 |
| 12/28/07 | BR | Review and revise memo/motion for summary judgment. | 1.5 | 675.00 |
| 01/09/08 | BR | Review email from Keith re initial disclosure. | 0.4 | 180.00 |
| 01/11/08 | BR | Telephone conference and emails with Keith re complaint and administrative record. | 0.5 | 225.00 |
| 01/16/08 | BR | Review email from Keith re administrative record. | 0.2 | 90.00 |
| 01/16/08 | BR | Prepare complaint. | 0.8 | 360.00 |
| 01/17/08 | BR | Review emails from Keith re Dutch lawyer. | 0.3 | 135.00 |
| 01/17/08 | BR | Review emails from Hugo re Dutch lawyer and prepare response. | 0.4 | 180.00 |
| 01/17/08 | BR | Continue drafting complaint. | 0.3 | 135.00 |
| 01/18/08 | BR | Continue drafting | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | complaint. | 0.7 | 315.00 |
| 01/25/08 | BR | Review and revise memo and complaint. | 1.5 | 675.00 |
| 01/30/08 | BR | Review and revise complaint. | 1.5 | 675.00 |
| 01/30/08 | BR | Continue drafting memo. | 2.5 | 1,125.00 |
| 01/31/08 | BR | Review and revise complaint. | 1.0 | 450.00 |
| 01/31/08 | BR | Finish drafting memo. | 3.2 | 1,440.00 |
| 01/31/08 | BR | Review emails from Keith re complaint and administrative record. | 0.4 | 180.00 |
| 02/01/08 | BR | Reveiw and revise memo. | 1.4 | 630.00 |
| 02/01/08 | BR | Prepare email to Mr. Sluimer re documents and complaint. | 0.5 | 225.00 |
| 02/06/08 | BR | Telephone conference with Keith re complaint and administrative record. | 0.3 | 135.00 |
| 02/06/08 | BR | Prepare letter to Keith re ERISA and record. | 1.6 | 720.00 |
| 02/12/08 | BR | Review and revise complaint. | 1.2 | 540.00 |
| 02/13/08 | BR | Telephoe conference and email with Keith re complaint and record. | 0.4 | 180.00 |
| 02/26/08 | BR | Telephone conference and emails with Keith re complaint and Dutch lawyer. | 0.5 | 225.00 |
| 02/26/08 | BR | Review and revise complaint. | 0.3 | 135.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 02/27/08 | BR | Review email from Mr. Sluimer re complaint. | 0.1 | 45.00 |
| 02/28/08 | BR | Prepare summons, certification and cover sheet. | 1.3 | 585.00 |
| 02/28/08 | BR | Prepare complaint and summons for filing. | 0.5 | 225.00 |
| 02/28/08 | BR | Review email from Keith and Dutch lawyer re record. | 0.3 | 135.00 |
| 02/29/08 | BR | Telephone conference with Keith re Verity Corporate office. | 0.3 | 135.00 |
| 02/29/08 | BR | Review and revise complaint. | 0.3 | 135.00 |
| 02/29/08 | BR | Prepare complaint for service and filing. | 0.3 | 135.00 |
| 03/03/08 | BR | Review emails from Dutch lawyer to Hugo and Keith re Dutch court documents. | 1.0 | 450.00 |
| 03/03/08 | BR | Review initial documents from court and order. | 0.6 | 270.00 |
| 03/12/08 | BR | Prepare complaint and summons for service. | 0.4 | 180.00 |
| 03/12/08 | BR | Review email from Keith re complaint and summons and prepare reply. | 0.2 | 90.00 |
| 03/13/08 | BR | Review email from Hugo re translation and review documents. | 1.2 | 540.00 |
| 03/13/08 | BR | Review emails from Keith re translation and documents. | 0.2 | 90.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 03/27/08 | BR | Telephone conference and emails with Keith re pleadings. | 0.5 | 225.00 |
| 03/27/08 | BR | Telephone conference and emails with defendant re pleadings. | 0.2 | 90.00 |
| 03/27/08 | BR | Research re defendant's firm and motion for summary judgment. | 0.5 | 225.00 |
| 03/28/08 | BR | Research re defendant's firm and contact southern California attorney. | 0.9 | 405.00 |
| 03/28/08 | BR | Prepare motion for summary judgment. | 2.8 | 1,260.00 |
| 03/28/08 | BR | Telephone conference and email with plaintiff's counsel re pleading. | 0.3 | 135.00 |
| 03/28/08 | BR | Telephone conference and email with Keith re pleading. ADR and motion for summary judgment. | 0.5 | 225.00 |
| 03/28/08 | BR | Prepare email to Hugo re pleading. ADR and motion for summary judgment. | 0.3 | 135.00 |
| 03/31/08 | BR | Review email from Hugo re documents. | 0.5 | 225.00 |
| 03/31/08 | BR | Continue drafting motion for summary judgment. | 3.8 | 1,710.00 |
| 04/01/08 | BR | Continue drafting motion for summary judgment. | 3.5 | 1,575.00 |
| 04/02/08 | BR | Continue drafting motion for summary judgment. | 0.8 | 360.00 |
| 04/03/08 | BR | Review emails from Keith re administrative record. | 0.4 | 180.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 04/03/08 | BR | Continue drafting motion for summary judgment. | 1.8 | 810.00 |
| 04/04/08 | BR | Research re Illston decision, discretion and scope of review. | 2.9 | 1,305.00 |
| 04/04/08 | BR | Prepare motion for summary judgment re scope. | 2.5 | 1,125.00 |
| 04/04/08 | BR | Review email from Hugo. | 0.2 | 90.00 |
| 04/07/08 | BR | Serve initial documents on defendant's counsel. | 0.3 | 135.00 |
| 04/07/08 | BR | Continue drafting motion for summary judgment. | 2.5 | 1,125.00 |
| 04/08/08 | BR | Continue drafting motion for summary judgment. | 2.1 | 945.00 |
| 04/09/08 | BR | Continue drafting motion for summary judgment. | 3.2 | 1,440.00 |
| 04/10/08 | BR | Continue drafting motion for summary judgment. | 0.7 | 315.00 |
| 04/11/08 | BR | Continue drafting motion for summary judgment. | 0.9 | 405.00 |
| 04/14/08 | BR | Research re de novo standard. | 0.6 | 270.00 |
| 04/14/08 | BR | Prepare insert re de novo standard. | 1.2 | 540.00 |
| 04/14/08 | BR | Draft section re plan provisions. | 2.3 | 1,035.00 |
| 04/16/08 | BR | Finish drafting section of motion for summary judgment re plan terms. | 1.5 | 675.00 |
| 04/21/08 | BR | Review and revise motion for summary judgment. | 2.5 | 1,125.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER    6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 04/23/08 | BR | Review defendant's 12(b)(6)/motion for summary judgment motion and exhibits. | 3.8 | 1,710.00 |
| 04/23/08 | BR | Review cases cited therein. | 1.8 | 810.00 |
| 04/23/08 | BR | Telephone conference with Keith re 12(b)(6) motion for summary judgment motion. | 0.3 | 135.00 |
| 04/24/08 | BR | Review defendant's supplemental filing re exhibits. | 0.4 | 180.00 |
| 04/24/08 | BR | Review plan re arguments made in defendant's motion for summary judgment. | 0.5 | 225.00 |
| 04/28/08 | BR | Begin review of documents forwarded by Hugo and translation. | 1.3 | 585.00 |
| 04/29/08 | BR | Continue review of translated documents. | 1.3 | 585.00 |
| 04/29/08 | BR | Review email from Keith re Landers. | 0.4 | 180.00 |
| 04/29/08 | BR | Review email from Hugo re Landers. | 0.3 | 135.00 |
| 05/01/08 | BR | Telephone conference and emails with Keith and Hugo re documents, ADR, case management conference and motion for summary judgment. | 1.5 | 675.00 |
| 05/01/08 | BR | Begin review of additional documents. | 1.0 | 450.00 |
| 05/02/08 | BR | Continue review of | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | documents and translating. | 1.8 | 810.00 |
| 05/06/08 | BR | Review email from Hugo re motion for summary judgment motions. | 0.1 | 45.00 |
| 05/06/08 | BR | Prepare email to Keith re motion for summary judgment motions. | 0.1 | 45.00 |
| 05/07/08 | BR | Telephone conference and email with Keith re motion for summary judgment, documents and call with Hugo. | 0.3 | 135.00 |
| 05/07/08 | BR | Prepare email to Hugo motion for summary judgment and documents. | 0.1 | 45.00 |
| 05/07/08 | BR | Research re ADR and translation. | 0.5 | 225.00 |
| 05/08/08 | BR | Review email from Hugo re conference call and Jack Landers. | 0.3 | 135.00 |
| 05/08/08 | BR | Prepare for and participate in conference call with Hugo and Keith. | 1.0 | 450.00 |
| 05/08/08 | BR | Prepare email to Keith re plan administrator. | 0.3 | 135.00 |
| 05/08/08 | BR | Prepare ADR certification and forward to Hugo. | 0.3 | 135.00 |
| 05/09/08 | BR | Review email from Hugo re ADR, documents and Jack Landers. | 0.3 | 135.00 |
| 05/09/08 | BR | Review email from defendant re meet and confer and case management conference and prepare reply. | 0.3 | 135.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 05/09/08 | BR | Prepare case management conference statement. | 1.2 | 540.00 |
| 05/12/08 | BR | Review email from Keith re translation. | 0.3 | 135.00 |
| 05/12/08 | BR | Research re translation. | 0.4 | 180.00 |
| 05/12/08 | BR | Review email from Hugo re Kanter documents. | 1.0 | 450.00 |
| 05/12/08 | BR | Review emails from plaintiff re case management conference and meet and confer. | 0.2 | 90.00 |
| 05/13/08 | BR | Review email re translation. | 0.2 | 90.00 |
| 05/14/08 | BR | Review email from defendant re case management conference, meet and confer. | 0.3 | 135.00 |
| 05/14/08 | BR | Prepare email re translation. | 0.2 | 90.00 |
| 05/15/08 | BR | Meet and confer with defendant's counsel re ADR and case management conference. | 1.3 | 585.00 |
| 05/15/08 | BR | Continue preparing case management conference statement. | 0.5 | 225.00 |
| 05/15/08 | BR | Prepare ADR stipulation. | 0.4 | 180.00 |
| 05/15/08 | BR | Review email from defendant's counsel re ADR stipulation. | 0.4 | 180.00 |
| 05/15/08 | BR | Review email from Keith re stock and meet and confer and prepare response. | 0.4 | 180.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 05/16/08 | BR | Prepare ADR certification and stipulation for service and filing. | 0.3 | 135.00 |
| 05/16/08 | BR | Review defendant's ADR certification. | 0.1 | 45.00 |
| 05/16/08 | BR | Prepare email to Keith re documents. | 0.3 | 135.00 |
| 05/19/08 | BR | Review email from Hugo re documents. | 0.1 | 45.00 |
| 05/19/08 | BR | Review email from Keith re documents and Landers. | 0.2 | 90.00 |
| 05/20/08 | BR | Review email from Hugo and job re documents. | 0.3 | 135.00 |
| 05/20/08 | BR | Review email from Keith re job, Landers and declaration. | 0.6 | 270.00 |
| 05/20/08 | BR | Prepare Landers declaration. | 1.0 | 450.00 |
| 05/20/08 | BR | Review and revise motion for summary judgment. | 2.5 | 1,125.00 |
| 05/20/08 | BR | Review email from Hugo re medical benefit issues. | 0.5 | 225.00 |
| 05/21/08 | BR | Review emails from Hugo re medical benefits. | 0.3 | 135.00 |
| 05/21/08 | BR | Review and revise Landers declaration. | 0.2 | 90.00 |
| 05/21/08 | BR | Review email from Keith re Landers' declaration. | 0.1 | 45.00 |
| 05/21/08 | BR | Review order of court re mediation. | 0.1 | 45.00 |
| 05/22/08 | BR | Review administrative record and add documents. | 2.8 | 1,260.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 05/22/08 | BR | Prepare email to Keith re administrative record and Landers declaration. | 0.3 | 135.00 |
| 05/22/08 | BR | Prepare email to Hugo re administrative record and Landers declaration. | 0.3 | 135.00 |
| 05/22/08 | BR | Review and revise Landers declaration. | 0.3 | 135.00 |
| 05/22/08 | BR | Review and revise motion for summary judgment. | 1.8 | 810.00 |
| 05/23/08 | BR | Telephone conference with Keith re case management conference, mediation, Rule 26, motion for summary judgmewnt and administrative record. | 0.6 | 270.00 |
| 05/23/08 | BR | Prepare email to Keith re case management conference, mediation, Rule 26, motion for summary judgmewnt and administrative record. | 0.2 | 90.00 |
| 05/23/08 | BR | Review emails and documents from Hugo re plan. | 0.4 | 180.00 |
| 05/23/08 | BR | Review and revise motion for summary judgment. | 1.2 | 540.00 |
| 05/23/08 | BR | Review emails re Job. | 0.1 | 45.00 |
| 05/27/08 | BR | Review and revise motion for summary judgment and administrative record. | 3.8 | 1,710.00 |
| 05/27/08 | BR | Review emails from Hugo and Job re motion for summary judgment and administrative record. | 0.4 | 180.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 05/28/08 | BR | Review email from Hugo re lapse in salary. | 0.3 | 135.00 |
| 05/28/08 | BR | Prepare section of motion for summary judgment re claim. | 2.5 | 1,125.00 |
| 05/28/08 | BR | Begin review of offical translations. | 0.6 | 270.00 |
| 05/28/08 | BR | Finish drafting joint case management conference statement. | 0.6 | 270.00 |
| 05/28/08 | BR | Review email from plaintiff re joint case management conference statement. | 0.3 | 135.00 |
| 05/28/08 | BR | Prepare initial disclosure. | 1.0 | 450.00 |
| 05/28/08 | BR | Telephone conference and email with Keith re case management conference, disclosure and damages. | 0.4 | 180.00 |
| 05/29/08 | BR | Review email from defendant re case management conference and disclosure. | 0.3 | 135.00 |
