1  **RIMAC & MARTIN**
   *A Professional Corporation*
2  JOSEPH M. RIMAC – CSBN 72381
   WILLIAM REILLY – CSBN 177550
3  KEVIN G. GILL – CSBN 226819
   1051 Divisadero Street
4  San Francisco, CA 94115
   w_reilly@rimacmartin.com
5  Telephone: (415) 561-8440
   Facsimile:   (415) 561-8430
6
   **MCGUINN, HILLSMAN & PALEFSKY**
7  CLIFF PALEFSKY (State Bar No. 77683)
   KEITH EHRMAN (State Bar No. 106985)
8  535 Pacific Ave.
   San Francisco, CA 94133
9  KAEMHP@aol.com
   Telephone: (415) 421-9292
10 Facsimile: (415) 403-0202

11 Attorneys for Plaintiff
   HUGO SLUIMER

12

13              **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15

16 HUGO SLUIMER,                          )        *E-FILING*
                                          )
17              Plaintiff,                )   **CASE NO.  C 081220 SI**
                                          )
18 v.                                     )   **DECLARATION OF SCOTT**
                                          )   **KALKIN**
19 VERITY, INC., a corporation, and THE VERITY )
   INC. CHANGE IN CONTROL AND              )
20 SEVERANCE BENEFIT PLAN,                 )
                                          )
21              Defendants.                )
                                          )
22 _____       )

23        I, Scott Kalkin, declare under penalty of perjury, that:

24        1.      I am an attorney at law duly licensed to practice before all of the courts of the

25 State of California, the United States District Court for the Northern District of California, the

26 Ninth Circuit Court of Appeal and the United Sates Supreme Court. I am a partner in the firm of

27 Roboostoff & Kalkin.  If called as a witness, I could and would competently testify to the facts

28 set forth herein.

KALKIN DECLARATION                                    CASE NO. C 08 1220 SI

2.      I graduated from USF Law School in June of 1985 and passed the California Bar that same year. Upon passing the bar I was employed by the firm of Roboostoff & Allen as a civil trial attorney specializing mostly in insurance litigation, personal injury claims, and professional negligence claims. Almost all of my work since 1985 has involved representing plaintiffs. In 1988 I became a partner in the firm's successor, Roboostoff & Kalkin, and have been employed there ever since.

3.      I have been litigating ERISA disability cases since 1995 and I estimate I have handled well in excess of one hundred (100) of these matters to date. At any given time, my current practice consists of between 50% and 75% ERISA related matters.

4.      I have been on the Board of Directors of the San Francisco Trial Lawyers Association since 1988. I was the organization's president in 2003 and was also a member of the Board of Directors of the Consumer Attorneys of California (CAOC).

5.      Both my firm and I are "AV" rated by Martindale-Hubble.

6.      My current billing rates for ERISA related work range between $275.00 and $475.00 per hour depending, among other factors, the complexity of the matter and the parties involved. Given that many ERISA plaintiffs have a limited ability to contemporaneously pay attorneys fees on an hourly basis, my firm also handles a significant number of ERISA matters on a contingency basis, or some combination of a contingency fee and hourly rate, depending on various factors we deem relevant to the particular case at hand. The hourly rates for ERISA related work for other attorneys in my firm also range between $275.00 and $475.00.

7.      Attached hereto as Exhibit A is a copy of an Order from the Honorable Maxine M. Chesney in which she awarded my firm's requested fees at a rate of $475 per hour in the ERISA matter of *Ondersma v. Metropolitan Life Insurance Company* Northern District of California Case No. C-06-0258 MMC.

8.      During the course of my work with the various trial lawyers associations referenced above, I have also become familiar with the rates charged by other attorneys who litigate ERISA cases in the Bay Area and in other major metropolitan areas in the United States.

9.      I am familiar with the background, experience, work and reputation of William

- 2 -

1  Reilly, and his firm, Rimac & Martin, in representing parties in ERISA cases. I have known Mr.

2  Reilly in a professional capacity since approximately 1997. He and I have discussed various

3  aspects of ERISA litigation on numerous occasions over the years.

4          10.     In my opinion, Mr. Reilly and Rimac & Martin are among the premier firms in the

5  San Francisco Bay Area that handle ERISA litigation.  Based upon my knowledge of the

6  prevailing hourly rates in the San Francisco Bay Area for ERISA related work, it is my opinion

7  that attorneys with skill , experience and a reputation in the community similar to Mr. Reilly's

8  can, and do, command hourly rates of at least $450.00 per hour.