| 05/29/08 | BR | Review and revise case management conference and disclosure. | 0.3 | 135.00 |
| 05/29/08 | BR | Prepare case management conference statement and disclosure for service and filing. | 0.4 | 180.00 |
| 05/29/08 | BR | Review email from Hugo re lapse and prepare reply. | 0.2 | 90.00 |
| 06/02/08 | BR | Begin drafting Hugo's declaration. | 0.5 | 225.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER    6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 06/02/08 | BR | Review email from Keith re Landers and discuss with him re same. | 0.5 | 225.00 |
| 06/02/08 | BR | Continue drafting claim section of motion for summary judgment. | 2.5 | 1,125.00 |
| 06/02/08 | BR | Complete review of official translated pleadings. | 1.8 | 810.00 |
| 06/03/08 | BR | Review defendant's initial disclosures. | 0.2 | 90.00 |
| 06/03/08 | BR | Review email from Keith re exit letter exhibit and prepare response. | 0.3 | 135.00 |
| 06/03/08 | BR | Prepare email to Hugo re additional documents. | 0.2 | 90.00 |
| 06/03/08 | BR | Finish drafting motion for summary judgment. | 3.8 | 1,710.00 |
| 06/03/08 | BR | Continue drafting Hugo's declaration. | 0.5 | 225.00 |
| 06/03/08 | BR | Review Landers' deposition notices. | 0.2 | 90.00 |
| 06/04/08 | BR | Review email from Hugo re documents. | 0.1 | 45.00 |
| 06/04/08 | BR | Review email form Keith re case management conference and deposition. | 0.3 | 135.00 |
| 06/05/08 | BR | Review email. | 0.2 | 90.00 |
| 06/05/08 | BR | Review and revise motion for summary judgment. | 2.5 | 1,125.00 |
| 06/06/08 | BR | Telephone conference and emails with Keith re case management conference, | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | motion for summary judgement and opposition. | 0.3 | 135.00 |
| 06/06/08 | BR | Prepare email to Hugo and Job re declarations. | 0.2 | 90.00 |
| 06/06/08 | BR | Review and revise motion for summary judgment. | 2.0 | 900.00 |
| 06/06/08 | BR | Prepare for and attend case management conference. | 1.5 | 675.00 |
| 06/09/08 | BR | Finish drafting Job's declaration. | 1.0 | 450.00 |
| 06/09/08 | BR | Review email from Job re his declaration and prepare response. | 0.3 | 135.00 |
| 06/09/08 | BR | Review email from Hugo re his declaration and prepare response. | 0.2 | 90.00 |
| 06/09/08 | BR | Review and revise motion for summary judment points and authorities. | 2.1 | 945.00 |
| 06/10/08 | BR | Research re award for stock options under ERISA. | 0.5 | 225.00 |
| 06/10/08 | BR | Review email from Job re his declaration and prepare response. | 0.9 | 405.00 |
| 06/10/08 | BR | Telephoe conference and email with Keith re Job declaration. | 0.5 | 225.00 |
| 06/10/08 | BR | Review and revise Job's declaration. | 0.5 | 225.00 |
| 06/10/08 | BR | Prepare Hugo's declaration. | 2.5 | 1,125.00 |
| 06/10/08 | BR | Telephone conference and | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | email with Keith re Hugo's declaration. | 0.3 | 135.00 |
| 06/10/08 | BR | Review and revise points and authorities. | 0.6 | 270.00 |
| 06/10/08 | BR | Begin drafting notice. | 0.3 | 135.00 |
| 06/10/08 | BR | Prepare documents re options. | 0.2 | 90.00 |
| 06/10/08 | BR | Begin review of defendant's motion for summary judgment. | 0.3 | 135.00 |
| 06/10/08 | BR | Review email to Hugo re declaration and prepare response. | 0.2 | 90.00 |
| 06/10/08 | BR | Review court order re case management conference. | 0.1 | 45.00 |
| 06/10/08 | BR | Begin drafting declaration of Wiliam Reilly. | 0.3 | 135.00 |
| 06/10/08 | BR | Review and revise point and authorities. | 1.8 | 810.00 |
| 06/11/08 | BR | Telephone conference and emails with Keith re declarations. | 0.4 | 180.00 |
| 06/11/08 | BR | Finish review of defendant's motion for summary judgment for declaration. | 0.5 | 225.00 |
| 06/11/08 | BR | Prepare email to Job re his declaration. | 0.5 | 225.00 |
| 06/11/08 | BR | Prepare email to Hugo re his declaration. | 0.3 | 135.00 |
| 06/11/08 | BR | Review and revise | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
|  |  | declarations. | 1.0 | 450.00 |
| 06/11/08 | BR | Telephone conference re translation review and translator's CV. | 0.3 | 135.00 |
| 06/11/08 | BR | Prepare documents and exhibits for declarations. | 1.5 | 675.00 |
| 06/11/08 | BR | Continue drafting Reilly declaration. | 0.3 | 135.00 |
| 06/11/08 | KG | Analyze draft of motion for summary judgment and principal cases. | 2.1 | 840.00 |
| 06/11/08 | KG | Revise motion for summary judgment, analyze draft and principal cases, plot out reorganization, prepare editor's notes for modification and clarification. | 3.8 | 1,520.00 |
| 06/11/08 | KG | Legal research - standard of review where claims decisions does not comply with plan imposed requirements. | 0.7 | 280.00 |
| 06/11/08 | KG | Legal research - standard for determining bad faith in the claims denial. | 0.8 | 320.00 |
| 06/12/08 | BR | Telephone conference and emails from Keith re motion for summary judgment, documents and declarations. | 0.6 | 270.00 |
| 06/12/08 | BR | Review email from Job re his declaration and prepare response. | 0.4 | 180.00 |
| 06/12/08 | BR | Review and revise Job declaration. | 0.3 | 135.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 06/12/08 | BR | Review email from Hugo re his declaration and prepare response. | 0.7 | 315.00 |
| 06/12/08 | BR | Review and revise Hugo declaration. | 0.8 | 360.00 |
| 06/12/08 | BR | Review and revise points and authorities. | 3.9 | 1,755.00 |
| 06/12/08 | BR | Prepare section of points and authorites re benefits, fines and removal of admin. | 3.5 | 1,575.00 |
| 06/12/08 | BR | Finish drafting notice. | 0.6 | 270.00 |
| 06/12/08 | BR | Finish drafting Reilly declaration. | 0.5 | 225.00 |
| 06/12/08 | KG | Review edits made to introduction, statement of facts and legal standards in PNAs supporting motion for summary judgment and revise, mark up for spelling and punctuation, continue reorganizing and streamlining. | 2.5 | 1,000.00 |
| 06/12/08 | KG | Revise argument subsection A; legal research re standards for offensive collateral estoppel. | 2.9 | 1,160.00 |
| 06/12/08 | KG | Legal research on issue of comity given to foreign court decisions. | 1.2 | 480.00 |
| 06/13/08 | BR | Review email from Job re his declaration and prepare response. | 0.2 | 90.00 |
| 06/13/08 | BR | Prepare Job declaration | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | and exhibits for service and filing. | 0.7 | 315.00 |
| 06/13/08 | BR | Review email from Hugo re his declaration and prepare response. | 0.3 | 135.00 |
| 06/13/08 | BR | Prepare Hugo declaration for service and filing. | 0.6 | 270.00 |
| 06/13/08 | BR | Telephone conference and email with defendant re page limits. | 0.3 | 135.00 |
| 06/13/08 | BR | Prepare motion to extend page limit. | 0.6 | 270.00 |
| 06/13/08 | BR | Prepare motion to extend page limit for service and filing. | 0.2 | 90.00 |
| 06/13/08 | BR | Review and revise notice. | 0.5 | 225.00 |
| 06/13/08 | BR | Review and revise Reilly declaration. | 0.4 | 180.00 |
| 06/13/08 | BR | Prepare Reilly declaration and exhibits and notice for service and filing. | 0.6 | 270.00 |
| 06/13/08 | BR | Review and revise points and authorities. | 2.8 | 1,260.00 |
| 06/13/08 | BR | Prepare points and authorities for service and filing. | 0.3 | 135.00 |
| 06/13/08 | BR | Prepare request for judicial notice and prepare for service and filing. | 0.8 | 360.00 |
| 06/13/08 | BR | Prepare disclosure of documents and production for service. | 0.4 | 180.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|---|---|---|---|---|
| 06/13/08 | KG | Revise, refine and shorten introduction and statement of facts. | 0.4 | 160.00 |
| 06/13/08 | KG | Revise, reorganize and rewrite section A arguing for de novo review. | 1.8 | 720.00 |
| 06/13/08 | KG | Revise, shorten and clarify argument for section B re the scope of documents to include in the review. | 1.5 | 600.00 |
| 06/13/08 | KG | Revise, shorten and clarify argument for section C as to why the claim should be approved. | 1.1 | 440.00 |
| 06/13/08 | KG | Revise, shorten and clarify argument for section D as to the lack of evidence supporting the claims decision. | 0.8 | 320.00 |
| 06/13/08 | KG | Revise, shorten and clarify argument for section E as to why the Dutch Court's decision should be given collateral estopple effect. | 0.7 | 280.00 |
| 06/13/08 | KG | Review and revise section F as to why the claims decision was self-serving. | 0.6 | 240.00 |
| 06/13/08 | KG | Review and shorten argument as to why Mr. Sluimer is entitled to plan benefits (section G). | 0.6 | 240.00 |
| 06/13/08 | KG | Review and revise argument in favor of statutory damages. | 0.3 | 120.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 06/13/08 | KG | Prepare conclusion. | 0.2 | 80.00 |
| 06/13/08 | KG | Review and revise notice of motion. | 0.4 | 160.00 |
| 06/16/08 | BR | Prepare and file revised Hugo declaration. | 0.5 | 225.00 |
| 06/16/08 | BR | Telephone conference with Keith re Hugo declaration. | 0.2 | 90.00 |
| 06/16/08 | BR | Prepare email to Hugo re motion for summary judment filing. | 0.1 | 45.00 |
| 06/17/08 | BR | Review email from defendant's counsel re hearing and depositions. | 0.3 | 135.00 |
| 06/17/08 | BR | Telephone conference and email with Keith re hearing, depositions and motion for summary judgment opposition. | 0.4 | 180.00 |
| 06/17/08 | BR | Research re CFR and claims procedure and fiduciary. | 2.3 | 1,035.00 |
| 06/17/08 | BR | Review order re ADR conference. | 0.2 | 90.00 |
| 06/17/08 | BR | Review email from Hugo re motion for summary judgment. | 0.1 | 45.00 |
| 06/18/08 | BR | Research re regulations and claims handling. | 1.9 | 855.00 |
| 06/19/08 | BR | Prepare for Landers deposition. | 0.8 | 360.00 |
| 06/19/08 | BR | Review defendant's notice re Lander's deposition. | 0.1 | 45.00 |
| 06/19/08 | BR | Review order granting | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | extension of page limits. | 0.1 | 45.00 |
| 06/19/08 | BR | Review emails from Keith re Job and Hugo. | 0.3 | 135.00 |
| 06/20/08 | BR | Telephone conference and emails with Keith re opposition. | 0.4 | 180.00 |
| 06/20/08 | BR | Review and revise motion for summary judgment opposition. | 1.9 | 855.00 |
| 06/20/08 | BR | Review emails from Hugo and Job re documents. | 0.3 | 135.00 |
| 06/20/08 | BR | Review USSC case. | 1.0 | 450.00 |
| 06/23/08 | BR | Prepare for and attend Landers deposition. | 2.5 | 1,125.00 |
| 06/23/08 | BR | Review email from Keith and prepare response re Job declaration and meet with Keith re opposition. | 0.4 | 180.00 |
| 06/23/08 | BR | Review Landers rough ASCII transcript. | 0.4 | 180.00 |
| 06/23/08 | BR | Review email from Job re his declaration. | 0.2 | 90.00 |
| 06/23/08 | BR | Review and revise motion for summary judgment opposition. | 0.8 | 360.00 |
| 06/24/08 | BR | Research re regulations and their application. | 2.4 | 1,080.00 |
| 06/24/08 | BR | Review email from Keith re opposition and his declaration and prepare response. | 0.3 | 135.00 |
| 06/24/08 | BR | Review and revise Keith's declaration. | 0.2 | 90.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 06/24/08 | BR | Review email from Job re his declaration. | 0.2 | 90.00 |
| 06/24/08 | BR | Prepare sections of opposition re ERISA. | 1.4 | 630.00 |
| 06/25/08 | BR | Prepare for and attend ADR conference. | 0.5 | 225.00 |
| 06/25/08 | BR | Telephone conference with plaintiff re ADR conference. | 0.1 | 45.00 |
| 06/25/08 | BR | Review order re ADR conference. | 0.1 | 45.00 |
| 06/25/08 | BR | Telephone conference and emails with Keith re his declaration and opposition. | 0.3 | 135.00 |
| 06/25/08 | BR | Prepare section re Contra perferendum and contract cases. | 2.5 | 1,125.00 |
| 06/25/08 | BR | Review and revise opposition. | 0.5 | 225.00 |
| 06/25/08 | KG | Review new Supreme Court case which confirms that the defendants suffer from a per se conflict of interest. | 0.4 | 160.00 |
| 06/25/08 | KG | Analysis of opposition. | 0.2 | 80.00 |
| 06/26/08 | BR | Review and revise motion. | 0.7 | 315.00 |
| 06/26/08 | BR | Prepare declaration and exhibits for filing. | 0.5 | 225.00 |
| 06/26/08 | BR | Telephone conference with Keith re declaration and exhibits for filing. | 0.3 | 135.00 |
| 06/26/08 | KG | Review and revise | | |