9          I declare under penalty of perjury that the foregoing is true and correct and that this

10  declaration was executed at San Francisco, California.

11

12

13  Date: _____8/21/08_____          ____/s/ Scott Kalkin_____
                                           Scott Kalkin

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-----

- 3 -

# EXHIBIT A



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE ONDERSMA,

        Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE
COMPANY, et al.,

        Defendants

_____/

No. C-06-0258 MMC

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES,
COSTS, AND PREJUDGMENT
INTEREST; VACATING HEARING**

    Before the Court is plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest, filed February 14, 2008. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the papers, VACATES the March 28, 2008 hearing, and rules as follows:

    1. For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds plaintiff is entitled to an award of attorney's fees. Although plaintiff has not made a sufficient showing that defendant denied plaintiff's claim in bad faith or that other plans would be deterred by such an award, the position taken by plaintiff was meritorious in that she obtained the relief she sought under the terms of the plan, defendant does not

dispute its ability to pay the requested award of fees and costs, and the instant action established a ruling generally applicable to all plan participants, specifically, that the plan does not include an unambiguous delegation of discretionary authority to the claims administrator.  See McElwaine v. U.S. West, Inc., 176 F. 3d 1167, 1172 (9th Cir. 1999) (setting forth factors to be considered with respect to determination of whether award of fees and costs is appropriate in ERISA action).  Further, the Court finds no "special circumstances" exist that "would render [an] award [of fees and costs] unjust."  See id. (holding successful ERISA plaintiff ordinarily entitled to award of attorney's fees and costs in absence of "special circumstances").

2.  For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds the requested hourly rate of $475 to be appropriate, given counsel's experience and the prevailing rates in the community for attorneys engaged in similar practice.  (See Roboostoff Decl. ¶¶ 2-7, 11, Exs. 2-4; Kalkin Decl. ¶¶ 2-8, 12, Ex. 1 ¶ 9; Coleman Decl. ¶¶ 2-9.)

3.  For the reasons stated by plaintiff, and contrary to defendants' argument, the Court finds the hours claimed, specifically, 163.45 hours, to be reasonable under the circumstances presented, which circumstances include, but are not limited to, the need of plaintiff's counsel to analyze a voluminous administrative record, to respond to defendant's motion pertaining to the standard of review, to conduct both legal and medical research with respect to fibromyalgia, and to prepare for the court-ordered mediation.[1]  Accordingly, plaintiff will be awarded fees in the amount of $77,638.75 ($475 x 163.45).

4.  The Court finds plaintiff is entitled to costs in the amount of $1367.31, the amount both parties agree is recoverable.  (See Defs.' Opp. at 9:16-18.)[2]

---

[1]The reasonableness of the amount sought is further supported by plaintiff's decision not to seek compensation for certain additional work for which such compensation reasonably could have sought, for example, the time expended in complying with the Court's order that the parties meet and confer as to the form of the judgment.

[2]Although plaintiff initially sought an award of costs in the amount of $1939.28, plaintiff, in her reply, has agreed to limit her request to the amount defendants concede is recoverable.  (See Pl.'s Reply at 8:14.)

1     5. For the reasons stated by plaintiff,[3] the Court finds an award of pre-judgment

2 interest is appropriate, and that plaintiff is entitled to pre-judgment interest in the amount of

3 $21,350.01.  (See Ondersma Decl., filed March 14, 2008, ¶¶ 2-4.)

4 **CONCLUSION**

5     For the reasons stated above, plaintiff's motion for an award of attorney's fees,

6 costs, and pre-judgment interest is hereby GRANTED, as follows:

7     1. Plaintiff is awarded attorneys' fees in the amount of $77,638.75.

8     2. Plaintiff is awarded costs in the amount of $1367.31.

9     3. Plaintiff is awarded pre-judgment interest in the amount of $21,350.01.

10 **IT IS SO ORDERED.**

11

12 Dated:  March 24, 2008

13     MAXINE M. CHESNEY
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

---

25     [3]Defendants have not pointed to, nor does the record reflect, any equitable or other

26 consideration suggesting plaintiff should not be awarded pre-judgment interest. Cf. Shaw
v. International Ass'n of Machinists and Aerospace Workers Pension Plan, 750 F. 2d 1458,

27 1465 (9th Cir. 1985) (affirming decision declining to award pre-judgment interest to
prevailing ERISA plaintiff where defendant established "additional financial strain that an

28 award of pre-judgment interest would place on the [defendant] could injure other
beneficiaries of its pension plan").

3