Page   25

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | opposition to defendant's motion for summary judgment. | 2.8 | 1,120.00 |
| 06/27/08 | BR | Review defendant's opposition to motion for summary judgment. | 2.0 | 900.00 |
| 06/27/08 | KG | Review and revise opposition to motion for summary judgment. | 0.9 | 360.00 |
| 06/30/08 | BR | Review email from Keith re Job declaration. | 0.1 | 45.00 |
| 07/01/08 | BR | Prepare reply. | 1.0 | 450.00 |
| 07/02/08 | BR | Continue preparation of reply. | 7.8 | 3,510.00 |
| 07/02/08 | BR | Research cases cited in opposition, lapse and receipt. | 1.0 | 450.00 |
| 07/02/08 | KG | Legal research - cases and secondary sources cited by the defendants as to collateral estoppel. | 0.7 | 280.00 |
| 07/02/08 | KG | Prepare reply showing why comity requires giving preclusive effect to the Dutch court's decision. | 1.6 | 640.00 |
| 07/02/08 | KG | Prepare outline and introduction of reply. | 0.9 | 360.00 |
| 07/02/08 | KG | Prepare brief argument referring to the Supreme Court's recent Glenn decision. | 1.6 | 640.00 |
| 07/02/08 | KG | Review and revise portion of brief on Kanter's admission he is not plan administrator. | 1.8 | 720.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 07/02/08 | KG | Prepare response to Kantor's claim he was not self interested and adequately investigated the claim. | 0.8 | 320.00 |
| 07/03/08 | BR | Prepare section of reply re penalities and non-ERISA cites. | 2.0 | 900.00 |
| 07/03/08 | BR | Review and revise reply. | 2.3 | 1,035.00 |
| 07/03/08 | BR | Prepare objections and response to defendant's objections. | 1.0 | 450.00 |
| 07/03/08 | BR | Prepare reply for service and filing. | 0.3 | 135.00 |
| 07/03/08 | KG | Review and revise reply section on waiver. | 0.6 | 240.00 |
| 07/03/08 | KG | Review and revise reply section on scope of review. | 0.5 | 200.00 |
| 07/03/08 | KG | Review and revise reply subsections on notice. | 1.1 | 440.00 |
| 07/03/08 | KG | Review and revise reply subarguments on failure to execute release. | 0.6 | 240.00 |
| 07/03/08 | KG | Review and revise reply section on conflict of interest. | 1.3 | 520.00 |
| 07/03/08 | KG | Analyze defendants' opposition to confirm points needed for reply. | 0.7 | 280.00 |
| 07/05/08 | BR | Prepare objection to defendent's evidence. | 0.5 | 225.00 |
| 07/14/08 | BR | Continue drafting objection to defendant's | | |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER   90-1
INVOICE NUMBER   6108

Name of matter:   SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| | | evidence. | 2.1 | 945.00 |
| 07/14/08 | BR | Prepare response to objection to Reilly declaration and Van derPijl declaration. | 1.5 | 675.00 |
| 07/16/08 | BR | Prepare objections to Kanter declaration and DeRoos declaration. | 2.5 | 1,125.00 |
| 07/16/08 | BR | Research re SEC sites in request for judicial notice. | 0.8 | 360.00 |
| 07/16/08 | BR | Finish drafting response to objection to Reilly declaration and Vander Pijil declaration. | 1.8 | 810.00 |
| 07/16/08 | BR | Prepare response to objection for service and filing. | 0.3 | 135.00 |
| 07/16/08 | KG | Revise response to objection to Reilly declaration. | 0.8 | 320.00 |
| 07/16/08 | KG | Revise response to objection to Pijl declaration. | 0.1 | 40.00 |
| 07/17/08 | BR | Review and revise Kanter objection, judicial notice and response to defendant's judicial notice and objection. | 2.0 | 900.00 |
| 07/17/08 | BR | Prepare Hussain objection. | 1.3 | 585.00 |
| 07/17/08 | BR | Research re Verity Board. | 0.4 | 180.00 |
| 07/17/08 | BR | Prepare documents for service and filing. | 0.4 | 180.00 |
| 07/17/08 | BR | Prepare for hearing. | 3.0 | 1,350.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 07/17/08 | KG | Prepare response to objection to plaintiff's request for judicial notice. | 0.5 | 200.00 |
| 07/17/08 | KG | Legal research re propriety and extent of judicial notice of prior court orders in same dispute. | 0.4 | 160.00 |
| 07/17/08 | KG | Prepare objection to defendants' request for judicial notice. | 0.2 | 80.00 |
| 07/18/08 | BR | Review email from Hugo re hearing. | 0.1 | 45.00 |
| 07/18/08 | BR | Prepare for and attend hearing. | 3.5 | 1,575.00 |
| 07/18/08 | BR | Telephone conference with Keith re hearing. | 0.3 | 135.00 |
| 07/21/08 | BR | Review emails from Keith and Hugo re options and fees motion. | 0.4 | 180.00 |
| 07/22/08 | BR | Review and analysis of summary judgment order. | 1.0 | 450.00 |
| 07/23/08 | BR | Telephone conference and emails with Keith re ruling. | 0.4 | 180.00 |
| 07/23/08 | BR | Prepare fees motion. | 1.0 | 450.00 |
| 07/24/08 | BR | Review email from Hugo and Keith re judgment. | 0.2 | 90.00 |
| 07/25/08 | BR | Review email from Keith re fees and costs. | 0.3 | 135.00 |
| 07/29/08 | BR | Continue preparation of fees motion. | 1.2 | 540.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | ATTY | SERVICES RENDERED | HOURS | AMOUNT |
|------|------|-------------------|-------|--------|
| 07/29/08 | BR | Review email from plaintiff re fees motion and local rules. | 0.4 | 180.00 |
| 07/29/08 | BR | Review Minute order. | 0.1 | 45.00 |
| 07/30/08 | BR | Review emails re fees motion. | 0.4 | 180.00 |
| 07/30/08 | BR | Research re local rules re clarification and fees. | 0.5 | 225.00 |
| 07/30/08 | BR | Prepare motion and stipulation. | 1.5 | 675.00 |
| 07/30/08 | KG | Analysis of motion for clarification on issues of statutory penalities. | 0.3 | 120.00 |
| 07/31/08 | BR | Finish preparing motion for clarification and joint stipulation. | 0.5 | 225.00 |
| 07/31/08 | BR | Review emails from defendant's counsel re joint stipulation. | 0.5 | 225.00 |
| 07/31/08 | BR | Prepare joint stipulation for service and filing. | 0.3 | 135.00 |
| 07/31/08 | KG | Revise joint motion for clarification. | 0.8 | 320.00 |
| 07/31/08 | KG | Review status of case and strategy for attorney fees motion with Bill. | 0.2 | 80.00 |

TOTAL CURRENT PROFESSIONAL FEES 07/31/08   327.9     $145,445.00

| SUMMARY | HOURS | RATE | AMOUNT |
|---------|-------|------|--------|
| William Reilly | 285.70 | 450.00 | 128,565.00 |
| Kevin Gill | 42.20 | 400.00 | 16,880.00 |

RIMAC & MARTIN, P.C.

August 15, 2008

HUGO SLUIMER, HUGO

OUR FILE NUMBER  90-1
INVOICE NUMBER  6108

Name of matter:  SLUIMER V VERITY

| DATE | COSTS ADVANCED | AMOUNT |
|------|----------------|--------|
| 02/28/08 | Fees paid to Clerk, USDC Northern District re filing of complaint. | 350.00 |
| 02/29/08 | Fees paid to Nationwide Legal re file summons and complaint. | 68.00 |
| 03/12/08 | Fees paid to Nationwide Legal Service re mulitple personal serves of summons and complaint to Verity Inc. and Verity Change Control Benefits Plan. | 338.00 |
| 05/29/08 | Fees paid to Nationwide re delivery to chambers of Judge Isltoany at USDC. | 9.00 |
| 05/31/08 | Copy Fees. | 64.10 |
| 06/17/08 | Fees paid to Nationwide Legal re delivery to chambers, Judge Illston. | 35.00 |
| 06/30/08 | Fees paid to Nationwide Legal re delivery and filing with Clerk, USDC. | 35.00 |

```
                                        -------------
        TOTAL CURRENT COSTS ADVANCED 07/31/08    $899.10
                                        -------------
        TOTAL CURRENT FEES AND COSTS 07/31/08   $146,344.10
                                        -------------

                TOTAL BALANCE DUE 07/31/08   $146,344.10
                                        =============
```

**EXHIBIT B**

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10   ERIK UDD, individually and on behalf of a      )
     class of all other persons similarly situated,  )
11                                                   )
                      Plaintiff,                     )    Case No. CV 04-05080 JW
12                                                   )
               vs.                                   )
13                                                   )    [REVISED PROPOSED] ORDER
     ALAN B. VIDINSKY, DONALD C.                     )    GRANTING MOTION FOR FINAL
14   LIGHTBODY, ALAN B. VIDINSKY &                   )    APPROVAL OF CLASS ACTION
     JOANNE K. VIDINSKY 1993 TRUST and               )    SETTLEMENT AND AWARD OF
15   VALIN CORPORATION AMENDED                       )    ATTORNEYS' FEES
     EMPLOYEE STOCK OWNERSHIP PLAN                   )
16   AND TRUST COMMITTEE,                            )
                                                     )
17                    Defendants.                    )
                                                     )
18

19          This matter is before the Court on the motion of Plaintiff Erik Udd for final approval of

20   the class action settlement reached in this action, award of attorneys' fees and costs, and award of

21   service payment to the class representative.

22          The Court, having entered an Order on March 13, 2006, preliminarily approving the

23   Settlement Agreement (a copy of which is attached as Exhibit A to the Order of March 13, 2006,

24   granting preliminary approval) and conditionally certifying the following class:

25              All Plan participants or beneficiaries whose Company Stock

26              Accounts in the Plan were credited with additional shares of Valin

27              Corporation common stock as a result of the July 12, 2001

28              transaction. Excluded from the class are Defendants Vidinsky and

Case 3:08-cv-01220-SI    Document 50-3    Filed 08/22/2008    Page 3 of 6
Case 3:06-cv-00258-MMC    Document 61-3    Filed 02/14/2008    Page 2 of 5
Case 5:04-cv-05080-JW    Document 141    Filed 06/28/2006    Page 2 of 5

1     Lightbody;

2  having directed that Notice be given to all Class Members of the proposed settlement and of a

3  hearing (the "Fairness Hearing") scheduled to determine whether the proposed settlement should

4  be finally approved as fair, adequate, and reasonable, and to hear any objections to any of these

5  matters; having considered Plaintiff's motion for final approval of the Settlement Agreement and

6  documents in support thereof; having considered the Settlement Agreement and all exhibits

7  attached thereto; and having considered all of the submissions and arguments with regard to

8  Plaintiff's motion for final approval; and having held the Fairness Hearing and considered the

9  submissions and arguments made in connection therewith;

10  **THE COURT HEREBY FINDS AS FOLLOWS:**

11     1.    To the extent defined in the Agreement attached hereto as Exhibit A and

12  incorporated herein by reference, the terms in this Order shall have the meanings set forth therein

13  or in the Order of March 13, 2006, preliminarily approving the Settlement.

14     2.    The Court has subject matter jurisdiction over this action and personal jurisdiction

15  over the parties.

16     3.    Without affecting the finality of this Order and Judgment, the Court retains

17  jurisdiction over the interpretation, administration, and consummation of the Settlement

18  Agreement.

19     4.    Notice to the Class Members has been given in an adequate and sufficient manner,

20  and the notice given constitutes the best notice practicable, complying in all respects with federal

21  law and the requirements of due process. Notice given to Class Members was reasonably

22  calculated under the circumstances to apprise Class Members of the pendency of this action, of

23  all material elements of the proposed Settlement, and of their opportunity to object to or

24  comment on the Settlement and to appear at the Fairness Hearing. Full opportunity has been

25  afforded to Class Members to participate in the Fairness Hearing. Accordingly, the Court finds

26  that all Class Members are bound by this Order.

27     5.    The Order of March 13, 2006, of this Court certifying the class defined above

28  pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2) is confirmed.

Case 3:08-cv-01220-SI    Document 50-3    Filed 08/22/2008    Page 4 of 6
Case 3:06-cv-00258-MMC    Document 61-3    Filed 02/14/2008    Page 3 of 5
Case 5:04-cv-05080-JW    Document 41    Filed 06/28/2006    Page 3 of 5

1       6.    Because the Court certified the settlement class under Rule 23(b)(1) and (b)(2),

2  class members may not opt out of the mandatory Class.

3       7.    The Court set a deadline of May 18, 2006, for Class Members to file objections to

4  the Settlement. No objections have been filed. The Court has held a hearing to consider the

5  fairness, reasonableness, and adequacy of the proposed settlement.

6       8.    The Settlement Agreement was made in good faith. Arm's length negotiations

7  took place between Class Counsel and defense counsel, under the supervision of the mediator,

8  Judge (Ret.) Charles Renfrew, that resulted in the proposed Settlement.

9       9.    The proposed Settlement – being in all respects fair, reasonable, adequate, proper,

10  and in the best interests of the Class Members given the benefits of settlement and the risks,

11  complexity, expenses, and probable duration of further litigation between Class Members and

12  Defendants – is accordingly finally approved.

13      10.    In accordance with the terms of the Settlement Agreement, which are hereby

14  incorporated by reference as though fully set forth herein, it is hereby ordered, adjudged, and

15  decreed as follows:  Defendants are ordered to distribute Settlement Amounts to Class Members

16  (or their Plan accounts, as appropriate), within 60 days of the Effective Date, or as soon as

17  administratively practicable, but in no event later than 90 days after the Effective Date, in

18  accordance with the Settlement Agreement Section II.B.2.f. Defendants are discharged and

19  released from the Released Claims as defined in Paragraphs II.B.1.i and II.A.5 of the Agreement

20  and the Unknown Claims as defined in Paragraph II.A.8, and those claims are hereby dismissed

21  with prejudice. Nothing in this Order shall be construed to affect any claims not released under

22  the terms of the Settlement Agreement, including but not limited to the pending shareholder

23  derivative action *Shea v. Vidinsky, Lightbody, Sycamore Lake Partners, LLC, and Does 1-100,*

24  *inclusive and Valin Corp.,* Case No. CGC 04-437473, in California Superior Court in San

25  Francisco.

26      11.    Also in accordance with the terms of the Settlement Agreement, Plaintiff and the

27  Class Members, and their fiduciaries, trustees, heirs, executors, administrators, beneficiaries,

28  representatives, predecessors, agents, attorneys, successors and assigns, are barred and enjoined

Case 3:08-cv-01220-SI    Document 50-3    Filed 08/22/2008    Page 5 of 6
Case 3:06-cv-00258-MMC    Document 61-3    Filed 02/14/2008    Page 4 of 5
Case 5:04-cv-05080-JW    Document 141    Filed 06/22/2006    Page 4 of 5

1  from instituting, maintaining, prosecuting or enforcing, in any capacity, the Released Claims

2  against the Released Persons, except to the extent that this Court retains jurisdiction to enforce

3  the Settlement and effectuate the terms of the Settlement.

4      12.    Nothing in the Settlement or this Order is or shall be deemed an admission by

5  Defendants of any liability or wrongdoing.

6      13.    The Court has examined Plaintiff's request for award of attorney's fees, costs, and

7  class representative payment. The Court finds that Class Counsel has devoted substantial time to

8  this litigation for the benefit of the Class, represented the Class on a contingent fee basis, and

9  obtained an excellent result for the Class. The Court further finds that Plaintiff's requested

10  award of $202,622.45 for lodestar attorneys' fees and costs is reasonable in light of the factors

11  listed above and of the fact that the fees requested represent only approximately six (6) percent of

12  the monetary value of the Settlement, which is substantially less than the 25 percent

13  "benchmark" in the Ninth Circuit. *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d

14  1301, 1311 (9th Cir. 1990); *Paul, Johnson, Altson & Hunt v. Graulty*, 886 F.2d 268 (9th Cir.

15  1989); *Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1376-77 (9th Cir. 1993).

16      14.    The Court further finds that the hourly rates requested – $495 per hour for Daniel

17  Feinberg, $295 per hour for Margaret Hasselman and Claire Kennedy-Wilkins, and $180 per

18  hour for Michelle Roberts before she was sworn in as an attorney and for law clerk and paralegal

19  time – are reasonable and in line with those prevailing in the community for similar services of

20  lawyers of reasonably comparable skill, experience, and reputation.

21      15.    The Court further finds that Plaintiff's request for award of costs for out-of-pocket

22  expenses incurred by Class Counsel in the litigation is reasonable. The Court finds that the costs

23  requested to be reimbursed were reasonably incurred for the benefit of the Class.

24      16.    Therefore, in accordance with the terms of the Settlement, the Vidinsky

25  Defendants are ordered to pay to Class Counsel within fourteen (14) calendar days $202,622.45

26  for attorneys' fees and costs.

27      17.    The Court further finds that the Class Representative played a significant role in

28  developing the factual background for this litigation and in settlement negotiations. Plaintiff's

Case 3:08-cv-01220-SI    Document 50-3    Filed 08/22/2008    Page 6 of 6
Case 3:06-cv-00258-MMC    Document 61-3    Filed 02/14/2008    Page 5 of 5
Case 5:04-cv-05080-JW    Document 41    Filed 06/23/2006    Page 5 of 5

1  requested service payment of $4,000 for the Class Representative is modest in comparison to

2  service payments awarded to class representatives in other cases, and is reasonable in light of the

3  Class Representative's contributions to the litigation. Therefore Plaintiff's request for a $4,000

4  service payment to Class Representative Erik Udd by the Vidinsky Defendants is approved.

5  **IT IS SO ORDERED.**

6

7  Dated: ____June 26____, 2006

8  _James Ware_
   James Ware

9  United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Final Approval [Case No. CV 04-05080 JW]

**EXHIBIT C**

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                        No. C 06-7025 CW
9    ILENE P. KING,
                                        ORDER GRANTING
10            Plaintiff,                 PLAINTIFF'S MOTION
                                        FOR RECOVERY OF
11      v.                              ATTORNEYS' FEES

12   CIGNA CORPORATION, et al.,

13            Defendants.
     _____/
14

15

16       Plaintiff Ilene P. King moves to recover attorneys' fees

17   incurred in prosecuting this action.  Defendants Connecticut

18   General Life Insurance Company and Alltel Telephone Services Long

19   Term Disability Plan oppose Plaintiff's motion.[1]  The matter was

20   taken under submission on the papers.  After considering all of the

21   papers filed by the parties, the Court grants Plaintiff's motion,

22   but awards her less than the total amount of fees sought.

23                            BACKGROUND

24       Plaintiff brought this action under the Employee Retirement

25   Income Security Act (ERISA) challenging Defendants' denial of her

26   long-term disability benefits.  In an order dated August 7, 2007,

27

28       [1]In this order, all references to "Defendants" apply to these
     two Defendants only.

Case 3:06-cv-00752-MMC    Document 63-4    Filed 12/23/2008    Page 2 of 4

the Court granted judgment in favor of Plaintiff on her claim for benefits. However, it denied Plaintiff's claims for breach of fiduciary duty and statutory penalties. It also dismissed all claims against CIGNA Corporation, which is neither Plaintiff's disability plan nor her plan's sponsor, fiduciary, or administrator.

Plaintiff now seeks recovery of attorneys' fees in the amount of $106,071.25 against Defendants. In support of this request, Plaintiff submits the declaration of her attorney, Julian M. Baum, detailing the hours he and other attorneys spent on the case, and providing information to support Plaintiff's contention that these attorneys' hourly rates are reasonable.

DISCUSSION

I.    Timeliness of Plaintiff's Motion

As a threshold matter, Defendants argue that Plaintiff's motion should be denied because it was filed untimely. Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a motion for attorneys' fees must be filed "no later than 14 days after entry of judgment," unless otherwise provided by statute or court order. Judgment in this case was entered on August 24, 2007, and directed Plaintiff to file her motion for attorneys' fees within fourteen days, corresponding to a deadline of Friday, September 7, 2007. Plaintiff filed her motion on that date, but did not file the accompanying Baum declaration until the next court day, September 10, 2007. Plaintiff attributes the delay to difficulties using the court's electronic filing system.

Defendants are correct in noting that the declaration should

United States District Court
For the Northern District of California

Case 3:06-cv-00752-MMC     Document 63-4     Filed 12/23/2008     Page 8 of 14

1  have been filed with Plaintiff's motion on September 7, 2007.

2  Nevertheless, Plaintiff's motion was filed by the deadline, and

3  Defendants have not shown that they were prejudiced by the delay of

4  one court day in filing the supporting declaration.  Accordingly,

5  the delay provides no basis for denying Plaintiff's motion.

6  II.   Plaintiff's Request for Attorneys' Fees

7       ERISA provides that "the court in its discretion may allow a

8  reasonable attorney's fee and costs of action to either party."  29

9  U.S.C. § 1132(g)(1).  The Ninth Circuit has held that "[t]his

10 section should be read broadly to mean that a plan participant or

11 beneficiary, if he prevails in his suit under § 1132 to enforce his

12 rights under his plan, should ordinarily recover an attorney's fee

13 unless special circumstances would render such an award unjust."

14 Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984)

15 (internal quotation marks omitted).  This is in line with ERISA's

16 broad remedial purpose "to protect employee rights and to secure

17 effective access to federal courts."  Id.

18      In determining whether special circumstances exist warranting

19 the denial of attorneys' fees, a court may consider: (1) the degree

20 of the opposing party's culpability or bad faith; (2) the ability

21 of the opposing party to satisfy an award of fees; (3) whether an

22 award of fees against the opposing party would deter others from

23 acting in similar circumstances; (4) whether the party requesting

24 fees sought to benefit all participants and beneficiaries of an

25 ERISA plan or to resolve a significant legal question regarding

26 ERISA; and (5) the relative merits of the parties' positions.

27 Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980).

28

**United States District Court**
For the Northern District of California

3

1   No one of these <u>Hummell</u> factors is decisive, and some may not be

2   pertinent in a given case.  <u>Carpenters S. Cal. Admin. Corp. v.</u>

3   <u>Russell</u>, 726 F.2d 1410, 1416 (9th Cir. 1984).  Rather, they reflect

4   a balancing, and not all must weigh in favor of a fee award.

5   <u>McElwaine v. U.S. West, Inc.</u>, 176 F.3d 1167, 1173 (9th Cir. 1999).

6       A consideration of the <u>Hummell</u> factors in this case reveals a

7   lack of special circumstances to warrant denying Plaintiff's

8   motion.  While the Court has not found that Defendants acted in bad

9   faith, bad faith is not required for an award of attorneys' fees.

10  <u>Smith</u>, 746 F.2d at 590.  And from a legal perspective, Defendants

11  are "culpable" in that they were found to owe Plaintiff a legal

12  duty that they were not fulfilling.

13      It is not disputed that Defendants have the ability to pay the

14  fees sought.  In addition, even though this lawsuit seeks primarily

15  to benefit Plaintiff, an award of attorneys' fees could serve to

16  deter other plan administrators from denying meritorious disability

17  claims.  This could indirectly benefit other individuals.

18      As for the relative merits of the parties' positions,

19  Plaintiff succeeded on her claim for benefits.  While it is true

20  that her claims for breach of fiduciary duty and statutory

21  penalties were dismissed along with her claims against CIGNA, this

22  does not constitute a basis for denying her motion.  <u>Smith</u> held

23  that attorneys' fees should not be denied "simply because the

24  plaintiff failed to prevail on every contention raised in the

25  lawsuit.  Litigants in good faith may raise alternative legal

26  grounds for a desired outcome, and the court's rejection of or

27  failure to reach certain grounds is not a sufficient reason for

28                                  4

United States District Court
For the Northern District of California

Case 3:06-cv-00752-MMC   Document 63-4   Filed 02/23/2008   Page 5 of 44

1  reducing a fee.  The result is what matters."  746 F.2d at 591

2  (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983)).

3  Accordingly, the fifth <u>Hummell</u> factor also supports awarding

4  Plaintiff attorneys' fees.

5  III. Amount of Recoverable Fees

6       In the Ninth Circuit, reasonable attorneys' fees are

7  determined by first calculating the "lodestar."  <u>Jordan v.</u>

8  <u>Multnomah County</u>, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The

9  'lodestar' is calculated by multiplying the number of hours the

10  prevailing party reasonably expended on the litigation by a

11  reasonable hourly rate."  <u>Morales v. City of San Rafael</u>, 96 F.3d

12  359, 363 (9th Cir. 1996).  There is a strong presumption that the

13  lodestar figure represents a reasonable fee.  <u>Jordan</u>, 815 F.2d at

14  1262.  However, the court may adjust the award from the lodestar

15  figure upon consideration of additional factors that may bear upon

16  reasonableness.  <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70

17  (9th Cir. 1975).

18       Determining a reasonable hourly rate is a critical inquiry.

19  <u>Jordan</u>, 815 F.2d at 1262 (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895

20  n.11 (1984)).  In establishing the reasonable hourly rate, the

21  court may take into account: (1) the novelty and complexity of the

22  issues; (2) the special skill and experience of counsel; (3) the

23  quality of representation; and (4) the results obtained.  <u>See</u>

24  <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir.

25  1988).  These factors are subsumed in the initial lodestar

26  calculation, and should not serve as independent bases for

27  adjusting fee awards.  <u>Morales</u>, 96 F.3d at 363-64.  The reasonable

28

United States District Court
For the Northern District of California

1   rate inquiry should also be informed by reference to the prevailing

2   market rates in the forum district.  <u>Gates v. Deukmejian</u>, 987 F.2d

3   1392, 1405 (9th Cir. 1992).

4       The Supreme Court has recognized that, while it is appropriate

5   for the district court to exercise its discretion in determining an

6   award of attorneys' fees, it remains important for the court to

7   provide "a concise but clear explanation of its reasons for the fee

8   award."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983); <u>Hall v.</u>

9   <u>Bolger</u>, 768 F.2d 1148, 1151 (9th Cir. 1985) (in computing an award,

10  the district court should provide a "detailed account of how it

11  arrives at appropriate figures for 'the number of hours reasonably

12  expended' and 'a reasonable hourly rate'") (quoting <u>Blum</u>, 465 U.S.

13  at 898).

14      A.   Hourly Rate

15      Plaintiff's seeks an hourly rate of $450 for Mr. Baum, the

16  lead attorney on her case, $425 for Robert C. Weems, his partner,

17  and $400 for Thomas J. Fuchs, an associated attorney.  Defendants

18  do not argue that Mr. Baum's or Mr. Weems' rates are unreasonable,

19  but they do argue that there is insufficient evidence to justify

20  Mr. Fuchs' rate.

21      Mr. Baum's declaration details the three attorneys'

22  professional backgrounds.  According to the declaration, Mr. Baum

23  has practiced law for approximately twenty years, working on a

24  variety of complex cases.  He also has significant experience

25  litigating ERISA actions.  His 2007 billing rate for ERISA matters

26

27

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  is $450 per hour.[2]  Mr. Weems graduated from law school in 1990 and

2  also has extensive experience litigating complex lawsuits,

3  including lawsuits involving disputes between policyholders and

4  insurers.  His 2007 billing rate for ERISA matters is $425 per

5  hour.  Mr. Fuchs graduated from law school in 1987 and served for

6  seventeen years as a law clerk in the United States Bankruptcy

7  Court.  Additionally, he has a doctorate in clinical psychology.

8  His 2007 billing rate for ERISA matters is $400 per hour.

9       Mr. Baum states in his declaration that he is familiar with

10  the prevailing market rates for experienced ERISA attorneys in the

11  Bay Area, and that the above rates are typical of the market.  This

12  accords with rates found reasonable in other cases.  For instance,

13  in a 2006 case, this Court found that Mr. Baum's and Mr. Weems'

14  hourly rates of $415 and $400, respectively, were reasonable.

15  Order Denying Plaintiff's Application for an Order to Show Cause

16  and Granting Motion for Award of Attorneys' Fees, dated June 30,

17  2006, King v. GE Fin. Assurance Co., No. C 05-3478.  Mr. Baum

18  states that his firm's rates have increased since the King case.

19  In other ERISA cases, courts have found similar rates to be

20  reasonable for attorneys with an amount of experience roughly

21  equivalent to Mr. Baum's and Mr. Weems'.  See Farhat v. Hartford

22  Life and Accident Ins. Co., 2006 WL 2521571, at *7 (N.D. Cal.)

23

24       [2]Some of the work billed by Mr. Baum's law firm was performed
   in 2006.  However, the Ninth Circuit has held that when an
25  attorney's payment is delayed, the district court may compensate by
   applying the attorney's current rate to all hours billed.  Fischel
26  v. Equitable Life Assurance Society of the U.S., 307 F.3d 997, 1010
   (9th Cir. 2002).  Thus, the Court uses the attorneys' 2007 rates
27  for all applicable calculations in this case.

28                                 7

United States District Court
For the Northern District of California

1 │ (finding the rate of $435 reasonable for a law firm partner with

2 │ significant ERISA experience and noting that "[t]he declarations

3 │ and relevant case law establish a range for experienced partners

4 │ from approximately $400/hour to $495/hour"); May v. Metropolitan

5 │ Life Ins., 2005 WL 839291, at *3 (N.D. Cal.) (noting evidence that

6 │ the prevailing rate for partner-level ERISA attorneys in the Bay

7 │ Area is between $425 and $450 per hour); Fenberg v. Cowden, 2006 WL

8 │ 83053, at *3-*4 (N.D. Cal.) (approving a rate of $400 per hour for

9 │ an ERISA attorney who lived outside the Bay Area and had

10 │ "significantly less" than twenty years of ERISA litigation

11 │ experience).  Given Mr. Baum's and Mr. Weems' level of experience,

12 │ their rates appear to be within the prevailing rate range.

13 │ Considering also that Defendants do not assert that these

14 │ attorneys' rates are unreasonable or provide any evidence

15 │ demonstrating as much, the Court finds the rates to be reasonable.

16 │     Defendants correctly note that there is less evidence

17 │ supporting the reasonableness of Dr. Fuchs' rate of $400 per hour.

18 │ Mr. Baum's declaration states that Dr. Fuchs has twenty years of

19 │ legal experience and possesses a doctorate in clinical psychology,

20 │ but says nothing of his expertise in ERISA matters or in mediation,

21 │ for which his services in this case were primarily used.  However,

22 │ Plaintiff has provided information about the prevailing rates of

23 │ other attorneys in the community, albeit attorneys with somewhat

24 │ different professional backgrounds.  "[T]he Ninth Circuit has

25 │ implied that defendants cannot simply disagree with this evidence,

26 │ but should 'support their arguments with any affidavits or evidence

27 │ of their own regarding legal rates in the community.'"  Farhat,

28 │

United States District Court
For the Northern District of California

1    2006 WL 2521571 at *7 (quoting <u>United Steelworkers of Am. v. Phelps</u>

2    <u>Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990)).  Given the

3    evidence presented, the Court concludes that Dr. Fuchs' hourly rate

4    of $400 is reasonable.

5         B.    Number of Hours

6         Defendants argue that Plaintiff's attorneys' fees should be

7    reduced by $18,036.25 because an excessive number of hours were

8    billed.  Specifically, Defendants assert that: 1) the time spent

9    researching discovery issues was unjustified; 2) they should not be

10   held responsible for the time spent researching the issues

11   underlying CIGNA's request for a voluntary dismissal; 3) Mr. Baum's

12   review in preparation for the case management conference was

13   redundant and unnecessary; 4) research related to Dr. Gerstenblitt

14   was excessive and unnecessary; 5) Plaintiff cannot recover charges

15   for the services of Mr. Baum's paralegal; and 6) it was

16   unreasonable for two attorneys to attend the mediation on

17   Plaintiff's behalf.

18        The Court has reviewed the itemized charges submitted in

19   connection with Plaintiff's motion, and concludes that the number

20   of hours charged is reasonable except as noted below.  A reduction

21   of $5,956.25 from the amount of fees sought is appropriate, leading

22   to a total award of $100,565, including $450 for Mr. Baum's time

23   spent preparing Plaintiff's reply on this motion.[3]  This amount is

24

25        [3]In her reply, Plaintiff seeks $1,350 for the three hours Mr.
     Baum spent drafting it.  Because this request is not supported by a
26   declaration, the Court will award Plaintiff only $450 for the time
     spent preparing the reply, representing one hour's worth of Mr.
27   Baum's fees.

28                                    9

1  also consistent with awards of attorneys' fees in other ERISA

2  cases.  See Baum Dec. Ex. C.

3         1.  Research on discovery issues

4      Mr. Baum billed Plaintiff for 12.7 hours of legal research and

5  analysis concerning discovery issues.  Defendants argue that

6  because no discovery was involved in this case, these charges are

7  unreasonable.

8      Plaintiff notes that on February 28, 2007, Mr. Baum spent 5.3

9  hours researching cases construing the Ninth Circuit's decision in

10  Abatie v. Alta Health & Life Insurance Co., 458 F.3d 955 (9th Cir.

11  2006), which changed the law on the standard of review in ERISA

12  cases.  Abatie's holdings also impacted the right of ERISA

13  plaintiffs to obtain discovery.  See Shemano-Krupp v. Mutual of

14  Omaha Ins. Co., 2006 WL 3365595, at *9 (N.D. Cal.); Toven v. Metro.

15  Life Ins. Co., 2007 WL 2713579, at *1 (C.D. Cal.).  Given that

16  Abatie was decided only recently, it was not unreasonable for Mr.

17  Baum to spend 5.3 hours researching the case's effect on subsequent

18  law, even considering his expertise on ERISA matters.  Nor was it

19  unreasonable for him to spend 3.1 hours analyzing these issues on

20  February 23, 2007 in preparation for the Court's case management

21  conference.

22      Mr. Baum also spent 4.3 hours on April 13, 2007 researching

23  other cases in which CIGNA had been required to produce discovery.

24  Because this research pertained solely to CIGNA, which was

25  dismissed from the action, Defendants should not be required to pay

26  for it.  Accordingly, these 4.3 hours are deducted from the

27  allowable time billed, and Plaintiff's award is reduced by $1,935.

28                              10

United States District Court
For the Northern District of California

2. Research on claims against CIGNA

Defendants object to paying for charges incurred in connection with the 6.7 hours Mr. Baum spent on March 15, 2007 researching the legal issues underlying CIGNA's request that Plaintiff voluntarily dismiss it from the action. As noted above, the Court granted CIGNA's motion for judgment, finding that because CIGNA did not issue Plaintiff's policy, administer Plaintiff's claim or participate in the denial of Plaintiff's benefits, it could not be held liable under ERISA. It would be unfair to charge Defendants for Plaintiff's research on CIGNA's liability, in that the subject matter of the research did not concern them, but rather another party that ultimately prevailed. Accordingly, Plaintiff's request for fees is further reduced by $3,015, corresponding to 6.7 hours of Mr. Baum's time.

3. Preparation for the case management conference

Defendants object to the two hours of time Mr. Baum spent reviewing the case file in preparation for the Court's case management conference. They assert that because Mr. Weems, not Mr. Baum, attended the conference, Mr. Baum's work was redundant and unnecessary. Mr. Baum represents that, after reviewing the file, he created a memo that Mr. Weems read before reviewing the file himself. The Court is not persuaded that this charge is unreasonable, and will allow Plaintiff to recover it.

4. Research on Dr. Gerstenblitt

Mr. Baum spent 8.5 hours searching medical databases and case law for information about the credentials, reputation and experience of Dr. Gerstenblitt, the physician on whose report

11

1 | Defendants relied in denying Plaintiff's claim.  Defendants object
2 | to the charge for this research, arguing that Plaintiff never
3 | sought to introduce extrinsic evidence about Dr. Gerstenblitt.
4 | This may be true, but the fact that Plaintiff was not able to
5 | uncover evidence raising serious doubts about Dr. Gerstenblitt's
6 | abilities does not mean that the search for such evidence was
7 | unreasonable.  Defendants relied heavily on Dr. Gerstenblitt's
8 | report in their decision to deny Plaintiff's benefits.  Plaintiff
9 | was entitled to look into his professional background, and 8.5
10 | hours is not an unreasonable amount of time to spend looking.

11 | 　　　　　5.　Paralegal charges

12 | Defendants also object to Mr. Baum's charge for 8.05 hours of
13 | paralegal services at an hourly rate of $125.  In supporting the
14 | reasonableness of this charge, Plaintiff correctly points out that
15 | paralegal fees may be included in an award of attorneys' fees.
16 | However, the Ninth Circuit has held that:

> If the attorney's hourly rate already incorporates the
> cost of work performed by non-attorneys, then courts
> should not compensate for these costs as an additional
> reasonable attorney's fee.  The key . . . is the billing
> custom in the relevant market.  Thus, fees for work
> performed by non-attorneys such as paralegals may be
> billed separately, at market rates, if this is the
> prevailing practice in a given community.  Indeed, even
> purely clerical or secretarial work is compensable if it
> is customary to bill such work separately, though such
> tasks should not be billed at the paralegal rate,
> regardless of who performs them. . . . [T]he district
> court may properly insist that the [moving party] show
> that it is the custom in the relevant community to bill
> separately for work performed by the non-attorneys at
> issue . . . .

25 | Trustees of Constr. Indus. and Laborers Health and Welfare Trust v.
26 | Redland, 460 F.3d 1253, 1257 (9th Cir. 2006) (internal quotation

28 | 　　　　　　　　　　12

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  marks and citations omitted).

2      Plaintiff has provided no evidence of the prevailing practice

3  in the Bay Area legal community with respect to billing clients for

4  paralegal services, nor has she provided information demonstrating

5  that an hourly rate of $105 for paralegal services is reasonable.

6  Even if she had, she still would not be able to recover this rate

7  for purely clerical services performed by the paralegal.  At least

8  one charge seems to be based on no more than copying legal

9  authorities for review by attorneys.  Baum Dec. Ex. A at 7.  For

10  these reasons, the Court denies Plaintiff's request to recover fees

11  for paralegal services, and her award is reduced by $1,006.25.

12          6.    Mediation charges

13      At the Court-ordered mediation in this case, Plaintiff was

14  represented by two attorneys: Mr. Baum and Dr. Fuchs.  Defendants

15  argue that it was unreasonable for Plaintiff to send two attorneys

16  to the mediation, because Mr. Baum is highly skilled in ERISA

17  matters and should have been able to handle Plaintiff's

18  representation himself.  However, "the participation of more than

19  one attorney [at a mediation] does not necessarily constitute an

20  unnecessary duplication of effort."  Mardirossian v. Guardian Life

21  Ins. Co. of Am., 457 F. Supp. 2d 1038, 1049-50 (C.D. Cal. 2006)

22  (quoting Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989));

23  see also Fleming v. Kemper Nat'l Servs., Inc., 373 F. Supp. 2d

24  1000, 1009 (N.D. Cal. 2005); Lopez v. S.F. Unified School Dist.,

25  385 F. Supp. 2d 981, 993-94 (N.D. Cal. 2005).

26      The mediation in this case represented a significant

27  opportunity to resolve the dispute at an early stage, and it was

28                              13

not unreasonable for Plaintiff to enlist the services of two
attorneys with different backgrounds and perspectives to attend it.
Accordingly, the Court finds that Dr. Fuchs' fees are recoverable.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion
for attorneys' fees and awards her $100,565, to be paid forthwith,
jointly and severally by Defendants.

IT IS SO ORDERED.

Dated:  12/13/07

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

14

**EXHIBIT D**



United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA FLEMING,

        Plaintiff,

    v.

KEMPER NATIONAL SERVICES, INC., et al.,

        Defendants.

No. C-03-5135 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT INTEREST; VACATING HEARING**

(Docket No. 73)

    Before the Court is plaintiff Cynthia Fleming's ("Fleming") motion, filed April 25, 2005, for attorneys' fees, costs, and prejudgment interest. Defendants Kemper National Services, Inc.; Vodafone Americas, Inc. Short Term Disability Plan; and Vodafone Americas, Inc. Long Term Disability Plan have filed timely opposition to the motion, to which Fleming has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the June 10, 2005 hearing on the motion. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

### BACKGROUND

    In this ERISA action, the Court granted judgment for Fleming on April 11, 2005. On

April 25, 2005, Fleming timely filed the instant motion for attorneys' fees, costs, and prejudgment interest. Fleming seeks an award of attorneys' fees in the amount of $102,862.50, plus $2363.87 in costs, and prejudgment interest in the amount of $4885.03.

## DISCUSSION

### A. Attorneys' Fees and Costs

In an ERISA action to recover unpaid disability benefits, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." See 29 U.S.C. § 1132(g)(1). The Ninth Circuit has held that "[t]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations omitted). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Id. at 589 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

In determining whether to award fees and costs, the Court should consider the following factors, often referred to as the "Hummell factors":

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

See id. at 590 (quoting Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1982)). "No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." Id. (citation omitted). Because an employee's resources are generally limited, however, and ERISA is intended to afford plan participants effective access to the courts, the ability of the defendant to satisfy an award of fees is a key factor. See id. at 589-90. "Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant."

2

1    See id. at 590.

2        1. The Hummell factors

3            a. The degree of defendants' culpability or bad faith

4        The Court turns first to the degree of the instant defendants' culpability or bad faith.

5    See Hummell, 634 F.2d at 453. "Although bad faith is a factor that would always justify an

6    award, it is not required." See Smith v. CMTA-IAM Pension Trust, 746 F.2d at 590. Here,

7    there is no indication that defendants acted in bad faith by denying plaintiff's claim.

8    Nonetheless, defendants are culpable to the extent they refused to complete their review of

9    plaintiff's appeal of the denial of plaintiff's claim, even after plaintiff brought the failure to

10    their attention by filing suit, as well as their focusing "overly on Fleming's physical

11    limitations" rather than on "the effects of Fleming's pain and her pain medications on her

12    ability to successfully function as a financial analyst." (See Order Granting Judgment For

13    Plaintiff After Bench Trial, filed April 11, 2005, at 26.) This factor thus supports, albeit only

14    slightly, an award of fees and costs.

15            b. The ability of defendants to satisfy an award of fees

16        The second Hummell factor is the ability of defendants to satisfy an award of fees.

17    See Hummell, 634 F.2d at 453. Defendants concede, in their opposition, that "there is no

18    current issue concerning the ability to pay fees." (See Opp. at 3.) Consequently, this factor

19    supports an award of fees and costs.

20            c. Whether an award of fees against defendants would deter others

21    from acting in similar circumstances

22        The third Hummell factor is whether an award of fees against defendants would

23    deter others from acting in similar circumstances. See Hummell, 634 F.2d at 453. The

24    Court finds an award of attorneys' fees against defendants would enhance the likelihood

25    that other ERISA plans that become aware of this lawsuit would take steps to ensure that

26    administrative review is completed in a timely manner, and that the effect of the insured's

27    pain is taken into account in determining whether the insured is entitled to disability

28    benefits. See, e.g., Carpenters Southern California Administration Corp. v. Russell, 726

Case 3:03-cv-02185-MMC    Document 694    Filed 06/09/2008    Page 4 of 16

1   F.2d 1410 (9th Cir. 1984) ("If defendant employers face the prospect of paying attorney's

2   fees for successful plaintiffs, they will have added incentive to comply with ERISA.");

3   McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999) ("A fee award would

4   deter other employers from forcing beneficiaries to undertake costly litigation to preserve

5   their claims.")  Indeed, plaintiff's counsel attests that at the American Bar Association's

6   Section of Labor & Employment Law Benefits Committee Midwinter Meeting in February

7   2005, she received a printed handout, entitled "Go ahead, shoot yourself in the other foot

8   (10 quick ways to lose in 2005)," which cites the instant case as an example of how not to

9   handle an ERISA action.  (See Springer-Sullivan Decl. ¶ 24 and Ex. 8.)  This factor

10  supports an award of fees and costs.

11          **d.  Whether the party requesting fees sought to benefit all participants**

12  **and beneficiaries of an ERISA plan or to resolve a significant legal question**

13  **regarding ERISA**

14          The fourth Hummell factor is whether the party requesting an award of fees sought,

15  by filing suit, to benefit all participants and beneficiaries of an ERISA plan or to resolve a

16  significant legal question regarding ERISA.  See Hummell, 634 F.2d at 453.  In the instant

17  case, plaintiff sought only to obtain benefits for herself.  Indeed, as defendant correctly

18  points out, plaintiff expressly stated, in the joint pretrial statement filed December 27, 2004,

19  that "[t]he fourth Hummell factor is not applicable to Ms. Fleming's claim because it was a

20  claim for individual benefits."  (See Joint Pretrial Statement at 24.)  Thus, this factor does

21  not support an award of fees and costs.  See Oster v. Barco of California Employees'

22  Retirement Plan, 869 F.2d 1215, 1222 (9th Cir. 1989) (finding fourth Hummell factor

23  weighed against awarding fees where plaintiff sought "benefit for himself, regardless of the

24  impact such a payment might have on the future beneficiaries of the Plan").

25          **e.  The relative merits of the parties' positions**

26          "The fifth Hummell factor, the relative merits of the parties' positions, is, in the final

27  analysis, the result obtained by the plaintiff."  Smith, 746 F.2d at 590.  In the instant case,

28  the Court found Fleming was entitled to the disability benefits she sought in her complaint.

Case 3:06-cv-02385-MMC    Document 94    Filed 06/09/2008    Page 5 of 16

1    This factor supports an award of fees and costs.

2           Accordingly, as all but one of the <u>Hummell</u> factors weigh in favor of an award of fees

3    and costs to Fleming, and no special circumstances suggest such an award would be

4    unjust, the Court finds Fleming is entitled to an award of fees and costs.

5       **2. Amount of Costs**

6           Fleming has filed a separate bill of costs in the amount of $2077.59, pursuant to 28

7    U.S.C. § 1920 and Civil L.R. 54-1 <u>et seq.</u>, which is pending before the Clerk. (<u>See</u> Docket

8    No. 71.)  By the instant motion, Fleming seeks an award of costs under § 1132(g) in the

9    amount of $2363.87, but only "to the extent they are not awarded as taxable costs pursuant

10   to 28 U.S.C. § 1920." (<u>See</u> Motion at 12; Reply at 14.)  Defendants have not opposed

11   Fleming's request for costs pursuant to § 1132(g).[1]

12          Accordingly, Fleming's request for an award of costs under § 1132(g) will be

13   GRANTED in the amount of $286.28, the amount of costs sought in excess of that sought

14   in her bill of costs.  The Court expresses no opinion as to whether Fleming is entitled to all

15   of the costs itemized in her bill of costs, as that matter is currently pending before the Clerk.

16       **3. Amount of Attorney's Fees**

17          In determining the amount of attorney's fees to be awarded under § 1132(g), the

18   Ninth Circuit has held that the district court first "must determine a 'lodestar' amount by

19   multiplying the number of hours reasonably expended on the litigation by a reasonable

20   hourly rate." <u>See</u> <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904 F.2d 1379, 1383 (9th

21   Cir. 1990).  The district court then may increase or decrease the lodestar fee based on

22   certain factors that are not subsumed within the initial calculation of the lodestar. <u>See</u> <u>id</u>.

23   "Such upward or downward adjustments are the exception rather than the rule since the

24   lodestar amount is presumed to constitute a reasonable fee." <u>Id</u>.  In the instant case,

25   Fleming does not seek an adjustment of the lodestar amount.

26          In determining the lodestar figure, the district court should exclude hours that were

27

---

28          [1] Defendants have filed objections to Fleming's separate bill of costs, however.

1    not reasonably expended. See id. at 1384.  Once the number of hours is set, the district

2    court must "determine a reasonable hourly rate considering the experience, skill, and

3    reputation of the attorney requesting fees." See id. (citation omitted).  The determination of

4    the reasonable fee "is not made by reference to rates actually charged," but by reference to

5    "the prevailing market rate in the community for similar services of lawyers of reasonably

6    comparable skill, experience and reputation." See id. (internal quotation and citation

7    omitted).

8                    **1. Number of Hours**

9           Fleming seeks attorney's fees for 388.65 hours of attorney time and 10.95 hours of

10   law clerk[2] time expended on the litigation from November 19, 2003 through April 22, 2005,

11   plus an additional 29.15 hours of attorney time and 10.20 hours of law clerk time incurred

12   from April 25, 2005 through May 19, 2005 in preparing the motion for fees, for a total of

13   417.8 hours of attorney time and 21.15 hours of law clerk time.[3]  (See Springer-Sullivan

14   Decl. ¶ 18 and Ex.1; see also Springer-Sullivan Second Decl. ¶ 7 and Ex. 3.)  Defendants

15   challenge the reasonableness of the number of hours spent by plaintiffs in litigating the

16   action, as set forth below.

17                    **a. Motion for Summary Judgment on Standard of Review**

18          First, defendants argue that fees for all but 10 hours of the 79.8 hours Fleming's

19   counsel spent preparing her motion for summary judgment on the standard of review

20   should be disallowed because much of the briefing addressed an issue the Court did not

21   decide.  In her motion for summary judgment on the standard of review, Fleming set forth

22   several arguments as to why de novo review should be applied; the Court agreed with one

23   of the arguments, granted Fleming's motion, and did not reach Fleming's additional

24   argument that statements by the California Department of Insurance that discretionary

25   _____

26       [2] Each of the three law clerks who worked on the case was a law student at the time.
     (See Springer-Sullivan Decl. ¶ 14.)
27

28       [3] Fees incurred in preparing a motion for fees are compensable under ERISA. See
     D'Emanuele, 904 F.2d at 1387.

                                            6

clauses in disability insurance contracts violate California law ("CDI issue") also required the Court to apply de novo review.  The Court finds Fleming reasonably set forth multiple arguments in support of her motion.  The Court's decision not to address all of those arguments in its order does not provide a basis for denying an award of the fees incurred in addressing an argument the Court did not reach.  As the Supreme Court observed in Hensley v. Eckerhart, 461 U.S. 424 (1983), "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  See Hensley v. Eckerhart, 461 U.S. at 435; see also Smith v. CMTA-IAM Pension Trust, 746 F.2d at 589 (citing Hensley).

Defendants further argue that Fleming's briefing on the CDI issue essentially duplicated briefing previously submitted by her counsel's law firm in a previous case.  The Court agrees that some of the briefing on the CDI issue largely duplicates briefing previously submitted in Rowe v. Planetout Partners Inc. Long Term Disability Plan, C-03-1145 WHA.  Fleming's billing records indicate that only 5.85 hours of attorney time was billed specifically for work on the CDI issue, however.  (See Springer-Sullivan Decl. Ex. 2 at 4-5.)  Moreover, the 33.1 hours spent drafting the motion, although not allocated among the issues addressed therein, does not appear unreasonable.  Accordingly, the Court finds the time spent on the summary judgment motion to be reasonable.

### b. Review of Complaint

Defendants next argue that Fleming unreasonably seeks fees for 2.85 hours of law clerk time spent reviewing the complaint on November 19, 2003.  Defendants argue that because Fleming's counsel had already spent almost four hours preparing the complaint, it is unreasonable for a law clerk to have spent three more hours reviewing the complaint.  Fleming responds, in her opposition, that the law clerk was verifying the accuracy of the allegations, and that it was both efficient and necessary for the law clerk do so.  The Court finds the challenged time was reasonably spent.

### c. Preparation of Joint Case Management Statement

1    Defendants challenge as excessive the 7.85 hours Fleming's counsel spent

2    preparing the joint case management statement.  As defendants correctly note, the joint

3    case management statement is five pages in length, and contains no legal argument.  (See

4    Penrose Decl. Ex. I.)  Fleming points out, however, that defendants themselves billed 4.2

5    hours reviewing the joint case management statement, and argue that because Fleming

6    took on the burden of drafting the statement, she reasonably spent more time on the

7    statement than did defendant's counsel.  Although work on the case management

8    conference statement may reflect "behind the scenes" disputes that do not appear in the

9    final product, neither party has adequately explained how counsel spent a combined total of

10   more than 12 hours preparing the relatively straightforward case management statement.

11   Given the absence of an explanation, the Court finds the 7.85 hours billed by plaintiff on

12   this matter to be excessive, and finds that no more than 5 hours of time reasonably could

13   have been spent preparing the case management statement.

14        Accordingly, the Court will award fees for only 5 hours of the 7.85 hours Fleming's

15   counsel spent preparing the joint case management statement.

16                **d. Preparation of Initial Disclosures**

17        Defendants contend that Fleming unreasonably spent 7.55 hours preparing her

18   initial disclosures, and request that the Court award fees for only three hours.  Defendants

19   argue that the initial disclosures contain only a list of names that already appeared in the

20   administrative record and a simple damages calculation.  Fleming responds that the time

21   was spent in a diligent effort to comply with the requirements of Rule 26(a)(1).  In light of

22   the large number of witnesses disclosed in the initial disclosures, (see Springer-Sullivan

23   Second Decl. Ex. 1), the Court finds Fleming's counsel reasonably spent 7.55 hours

24   preparing those disclosures.

25                **e. Settlement Conference**

26        Defendants argue that Fleming unreasonably spent 49.70 hours preparing for and

27   attending the settlement conference in the instant action, because defendants spent only

28   21.8 hours on the same tasks.  The issue is whether the amount of time spent by Fleming

Case 3:06-cv-02689-WHA    Document 694    Filed 06/09/2008    Page 9 of 16

1  was reasonable, however, not whether defendants managed to prepare for the same

2  conference in fewer hours.  The discrepancy on which defendants rely does not suffice to

3  support a finding that Fleming overprepared for the conference, any more than a

4  conclusion that defendants underprepared.  Defendants also argue that because Fleming

5  had already prepared an extensive letter setting forth the grounds for her administrative

6  appeal, (see Penrose Decl. Ex. G), and a letter setting forth a settlement proposal, it is

7  unclear how Fleming could spend so much additional time preparing for the settlement

8  conference.  The settlement letter, however, was prepared after, not before, the settlement

9  conference statement.  Further, although the work spent on the administrative appeal likely

10  was helpful to Fleming's counsel in preparing for the settlement conference, the Court

11  cannot say it was unreasonable for counsel to spend additional time familiarizing

12  themselves with the nuances of the case in preparation for the give-and-take of the

13  settlement conference.

14       Defendants further argue that it was unreasonable for Fleming to send two attorneys

15  to the conference.  The settlement conference had the potential for being the most

16  significant court date in the case, however, and it was not unreasonable for Fleming to

17  send two counsel to attend it.  As plaintiffs point out, given the importance of the

18  conference, it was necessary for a senior attorney to attend, and it also was important that

19  the more junior attorney who actually drafted the settlement conference statement be

20  available at the conference to answer questions about the facts of the case and the

21  supporting evidence.  Although the senior attorney could have drafted the statement

22  himself, it would have not been cost-effective, as his billing rate is more than twice as high

23  as that of the more junior attorney who actually drafted the statement.

24       Accordingly, the Court finds the amount of time spent by Fleming's counsel in

25  preparing for and attending the settlement conference to be reasonable.

26  / /

27       **f. Pretrial Conference**

28       Defendants similarly object to Fleming's sending two attorneys to the pretrial

Case 3:03-cv-02585-MMC    Document 695    Filed 06/09/2008    Page 10 of 16

1  conference, and request that the Court disallow half of the six hours counsel spent in

2  preparing for and attending the pretrial conference.  The pretrial conference is one of the

3  definitive proceedings in the litigation, however, and, consequently, it was not unreasonable

4  for Fleming to have sent two attorneys to the conference to address any issues raised by

5  the Court.  The Court finds the six hours spent by counsel in preparing for and attending

6  the pretrial conference to be reasonable.

7  **g. Fees Motion**

8  Finally, defendants contend Fleming's counsel unreasonably spent 12.9 hours of

9  attorney time preparing the motion for fees and 3.65 hours of law clerk time researching the

10  requirements for the bill of costs.

11  With respect to the time spent preparing the motion, defendants argue that the fees

12  motion is "nothing more than a 'cut and paste'" from the discussion of fees in the Joint

13  Pretrial Statement.  Fleming responds that her fifteen-page motion was not "cut-and-

14  pasted" from the "one-page attorneys' fees section of the Joint Pre-Trial Statement."  (See

15  Reply at 10.)  Although Fleming's discussion of attorneys' fees in the Joint Pretrial

16  Statement was actually close to four pages in length, (see Penrose Decl. Ex. H at 22-25),

17  the Court agrees with Fleming that much of the fees motion was drafted from scratch.  The

18  Court further finds that 12.9 hours was not an unreasonable amount of time to spend in

19  preparing this fifteen-page motion.

20  With respect to the bill of costs, defendants argue that fees for no more than an hour

21  of time should be allowed for researching the requirements for bills of costs, since the Civil

22  Local Rules expressly set forth what costs are allowable.  Defendants also argue that any

23  attorney should already know the rules for bills of costs.  The Court agrees that 3.65 hours

24  of law clerk time spent researching the rules for bills of costs is excessive.  In the Court's

25  order granting judgment for Fleming, the Court expressly ordered that "Fleming's requests

26  for costs and attorney's fees shall be filed in conformity with Civil Local Rules 54-1 and

27  54.6, respectively."  (See Order Granting Judgment for Plaintiff After Bench Trial, filed April

28  11, 2005, at 33.)  The Civil Local Rules, beginning at Rule 54-1, expressly state the

Case 3:06-cv-02335-MMC   Document 694   Filed 06/09/2008   Page 11 of 66

1  requirements for bills of costs. (See Civil L.R. 54-1 et seq.) As the Court directed Fleming

2  to the requirements for bills of costs, the Court agrees with defendants that no more than

3  1.5 hours of law clerk time reasonably should have been spent on the issue.

4       Accordingly, the Court finds that Fleming reasonably spent 12.9 hours in attorney

5  time preparing her motion for fees, but reasonably spent only 1.5 hours of law clerk time,

6  rather than the 3.65 hours actually billed, researching the requirements for bills of costs.

7  **h. Conclusion as to Number of Hours Reasonably Spent**

8       As noted, Fleming seeks fees for 417.8 hours of attorney time and 21.15 hours of

9  law clerk time. For the reasons set forth above, the Court finds that 414.95 hours of

10 attorney time and 19 hours of law clerk time were reasonably expended in litigating the

11 instant action and in preparing the motion for fees and bill of costs.

12 **2. Hourly Rates**

13      Four attorneys and three law clerks worked on the instant case on Fleming's behalf,

14 with the majority of the work being performed by attorney Cassie Springer-Sullivan

15 ("Springer-Sullivan"). (See Springer-Sullivan Decl. Ex. 1.) Attorneys Daniel Feinberg, Thuy

16 Le ("Le"), and Vincent Cheng ("Cheng") also billed work on the case. (See id.) Fleming

17 seeks an award of fees at the following hourly rates:

18        Springer-Sullivan   $225
       Feinberg          $450

19        Le                 $200
       Cheng           $200

20        Law clerks       $125

21 (See Springer-Sullivan Decl. Ex. 1.)

22      Defendants argue that all attorneys' fees should be awarded at an hourly rate of

23 $200, and that fees for law clerk time should be awarded at an hourly rate of $80.

24 Defendants rely on several opinions issued by a judge in this district, in non-ERISA cases,

25 in which that judge held a reasonable fee is the fee that would be billed by "reasonably

26 competent counsel," and that if "a party chooses to employ counsel of unusual skill and

27 experience, the court awards only the fee necessary to secure reasonably competent

28 counsel." See, e.g., Albion Pacific Property Resources v. Seligman, 329 F. Supp. 2d 1163,

11

Case 3:03-cv-02585-MMC    Document 95    Filed 06/09/2008    Page 12 of 16

1  1167-68 (N.D. Cal. 2004). The judge further held that "[a] reasonable hourly rate is based

2  on rates charged in the local legal community as a whole, not particular segments of the

3  bar" and that "the average market rate in the local legal community as a whole is a better

4  approximation of the hourly rate that would be charged by reasonably competent counsel

5  than the actual billing rate charged by a single attorney." See id. at 1169, 1170. After

6  devising a formula derived from information obtained from the United States Census

7  Bureau and Bureau of Labor Statistics, the judge calculated that as of April 2005,

8  reasonably competent counsel in the San Francisco area, regardless of their practice area,

9  would charge $200 per hour, see Baerthlein v. Electronic Data Systems Corp., 2005 WL

10 818381 at *5 (N.D. Cal. April 7, 2005), and that as of July 2004, a reasonable hourly rate

11 for legal assistant work is $70, see Albion, 329 F. Supp. 2d at 1178.[4]

12        As none of the cited cases in which the above-referenced methodology was

13 employed is an ERISA case, the cases are distinguishable on that ground alone.

14 Moreover, as noted, the Ninth Circuit has held that, in awarding attorneys' fees in an ERISA

15 case, district courts must consider "the experience, skill, and reputation of the attorney

16 requesting fees" and "should use the prevailing market rate in the community for similar

17 services of lawyers of reasonably comparable skill, experience, and reputation." See

18 D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d at 1384 (internal quotation and

19 citation omitted). The cases relied upon by defendants do not take into account the

20 lawyers' skill, experience, and reputation in setting a reasonable fee. See, e.g., Albion, 329

21 F. Supp. 2d at 1129. Accordingly, the Court finds Albion and its progeny distinguishable

22 and declines to follow their methodology in awarding fees in the instant ERISA action.

23        Defendants present no other argument for reducing the hourly rates of Fleming's

24 attorneys and law clerks. Fleming has set forth in detail the professional background of

25 each of her attorneys. (See Springer-Sullivan Decl. ¶¶ 3-13.) Springer-Sullivan is a third-

26 year associate who practices almost exclusively in the area of ERISA litigation and a

27

28        [4] Defendants ask that the Court award fees at an hourly rate of $80 for law clerks, an
   increase of $10 an hour from the rate found appropriate in Albion.

12

Case 3:06-cv-02585-WMC    Document 64    Filed 06/09/2008    Page 13 of 16

1  published author on ERISA issues. (See id. ¶¶ 5, 7.) Feinberg is a partner with more than

2  ten years of experience in ERISA issues. (See id. ¶¶ 8-11.) Le and Cheng are second-

3  and first-year associates, respectively. (See id. ¶¶ 12-13.) Fleming submits the declaration

4  of R. Bradford Huss ("Huss"), a shareholder in the San Francisco law firm of Trucker Huss,

5  a "21-attorney firm [that] practices exclusively in the fields of ERISA, qualified and non-

6  qualified retirement plans, employee benefits and related litigation." (See Springer Sullivan

7  Decl. Ex. 11 (Huss Decl.) ¶ 2.) Huss attests that he has been practicing in the area of

8  ERISA litigation since 1977 and that his rate of $425-450 per hour, and his firm's rate of

9  $200 to $225 per hour for a second-year ERISA associate, is "about 20% lower than the

10 rates charged by large San Francisco firms for attorneys with similar qualifications and

11 experience." (See id. ¶ 6.) Fleming also submits declarations from Steven M. Tindall

12 ("Tindall"), a partner at Lieff, Cabraser, Heimann & Bernstein LLP who litigates class

13 actions involving ERISA, product defects, and employment issues. (See Tindall Decl. ¶ 2.)

14 Tindall graduated from law school in 1996 and attests that his billing rate is $375 per hour,

15 and that his firm's hourly billing rate for second- and third-year associates is $285 per hour.

16 (See id. ¶ 3.) Ronald Dean, an attorney whose primary practice has involved ERISA for the

17 past 28 years, attests that his billing rate from January 2003 to January 2005 was $475 per

18 hour. (See Dean Decl. ¶ 4.) Dean further attests that he believes the hourly rates sought

19 by Feinberg, Springer-Sullivan, Le, Cheng, and their law clerks "are reasonable and reflect

20 the market value for their time." (See id. ¶ 12.) Fleming also points out that a judge in this

21 district recently awarded fees in an ERISA case based on declarations that the market rate

22 for partner-level ERISA attorneys in the Bay Area is $425-$450 per hour, and

23 approximately $225 per hour for ERISA associates. See May v. Metropolitan Life Ins. Co.,

24 2005 WL 839291 at *3-4 (N.D. Cal. April 7, 2005). As defendants have submitted no

25 evidence to the contrary, the Court finds the hourly rates sought for Fleming's attorneys

26 and law clerks are reasonable.

27    **3. Total Amount of Fees**

28    Fleming seeks an award of attorneys' fees as follows:

13

| Attorney/Law Clerk | Amount of Hours | Hourly Rate | Total |
|---|---|---|---|
| Feinberg | 39.45 | $450 | 17,752.50 |
| Springer-Sullivan | 281.45 | 225 | 63,326.25 |
| Le | 87.90 | 200 | 17,580.00 |
| Cheng | 10.65 | 200 | 2,130.00 |
| Law Clerks | 21.15 | 125 | 2,643.75 |
| | | TOTAL: | $103,432.50 |

(See Springer-Sullivan Decl. Ex. 1; Springer-Sullivan Second Decl. Ex. 3.) As set forth above, the Court has disallowed fees for 2.85 hours of attorney time expended in preparing the case management statement. As that time was spent by attorney Le, the Court will deduct $570 (2.85 x $200/hour) from the total amount of fees sought. Also as set forth above, the Court has found that 2.15 hours of law clerk time were not reasonably spent; accordingly, the Court deducts an additional $268.75 (2.15 x $125/hour) from the total amount of fees sought.

Accordingly, the Court will award a total of $102,593.75 in attorneys' fees.

**B. Prejudgment Interest**

Fleming seeks an award of prejudgment interest in the amount of $4885.03. In the Joint Pretrial Statement, defendants conceded that "prejudgment interest may be awarded at the court's discretion if plaintiff prevails." (See Penrose Decl. Ex. H at 22.)

The Ninth Circuit has held that a district court may award prejudgment interest in ERISA cases to compensate a plaintiff for the loss he incurred as a result of the defendant's nonpayment of benefits. See Dishman v. Unum Life Ins. Co. of America, 269 F.3d 974, 988 (9th Cir. 2001). Whether to award prejudgment interest "is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." See Shaw v. International Association of Machinists, 750 F.2d 1458 (9th Cir. 1985). Appropriate considerations include whether the "financial strain" of paying prejudgment interest would injure other plan beneficiaries, and whether the defendants acted in bad faith. See id.; see also Dishman, 269 F.3d at 988. "Although a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of the interest." See id. "[T]he interest rate proscribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of prejudgment interest

14

1   unless the trial judge finds, on substantial evidence, that the equities of that particular case

2   require a different rate." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164

3   (9th Cir. 2001). The Court applies the interest rate that was in effect at the time payment

4   was due to the plaintiff, not the rate applicable as of the date of judgment. See Nelson v.

5   EG&G Energy Measurements Group, 37 F.3d 1384, 1391-92 (9th Cir. 1994).

6           Fleming argues that the Court should award prejudgment interest because

7   defendants acted in bad faith by denying her claim and would suffer no financial hardship if

8   they were ordered to pay interest. Defendants have not opposed Fleming's request for

9   prejudgment interest.

10          As noted, the Court has not found that defendants acted in bad faith. Nonetheless,

11   the Court agrees that Fleming is entitled to an award of prejudgment interest. There is no

12   evidence that defendants would suffer any financial hardship by paying prejudgment

13   interest to Fleming, nor that any other beneficiary of the plans would suffer as a result.

14   Had defendants properly reviewed Fleming's claim and focused on the effects of her pain

15   and her pain medication on her ability to function in her position as a financial analyst,

16   Fleming would have received long ago the benefits to which she is entitled. Fleming is

17   entitled to an award of prejudgment interest to make her whole.

18          Fleming requests an award of prejudgment interest at the rate that was in effect,

19   pursuant to 28 U.S.C. § 1961, at the time of each monthly payment defendants did not

20   make. (See Springer-Sullivan Decl. ¶¶ 25-26 and Exs. 9-10.) The rates requested are

21   appropriate, as is Fleming's request that the interest be calculated as each payment

22   became due. See Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d at 1164 (holding

23   district court is to award prejudgment interest at rates set forth in 28 U.S.C. § 1961 "unless

24   the trial judge finds, on substantial evidence, that the equities of that particular case require

25   a different rate"); Nelson v. EG&G Energy Measurements Group, 37 F.3d at 1391-92

26   (holding courts should apply interest rate in effect at time payment was due). Fleming has

27   set forth a detailed chart setting forth her interest calculations, which counsel attests was

28   calculated using the computer program, "Interest Machine." (See Springer-Sullivan Decl.

1    ¶ 26 and Ex. 10.)  The Court notes that Fleming's calculations are based on an assumption

2    that she would receive benefit payments in specified amounts each month, and that no

3    evidence to support her entitlement to the specified amount of those payments has been

4    submitted to the Court.  Defendants, however, have not taken issue with the calculations

5    set forth in Fleming's briefing.  Accordingly, the Court will assume that Fleming is entitled to

6    disability benefits in the amounts set forth in Fleming's calculations.  (See Springer-Sullivan

7    Decl. Ex. 10.)

8        Accordingly, the Court will GRANT Fleming's request for prejudgment interest in the

9    amount of $4885.03.

10                                    **CONCLUSION**

11        For the reasons set forth above, it is HEREBY ORDERED that Fleming's motion for

12    attorney's fees, costs, and prejudgment interest is hereby GRANTED in part and DENIED

13    in part, as follows:

14        1.  Fleming's request for attorneys' fees is GRANTED in part, in the amount of

15    $102,593.75.

16        2.  Fleming's request for an award of costs under § 1132(g) is GRANTED in the

17    amount of $286.28, the amount of costs sought in excess of that sought in her bill of costs.

18    The Court expresses no opinion as to whether Fleming is entitled to all of the costs

19    itemized in her bill of costs, as that matter is currently pending before the Clerk.

20        3.  Fleming's request for prejudgment interest is GRANTED, in the amount of

21    $4885.03.

22        This order terminates Docket No. 73.

23    **IT IS SO ORDERED.**

24    Dated: June 9, 2005                    /s/ Maxine M. Chesney
                                             MAXINE M. CHESNEY
25                                           United States District Judge

26

27

28

16