1   RIMAC MARTIN
    A Professional Corporation
2   Joseph M. Rimac – CSBN 72381
    William Reilly – CSBN 177550
3   1051 Divisadero Street
    San Francisco, CA  94115
4   Telephone:    415-561-8440
    Facsimile:    415-561-8430
5

6   McGUINN, HILLSMAN & PALEFSKY
    Cliff Palefsky (SBN 77683)
7   Keith Ehrman (SBN 106985)
    535 Pacific Avenue
8   San Francisco, CA  94133
    Telephone:    415-421-9292
9   Facsimile:    415-403-0202

10

11  Attorneys for Plaintiff
    HUGO SLUIMER
12

13

14

15                  IN THE UNITED STATES DISTRICT COURT

16              FOR THE NORTHERN DISTRICT OF CALIFORNIA

17
    HUGO SLUIMER,                          )   Case No. C 081220 SI
18                                         )
                        Plaintiff,         )   **DECLARATION OF KEITH EHRMAN**
19                                         )   **IN SUPPORT OF PLAINTIFF'S**
                                           )   **MOTION FOR ATTORNEYS' FEES**
20  v.                                     )
                                           )
21  VERITY, INC., a corporation, and THE   )   Date:        September 26, 2008
    VERITY INC. CHANGE IN CONTROL          )   Time:        9:00 a.m.
22  AND SEVERANCE BENEFIT PLAN,            )   Courtroom:   10, 19th Floor
                                           )   Before:      Hon. Susan Illston
23                      Defendants.        )
                                           )
24  ───────────────────────────────       )

25

26      I, Keith Ehrman, declare as follows:

27      1.      I am an attorney duly licensed to practice in the State of California and am one of

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

DECLARATION OF KEITH EHRMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES            1

the attorneys for Plaintiff Hugo Sluimer. I have personal knowledge of the facts set forth below and could competently testify as to those facts if called upon to do so.

2.      I am a partner in the law firm of McGuinn, Hillsman & Palefsky, and have been an attorney with that firm since 1986. I received my undergraduate degree from Stanford University in 1978 and my law degree from the University of California at Berkeley in 1981. After clerking for United States District Judge Irving Hill, I became a member of the California Bar in 1982. Since 1986, my practice has focused almost exclusively on the field of employment law. During my 22 years of specializing in employment law, I have represented hundreds of employees. I have been a guest speaker and/or panel moderator on employment issues at conferences and seminars of the California Employment Lawyers Association, the San Francisco Trial Lawyers Association and the California Continuing Education of the Bar. On behalf of the National Employment Lawyers Association, I have also written numerous *amicus curiae* briefs for presentation to the United States Supreme Court, the California Supreme Court, various federal Courts of Appeal and the California Court of Appeal. Both I and my firm are rated "AV" by Martindale-Hubbell, which is the highest rating obtainable. My firm has been consistently recognized as one of the top plaintiff's employment firms in California.

3.      My firm took Mr. Sluimer's case on a contingent fee basis. Therefore, since March 2007, my firm has received no compensation for our work. Furthermore, if Plaintiff does not prevail in this case, my firm would receive no compensation from Plaintiff. Because this case involved significant ERISA issues, I associated the firm of Rimac & Martin as co-counsel, since they have expertise in that area. Rimac & Martin took this case on a contingent fee basis and has worked on this matter since approximately September 2007 without compensation for any of the work they have performed. If Plaintiff does not prevail in this case, Rimac & Martin will receive

DECLARATION OF KEITH EHRMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES          2

no compensation from Plaintiff.

4.    Almost all of the work that I do is on a contingency basis.  However, my current hourly billing rate is $450 per hour.   I am familiar with hourly billing rates charged by attorneys in the Bay Area, based upon my review of declarations filed in other cases seeking an award of attorneys fees; based on surveys I have read of hourly billing rates in the Bay Area; and based on discussions I have had with other attorneys in the Bay Area.  Based on my familiarity with the hourly rates charged by other Bay Area attorneys, it is my opinion and belief that my hourly billing rate of $450 is below the market rate for  attorneys in the Bay Area with my experience.

5.    As of August 8, 2008, I had spent approximately 126.7 hours working on this case. Attached as Exhibit A are time records reflecting the hours I worked on this matter. At an hourly rate of $450 per hour, this amounts to $57,015. As set forth in the Declaration of my partner, Cliff Palefsky, Mr. Palefsky spent approximately 7.3 hours working on this case.  At his hourly rate of $610 per hour, this amounts to $4,453.  Thus, my law firm spent a total of 134 hours working on this matter, and therefore seeks fees of $61,468.

6.    Attached hereto as Exhibit B is a Declaration of Michael Rubin, who is widely regarded as one of the top California attorneys in the field of employment law.

7.    Attached  hereto as Exhibit C is a Declaration of Steve Zieff, who is widely regarded as one of the top California attorneys in the field of employment law.

8.    Attached hereto as Exhibit D is an April 22, 2008  Declaration of Richard Pearl which was filed with the Court in the case of *Jou Chau v. Starbucks*, California Superior Court Case No. GIC-83925, in connection with a Motion for Attorneys Fees brought by plaintiff's counsel. Plaintiff asks that the Court take judicial notice of Mr. Pearl's Declaration in the *Starbucks* case. Mr. Pearl wrote the CEB book on California attorneys fees.  In his Declaration, Mr. Pearl describes

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

DECLARATION OF KEITH EHRMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES          3

1  the hourly rates charged by approximately 25 law firms in California.  In his Declaration, Mr. Pearl

2  also describes hourly rates awarded by various California courts in recent cases involving attorneys

3  fees awards.  In his Declaration, Mr. Pearl also describes why attorneys who work on a contingency

4
5  fee basis should be entitled to a fee award at a higher hourly rate than attorneys who bill clients by

6  the hour and are paid by clients on a  monthly basis.

7      I declare under penalty of perjury that the foregoing is true and correct, and that this

8  Declaration was executed on August 20, 2008 in San Francisco, California.

9

10  _____
                /s/
            Keith Ehrman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

# McGuinn Hillsman & Palefsky
# Case: Sluimer v. Verity
# Attorney Hours:   Keith Ehrman

## 2007

| Date | Activity | Hours |
|------|----------|-------|
| 3/2/07 | Review file | 1.5 |
| 3/5/07 | Communic. with client; | .2 |
| 3/6/07 | Communic. with client; review additional client documents | .8 |
| 3/7/07 | Communic. with client; review additional client documents | .6 |
| 3/8/07 | Communic. with client; review additional client documents | 1.2 |
| 3/9/07 | Communic. with client; review additional client documents | .2 |
| 3/12/07 | Communic. with client; | .1 |
| 3/13/07 | Phone call with client; communic. with client; review additional client documents; research; prepare retainer | 1.8 |
| 3/14/07 | Communic. with client; | .3 |
| 3/22/07 | T/C with Kanter; communic. with client; review documents | .4 |
| 3/23/07 | Communic. with client | .1 |
| 3/24/07 | Communic. with client | .1 |
| 4/6/07 | Communic. with client; research; T/C with Kanter | .5 |
| 4/25/07 | Communic. with client; review documents; prepare binder of documents for potential co-counsel | 1.8 |
| 5/1/07 | Communic. with client; prepare memo and binder for potential co-counsel; research | 5.5 |
| 5/2/07 | Communic. with client; prepare memo and binder for potential co-counsel | 1.4 |
| 5/3/07 | Communic. with client | .2 |
| 5/4/07 | Communic. with client | .1 |
| 5/15/07 | Communic. with client; T/C with potential co-counsel | .2 |
| 5/29/07 | Communic. with client; T/C with potential co-counsel; research | 1.5 |
| 6/6/07 | Discussion with CP; research; | .5 |
| 6/11/07 | T/C with potential co-counsel; research; communication with client; discussion with CP | 1.0 |
| 6/14/07 | Communic. with client; review additional client documents | .6 |
| 6/18/07 | Communic. with client; | .2 |
| 6/24/07 | Communic. with client; review additional client documents | .2 |
| 6/25/07 | Communic. with client; | .2 |
| 6/24/07 | Communic. with client; review additional client documents | .2 |

EXHIBIT ____A____

| Date | Activity | Hours |
|------|----------|-------|
| 7/17/07 | Communic. with client; | .1 |
| 8/16/07 | Communic. with client; review additional client documents | .2 |
| 8/17/07 | Communic. with client; research | .5 |
| 8/31/07 | T/C with potential co-counsel; communic. with client; draft memo and compile documents for evaluation by potential co-counsel | 3.2 |
| 9/11/07 | Communic. with client | .1 |
| 9/20/07 | Communic. with client; communic. with co-counsel; T/C with co-counsel; discussion with CP; research | .8 |
| 9/21/07 | Communic. with client; research; communic. with co-counsel | .8 |
| 9/22/07 | Communic. with client; review additional client document | .1 |
| 9/24/07 | Communic. with co-counsel; research; draft new retainer | .6 |
| 10/9/07 | Communic. with co-counsel | .1 |
| 10/4/07 | Communic. with client | .1 |
| 10/10/07 | Communic. with client; discussion with CP | .2 |
| 10/12/07 | T/C with client and co-counsel; communic. with client | .3 |
| 10/15/07 | Review correspondence to company | .1 |
| 10/23/07 | Review additional client documents; communic. with client | .8 |
| 11/19/08 | Review documents produced by Defendants to co-counsel; communic. with co-counsel; discussion with CP | .4 |
| 12/4/07 | Communic. with client; communic. with co-counsel | .3 |
| 12/5/07 | Communic with co-counsel | .1 |
| 12/11/07 | Research; communic with co-counsel | .3 |

| | **2007 Total Hours:** | **30.5** |
|--|--|--|

## 2008

| Date | Activity | Hours |
|------|----------|-------|
| 1/9/08 | Communic. with co-counsel; prepare documents for Complaint | .6 |
| 1/10/08 | Communic with co-counsel; prepare documents | .8 |
| 1/11/08 | Review and analyze documents, prepare for Complaint; communic. with co-counsel | 2.5 |
| 1/16/08 | Communic. with client; review documents | .5 |
| 1/17/08 | Communic. with client; | .2 |

| Date | Activity | Hours |
|------|----------|-------|
| 2/1/08 | Review draft Complaint; | .8 |
| 2/3/08 | Communic. with client re Complaint | .1 |
| 2/6/08 | Communic. with co-counsel | .2 |
| 2/8/08 | Revise Complaint | 3.5 |
| 2/11/08 | Revise Complaint | 1.6 |
| 2/13/07 | Revise Complaint; communic. with client re Complaint; communic. with co-counsel | 1.0 |
| 2/14/08 | Communic. with client; discussion with CP | .4 |
| 2/22/08 | Edit Complaint | .6 |
| 2/26/08 | Communic. with client; communication with Dutch lawyer communic. with co-counsel | .8 |
| 2/27/08 | Communic. with Dutch lawyer; review documents | .8 |
| 2/28/08 | Communic. with Dutch lawyer; | .4 |
| | | |
| 3/3/08 | Communic. with client; communication with Dutch lawyer; review Dutch pleadings | 1.5 |
| 3/4/08 | Communic. with client; | .2 |
| 3/13/08 | Communic. with client; review additional client documents | .5 |
| 3/27/08 | Review communic from opp counsel; communic with co-counsel | .4 |
| 3/28/08 | T/C with CP and co-counsel; discuss case with CP | .4 |
| | | |
| 4/3/08 | Communic. with client and with Dutch lawyer; review Dutch pleadings | 1.8 |
| 4/23/08 | Communic. with co-counsel | .2 |
| 4/25/08 | Review Def's s/j motion; Communic. with client; | 1.5 |
| 4/28/08 | Draft memo re Def's s/j motion; research; review additional documents from client | 3.5 |
| 4/29/08 | Draft memo re Def's s/j motion; communic. with client | 1.8 |
| | | |
| 5/1/08 | Communic. with client; communic with co-counsel | .6 |
| 5/2/08 | Communic with client; review additional documents from client; discussion with CP | .4 |
| 5/8/08 | T/C with co-counsel and client; communic. with client and with co-counsel; compile documents for translation | .7 |
| 5/9/08 | Communic. with client; work on getting translator | .3 |
| 5/10/08 | Communic. with client | .1 |
| 5/12/08 | Communic. with client; review additional client documents; work on getting translator | .6 |
| 5/13/08 | Communic. with client | .1 |
| 5/15/08 | Communic. with client; communic with co-counsel; compile documents for Rule 26 disclosure | 4.8 |
| 5/16/08 | Communic with co-counsel; compile documents for Rule 26 | .6 |

| Date | Activity | Hours |
|------|----------|-------|
| 5/19/08 | Communic. with client; T/C with Landers; communic. with Landers; review documents | 1.2 |
| 5/20/08 | Communic. with client and co-counsel and Dutch lawyer; review additional client documents; finalize Rule 26 documents | 1.5 |
| 5/21/08 | Revise Declaration for Landers; communic. with Landers | .3 |
| 5/22/08 | Communic with co-counsel | .2 |
| 5/23/08 | Communic with Dutch lawyer; review additional documents from lawyer; communic with co-counsel; prep for CMC and Rule 26 | 1.2 |
| 5/24/08 | Communic. with client | .1 |
| 5/28/08 | Communic with co-counsel re Rule 26 disclosures; prep Rule 26 info; review communic with client | 1.5 |
| 5/29/08 | Communic with client; research; communic with co-counsel | .3 |
| 5/30/08 | Communic with Landers; communic with co-counsel | .2 |
| 6/2/08 | Prep Landers subpoena, depo notice | .2 |
| 6/3/08 | Communic with co-counsel; review documents | .3 |
| 6/4/08 | Communic with co-counsel; T/C with Landers | .3 |
| 6/5/08 | Communic with co-counsel | .1 |
| 6/6/08 | Communic with co-counsel; research for s/j motion | .5 |
| 6/7/08 | Review translations of Dutch pleadings | 1.5 |
| 6/9/08 | Review s/j pleadings; communic. with co-counsel | .8 |
| 6/10/08 | Communic. with Dutch lawyer re s/j motion; communic with co-counsel | .5 |
| 6/11/08 | Review communications with client and s/j pleadings; communic. with co-counsel | .8 |
| 6/12/08 | Communic with Landers; review s/j pleadings; communic with co-counsel; | 1.5 |
| 6/17/08 | Communic with co-counsel; research for s/j motion opp | .8 |
| 6/18/08 | Prep opposition to s/j motion | 5.0 |
| 6/19/08 | Communic with client; communic. with Dutch lawyer; prep opposition to s/j motion | 8.0 |
| 6/20/08 | Communic with Dutch lawyer; communic with co-counsel; prep opposition to s/j | 6.5 |
| 6/21/08 | T/C with Landers; communic with Landers; prep opposition to s/j brief; prep for Landers depo | 7.5 |

| Date | Activity | Hours |
|------|----------|-------|
| 6/22/08 | Prep opposition to s/j brief; prep for Landers depo | 4.0 |
| 6/23/08 | Take depo of Landers; meet with co-counsel; communic. with Dutch lawyer re declaration; revise opposition to s/j motion | 5.5 |
| 6/24/08 | Communic with Dutch lawyer; review Landers depo transcript; edit s/j opposition brief | 4.2 |
| 6/25/08 | Communic with Dutch lawyer; communic with co-counsel; edit s/j opposition brief | 1.4 |
| 6/26/08 | Communic with Dutch lawyer; communication with co-counsel | .6 |
| 6/30/08 | Review Def's opposition brief to Pl's s/j motion | .7 |
| 7/8/08 | Review Reply briefs for s/j motion; | 1.0 |
| 7/18/08 | Prep for s/j hearing; attend s/j hearing; communic with client | 1.8 |
| 7/23/08 | Review Court Order; communic. with co-counsel | .6 |
| 8/6/08 | Prep for attorneys fees motion | .8 |
| | **2008 Total Hours:** | **96.2** |

**Total KE Hours:**   **126.7**
**Total CP Hours:**     **7.3**

**Total McGuinn Hillsman Fees:**   126.7 x $450/hr = $57,015
                                           7.3 x $610/hr = $ 4,453
                                                          **$61,468**

**McGuinn Hillsman Costs:**

| | | |
|---|---|---|
| Delivery: | $ | 98.18 |
| Deposition: | $ | 592.48 |
| Witness Fee: | $ | 85.75 |
| Process Service: | $ | 114.88 |
| Translation Fees: | $ | 4,944.75 |
| **Total McGuinn Hillsman Costs:** | **$5,836.04** | |

5

1  RIMAC MARTIN
   A Professional Corporation
2  Joseph M. Rimac – CSBN 72381
   William Reilly – CSBN 177550
3  1051 Divisadero Street
   San Francisco, CA  94115
4  Telephone:     415-561-8440
   Facsimile:     415-561-8430
5
6  McGUINN, HILLSMAN & PALEFSKY
   Cliff Palefsky (SBN 77683)
7  Keith Ehrman (SBN 106985)
   535 Pacific Avenue
8  San Francisco, CA  94133
   Telephone:     415-421-9292
9  Facsimile:     415-403-0202
10 Attorneys for Plaintiff
   HUGO SLUIMER
11
12
13             IN THE UNITED STATES DISTRICT COURT
14          FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
16 HUGO SLUIMER,                    )  Case No. C 081220 SI
                                    )
17              Plaintiff,          )  **DECLARATION OF MICHAEL**
                                    )  **RUBIN IN SUPPORT OF**
18 v.                               )  **PLAINTIFFS' MOTION FOR**
                                    )  **ATTORNEYS' FEES**
19 VERITY, INC., a corporation, and THE )
   VERITY INC. CHANGE IN CONTROL    )
20 AND SEVERANCE BENEFIT PLAN,      )
                                    )
21              Defendants.         )
                                    )
22
23                    **INTRODUCTION**
24     I, Michael Rubin, declare as follows:
25     1. I am a partner in the San Francisco law firm of Altshuler Berzon LLP and am a

26 member of the State Bar of California.  I make this declaration in support of Plaintiffs' Motion

27 for Award of Attorneys' Fees and Costs.  I have personal knowledge of the facts set forth below

28

                                    1

**EXHIBIT ___B___**

1   and could competently testify upon these matters if called upon to do so.

2       2. I graduated in 1977 from the Georgetown University Law Center, where I was an

3   Editor of the Georgetown Law Journal. I joined Altshuler Berzon LLP in 1981, after having

4   clerked for Judge Charles B. Renfrew of the United States District Court for the Northern District

5   of California (1978-79), Chief Judge James R. Browning of the United States Court of Appeals

6   for the Ninth Circuit (1979-80), and Justice William J. Brennan, Jr. of the United States Supreme

7   Court (1980-81). I specialize in complex civil litigation.

8       3. In 2002, I was named a "California Lawyer of the Year" by California Lawyer

9   magazine. In 2003, I was a co-recipient of the "Trial Lawyer of the Year" Award from the Trial

10  Lawyers for Public Justice. I have been listed for several years in "The Best Lawyers in

11  America" under the labor and employment category and am a member of the College of Labor

12  and Employment Attorneys. For the past several years, San Francisco Magazine has named me

13  among its Northern California "Super Lawyers" in the appellate practice area, and Lawdragon

14  Magazine has listed me as as a member of the "Lawdragon 500," as one of the 500 leading

15  plaintiffs' counsel, and as one of the 500 leading lawyers in the country. I am a former Vice-

16  Chair and Secretary of the Executive Board of the Litigation Committee of the Bar Association

17  of San Francisco.

18      4. Altshuler Berzon LLP frequently represents parties litigating court-awarded fee issues

19  in both state and federal courts. My partners and I have represented plaintiffs or defendants in

20  dozens of fees cases during the past 30 years. I have been a panelist or principal speaker

21  addressing attorneys' fee issues at many continuing education panels, have testified in court

22  about fees issues, and have been called upon as an expert in fees litigation to state my opinion as

23  to the appropriateness of fees and/or hourly rates requested by counsel in cases under state and

24  federal fee-shifting statutes.

25      5. During the course of my representation of my clients and other law firms in attorneys'

26  fees litigation in state and federal court, I have had considerable opportunity to familiarize myself

27

28

DECLARATION OF MICHAEL RUBIN ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

with the hourly rates charged by Bay Area attorneys with experience and skill comparable to that of plaintiff's counsel Cliff Palefsky and Keith Ehrman.  I am also familiar with the hourly rates awarded by state and federal courts in the cases in which my law firm has acted as fees counsel during the past 30 years, as well as the rates awarded in many other fees cases by state and federal courts in the Bay Area and throughout the country.  In addition, I have reviewed many published surveys of attorneys' billing rates, both in the Bay Area and elsewhere.

6.  I understand that in this case, Cliff Palefsky (who was a classmate of mine at Georgetown University Law Center, and who has been practicing law for more than 30 years) is seeking fees based upon an hourly rate $610 per hour and that Keith Ehrman (who has been practicing law for 25 years) is seeking fees based upon an hourly rate of $450 per hour.  I have worked as co-counsel with Cliff Palefsky and Keith Ehrman on many matters over the years, and have consulted with them both on additional matters.  I am very familiar with the high quality of their legal work product, and have the greatest regard for their legal abilities.  They are excellent lawyers who devote themselves zealously and effectively to the representation of their legal clients.  I am also familiar with the excellent reputation that their law firm has in the legal community.

7.  The rates requested by Mr. Palefsky and Mr. Ehrman for their work in this case are considerably below the market rate in the San Francisco Bay area for attorneys with similar skill, experience, and reputation handling complex civil employment cases.  By way of example, my current market rate is $750 per hour, and the hourly rate at my firm for associates who graduated law school in 1999 is $470.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of August 2008, at San Francisco, California.

_____
/s/
Michael Rubin

3

1   RIMAC MARTIN
    A Professional Corporation
2   Joseph M. Rimac – CSBN 72381
    William Reilly – CSBN 177550
3   1051 Divisadero Street
    San Francisco, CA  94115
4   Telephone:    415-561-8440
    Facsimile:    415-561-8430
5
    McGUINN, HILLSMAN & PALEFSKY
6   Cliff Palefsky (SBN 77683)
    Keith Ehrman (SBN 106985)
7   535 Pacific Avenue
    San Francisco, CA 94133
8   Telephone:    415-421-9292
    Facsimile:    415-403-0202
9
    Attorneys for Plaintiff
10  HUGO SLUIMER

11

12                  IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14
    HUGO SLUIMER,                          Case No. C 081220 SI
15
                        Plaintiff,
16
    v.
17
    VERITY, INC., a corporation, and THE   **DECLARATION OF**
18  VERITY INC. CHANGE IN CONTROL          **STEVEN G. ZIEFF IN SUPPORT OF**
    AND SEVERANCE BENEFIT PLAN,            **PLAINTIFFS' MOTION FOR**
19                                         **ATTORNEYS' FEES**
                        Defendants.    /
20

21

22

23

24

25

26

27

28                                         EXHIBIT _____ *C*

I, Steven G. Zieff, declare as follows:

1.    I make this declaration in support of Plaintiff's application for award of costs and attorneys' fees. I am competent to testify to the matters declared below from my own knowledge, except such as are declared upon information and belief, which I believe to be true. If called upon to do so, I would and could so testify.

2.    I am an attorney admitted to practice in the courts of the State of California and before the United States District Courts for the Northern District of California, Eastern District of California, and Central District California, as well as the United States Court of Appeals for the Ninth Circuit.

3.    I graduated from Boalt Hall School of Law in 1978 and was admitted to practice in the State of California in that same year. Throughout most of my approximately thirty years of law practice, I have specialized in employment law. I have represented plaintiffs in employment actions in federal and California courts, including both numerous class actions and individual cases. I have worked with two non-profit legal aid organizations, Solano County Legal Assistance (1979-1981) and Legal Aid Society of San Mateo County (1981-86), as well as in private practice for plaintiffs in employment matters from 1986 to the present. I have been a named partner in my present firm (Rudy, Exelrod & Zieff, LLP) and its predecessors since 1989. I have handled a full array of civil litigation including trials, arbitrations, negotiations, mediations, class actions, and other legal proceedings in state and federal courts. I have done extensive lecturing and writing on employment law matters, including speaking at national and regional conferences sponsored by the American Bar Association, California Employment Lawyers Association, National Employment Lawyers Association, The Rutter Group/California Judges' Association, the California State Bar's Section on Labor and Employment, and the Continuing Education of the Bar (CEB). I was named one of twenty-six California lawyers whose "achievements in 2001 shaped the law, the profession, or the way the law affects industry or the public" by *California Lawyer* magazine.

1

4.    It is our firm's practice to seek rates consistent with those charged by leading national and San Francisco firms for similar work. The hourly rates customarily charged by the lawyers in my law firm are as follows:

| Attorneys | Law school graduation | 2008 hourly rate |
|---|---|---|
| Alan B. Exelrod | 1968 | $700 |
| Steven G. Zieff | 1978 | $700 |
| David A. Lowe | 1995 | $500 |
| Patrice L. Goldman | 1989 | $450 |
| Kenneth J. Sugarman | 1997 | $430 |
| John T. Mullan | 2002 | $395 |
| M. Adrianne De Castro | 2005 | $305 |

In my view, these rates are well within the rates charged in this community for comparable work.

5.    I have been informed that Plaintiffs' attorneys are seeking compensation at the following 2008 rates:

| | Years of Experience | Hourly Rate |
|---|---|---|
| Cliff Palefsky | 31 | $610 |
| Keith Ehrman | 25 | $450 |

6.    Both Cliff Palefsky and Keith Ehrman have well-deserved reputations for doing first-rate legal work. I have seen work done by their law firm and know it to be excellent.

7.    Based on my experience with and knowledge of billing practices in California and particularly in the San Francisco area, I can state that the hourly rates requested for Mr. Palefsky and Mr. Ehrman in this matter are well within the range of rates charged by other California firms for lawyers of similar years of practice who are knowledgeable and experienced in employment cases.

2

1      I declare under penalty of perjury under the laws of the United States and of the State of

2  California that the foregoing is true and correct.

3      Executed this 20th day of August, 2008, at San Francisco, California.

4

5

6                            /s/

                          Steven G. Zieff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Steven Zieff ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

1  A. Eric Aguilera (SBN 192390) eaguilera@bfka-law.com
   BOHM, MATSEN, KEGEL & AGUILERA, LLP
2  695 Town Center Drive, Suite 700
   Costa Mesa, California 92626
3  Telephone: (714) 384-6500
   Facsimile: (714) 384-6501
4
   Terry J. Chapko (SBN 178807) tchapko@chapkolaw.com
5  LAW OFFICE OF TERRY J. CHAPKO
   1111 Orange Avenue, Suite A
6  Coronado, California 92118
   Telephone: (619) 522 -2100
7  Facsimile: (619) 522-2104

8  David Borgen (SBN 99354) dborgen @gdblegal.com
   Laura L. Ho (SBN 173179) lho@gdblegal.com
9  GOLDSTEIN, DEMCHAK, BALLER,
      BORGEN & DARDARIAN
10 300 Lakeside Drive, Suite 1000
   Oakland, California 94612
11 Telephone: (510) 763-9800
   Facsimile: (510) 835-1417 (fax)
12
   Steven G. Zieff (SBN 84222) sgz@rezlaw.com
13 David A. Lowe (SBN 178811) dlowe@rezlaw.com
   RUDY, EXELROD & ZIEFF, L.L.P.
14 351 California Street, Suite 700
   San Francisco, California 94104
15 Telephone: (415) 434-9800
   Facsimile: (415) 434-0513

16 Attorneys for Plaintiff and the Class

17              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

18                            COUNTY OF SAN DIEGO

19 | JOU CHAU, ON BEHALF OF HIMSELF AND       | Case No. GIC 836925
   | ALL OTHERS SIMILARLY SITUATED AND         |
20 | ON BEHALF OF THE GENERAL PUBLIC AS       | **DECLARATION OF RICHARD M. PEARL**
   | A PRIVATE ATTORNEY GENERAL;               | **IN SUPPORT OF PLAINTIFFS' MOTION**
21 |                                           | **FOR AWARD OF STATUTORY**
   |              Plaintiffs,                   | **ATTORNEYS' FEES**
22 |                                           |
   | vs.                                       |
23 |                                           |
   | STARBUCKS CORPORATION; AND DOES 1-        |
24 | 100                                       |
   |              Defendants.                   |
25
26
27
28                                                      **EXHIBIT** ___D___
   18965-
   1
   ───────────────────────────────────────────────
   DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF STATUTORY
   ATTORNEYS' FEES – CASE NO. GIC 836925

1    I, Richard M. Pearl, hereby declare as follows:

2    1.    I am a member in good standing of the California State Bar.  I make this declaration

3    of my personal knowledge and could testify thereto if called as a witness.  I have been asked by

4    Plaintiffs' counsel to provide my opinion regarding the reasonableness of the hourly rates they are

5    claiming for the time spent on the litigation of this case.  They have also asked me to provide my

6    opinion about how the legal market place accounts for contingent risk.

7    2.    I am a 1969 graduate of Boalt Hall School of Law, University of California,

8    Berkeley.  After graduation, I spent fourteen years in federally funded legal services programs

9    before going into private practice in 1982.  From 1977 to 1982, I was Director of Litigation for

10   California Rural Legal Assistance, Inc., a statewide legal services program with more than fifty

11   attorneys.  Since April 1987, I have been a sole practitioner in the San Francisco Bay Area.

12   Martindale Hubbell rates my law firm "AV."  I also have been selected as a Northern California

13   "Super Lawyer" in Appellate Law for 2005, 2006, 2007, and 2008.  A copy of my Resume is

14   attached hereto as Exhibit A.

15   3.    Since 1982, my practice has been a general civil litigation and appellate practice,

16   with an emphasis on cases and appeals involving court-awarded attorneys' fees.  I have lectured and

17   written extensively on court-awarded attorneys' fees.  I have been a member of the California State

18   Bar's Attorneys Fees Task Force and have testified before the State Bar Board of Governors and the

19   California Legislature on attorneys' fee issues.  I am the author of California Attorney Fee Awards,

20   2d Ed. (Calif. Cont. Ed. of Bar 1994), and its 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002,

21   2003, 2004, 2005, 2006, and 2007 Supplements.  This treatise has been cited by the California

22   appellate courts on more than 30 occasions.  I also authored the 1984, 1985, 1987, 1988, 1990,

23   1991, 1992, and 1993 Supplements to its predecessor, CEB's California Attorney's Fees Award

24   Practice.  In addition, I authored a federal manual on attorneys' fees entitled Attorneys' Fees: A

25   Legal Services Practice Manual, published by the Legal Services Corporation.  I also co-authored

26   the chapter on "Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination

27   Practice, 2d Ed. (1997).

28   18965-
     1

1

1      4.      More than 90% of my practice is devoted to issues involving court-awarded

2  attorney's fees. I have been counsel in over 140 attorneys' fee applications in state and federal

3  courts, primarily representing other attorneys. I also have briefed and argued more than 40 appeals,

4  at least 25 of which have involved attorneys' fees issues. In the past five years, I have successfully

5  handled four cases in the California Supreme Court involving court-awarded attorneys' fees: (1)

6  Delaney v. Baker (1999) 20 Cal. 4th 23, which held that heightened remedies, including attorneys'

7  fees, are available in suits against nursing homes under California's Elder Abuse Act; (2) Ketchum

8  v. Moses (2001) 24 Cal. 4th 1122, which held, inter alia, that contingent risk multipliers remain

9  available under California attorney fee law, despite the United States Supreme Court's contrary

10  ruling on federal law (note that in Ketchum, I was primary appellate counsel in the Court of Appeal

11  and "second chair" in the Supreme Court); (3) Flannery v. Prentice (2001) 26 Cal. 4th 572, which

12  held that in the absence of an agreement to the contrary, statutory attorneys' fees belong to the

13  attorney whose services they are based upon; and (4) Graham v. DaimlerChrysler Corp. (2004) 34

14  Cal. 4th 553, which I handled, along with trial counsel, in both the Court of Appeal and Supreme

15  Court. I also successfully represented the plaintiffs in a previous attorneys' fee decision in the

16  California Supreme Court, Maria P. v. Riles (1987) 43 Cal.3d 1281

17      5.      I have been retained as an expert witness on attorneys' fee issues on at least 25

18  occasions, on behalf of both fee claimants and those opposing fee applications. On at least 10

19  occasions, I have been qualified as an expert on attorneys' fees in judicial proceedings and

20  arbitrations. I also have served as an arbitrator and mediator of attorney fee issues.

21      6.      The 2008 rate for my services is $550 per hour, which is the rate I charge new

22  market-rate paying clients for my services. My hourly rates have been paid by numerous clients

23  and found reasonable by numerous courts. This rate is significantly below the market for attorneys

24  of similar skill, reputation and experience. Most recently, my 2007 rate was found reasonable in

25  five different cases: Graham v. DaimlerChrysler, Los Angeles County Superior Court No.

26  BC215624, Fee Order filed December 10, 2007; Moore v. Bank of America, S.D.Cal. No.

27  03cv00520, Fee Order filed January 7, 2008; Denenberg v. CalTrans, San Diego County Superior

28  Court No. GIC 836582, Fee Order filed January 11, 2008; Naidu v. California Public Utilities

18965-                            2
1

1    Commission, San Francisco Superior Court No. CGC-05-444782, Order Awarding Attorneys' Fees,

2    filed September 27, 2007; and Marin v. Costco Wholesale Corp., Alameda County Superior Court

3    No. RG 04-150447, Order Granting Motion of Plaintiff for Attorneys' Fees and Costs, filed April

4    17, 2007.  Both my 2006 rate of $525 per hour and my 2005 rate of $495 per hour were found

5    reasonable by United States District Judge Thelton Henderson in Coles, et al. v. City of Oakland et

6    al., N.D. Cal No. C03-2961 the Order Granting in Part and Denying in Part Plaintiff's Motions for

7    Attorney's Fees and Costs, filed January 4, 2007.  My 2005 hourly rate of $495 per hour also was

8    found reasonable by United States District Judge Ronald M. Whyte in Miller v. Vicorp Restaurants

9    (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 2210 and 10112, and by Judge Patrick J. Zika of the

10   Alameda County Superior Court in Kotla v. Regents of Univ. of Calif., Alameda Superior Court

11   No. V-014799-8, Fee Order filed September 14, 2005.  My 2004 hourly rate of $475 per hour was

12   found reasonable by Judge John J. Golden, retired, in Sierra Club v. Placer County, Placer County

13   Superior Court No. SCV-12789, Order Awarding Attorney Fees filed March 9, 2005, and in

14   Environmental Protection Information Center et al v. California Dept. of Forestry and Fire Prot. et

15   al. (Pacific Lumber Co., Real Party in Interest), Humboldt County Superior Court No. CV990445,

16   Order Awarding Attorney Fees filed September 24, 2004.  It also was found reasonable in Jordan v.

17   Dept. of Motor Vehicles, JAMS Ref. No. 1100040574, Arbitration Decision and Award dated April

18   14, 2004, and the federal government conceded it was reasonable in an on-going Consent Decree

19   enforcement case.  My 2003 hourly rate of $450 per hour was found reasonable by Judge Robert B.

20   Freedman in Chopra et al. v. ADVO, Inc., Alameda County Superior Court No. CH221306-2, by

21   Judge Richard L. Gilbert (retired), serving as Arbitrator in Planning and Conservation League v.

22   Department of Water Resources, Sacramento Superior Court No. 95ASCS03216, and by Judge

23   Michael S. Fields in Sanchez, et al. v. Sea Mist Farms, LLC, et al., Monterey County Superior

24   Court No. M56954.

25        7.    I am frequently called upon to opine about the reasonableness of hourly rates, and

26   my declarations on that issue have been cited favorably by numerous courts.  Much of the extensive

27   evidence I have obtained on this issue is set forth below.

28   18965-
     1                                            3

8.     Through my writing and practice, I have become familiar with the market rates charged by attorneys in California and elsewhere.  This familiarity has been obtained in several ways:  (1) by handling attorneys' fee litigation; (2) by discussing fees with other attorneys; (3) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on attorney's fees in the legal newspapers and treatises.

9.     I am familiar with the outstanding skills and reputations of the lawyers at Goldstein, Demchak, Baller, Borgen & Dardarian ("GDBBD") and Rudy, Exelrod & Zieff LLP ("REZ"), who I understand are *de facto* lead counsel in this case.  Both firms are among the highest regarded private firms practicing complex litigation on behalf of plaintiffs in the country, particularly in the areas of employment discrimination and wage and hour litigation.  I understand that Plaintiffs' counsel are requesting an award of attorneys' fees at the following rates:

| Name | Grad. Year | Billing Rate |
|------|-----------|--------------|
| Alan B. Exelrod | 1968 | $700 |
| Steven G. Zieff | 1978 | $700 |
| David Borgen | 1981 | $625 |
| Laura L. Ho | 1994 | $500 |
| David A. Lowe | 1995 | $500 |
| Joseph E. Jaramillo | 1995 | $465 |
| Patrice L. Goldman | 1989 | $450 |
| Kenneth J. Sugarman | 1997 | $430 |
| Holly Herndon | 1998 | $430 |
| Enrique Martinez | 2000 | $420 |
| Heather Mills | 2001 | $395 |
| John T. Mullan | 2002 | $395 |
| Jessie Beckett-McWalter | 2004 | $320 |
| James P. Kan | 2005 | $305 |
| M. Adrianne | 2005 | $305 |

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF STATUTORY ATTORNEYS' FEES – CASE NO. GIC 836925

1       De Castro

2       REZ Law Clerks                  $200

3       GDBBD Senior Paralegals         $195

4       GDBBD Paralegals                $135-$160

5       GDBBD Case Clerks               $110

6       10.     In my opinion, all of these rates claimed by Plaintiffs' counsel in this case are well

7   within the range of market rates charged by attorneys of equivalent experience, skill, and expertise

8   -- specifically private firms with great expertise in handling and trying complex class actions on

9   behalf of employees against large employers – in California, and specifically in the San Francisco,

10  Los Angeles, and San Diego markets.

11      11.     I am also familiar with the skills and experience of Plaintiffs' original counsel in this

12  case, the Law Office of Terry J. Chapko, and have been informed as to skills and experience of the

13  the law firm of Bohm, Matsen, Kegel & Aguilera LLP ("BMKA"). Both firms have extensive

14  experience in employment and wage and hour matters, including complex litigation and class

15  actions. I understand that these two firms litigated this case through class certification and then

16  associated GDBBD and REZ due to the large amount of staffing and resources necessary to

17  represent a class of over 120,000 class members against a well-financed defense, including defense

18  lawyers with the resources of a large international firm.

19      12.     I understand that Terry J. Chapko, a 1995 law school graduate, is requesting an

20  award of attorneys' fees at the rate of $400.00 per hour. In my opinion this is well within the range

21  of market rates charged by attorneys of equivalent experience, skill, and expertise in the San Diego

22  market.

23      13.     I understand that BMKA is requesting an award of attorneys' fees at the following

24  rates:

25          | Name           | Grad. Year | Billing Rate |
            |----------------|------------|--------------|
26          | James G. Bohm  | 1987       | $500         |
27          | Craig A. Kegel | 1987       | $500         |
28          | A. Eric Aguilera | 1997     | $425 5       |

18965-
1

| | | |
|---|---|---|
| Christian E. Bredson | 2005 | $285 |
| Jacob E. Godard | 2005 | $285 |
| BMKA Paralegals | | $125-$150 |

In my opinion these rates are well within the range of market rates charged by attorneys of equivalent experience, skill, and expertise in the Orange County market.

14. Specifically, the reasonableness of the hourly rates claimed by Plaintiffs' counsel is shown by the following facts I have gathered regarding the non-contingent rates charged by attorneys for litigation services in the trial and appellate courts:

a. Defendant's counsel's rates. Plaintiffs' counsel's rates are within the range of rates requested by Defendant's counsel in fee requests in other matters. Defendant was represented by Akin Gump Strauss Hauer & Feld ("Akin"), an international law firm headquartered in Washington D.C. Defendant was represented by attorneys from Akin's Washington D.C. and Los Angeles offices. The Daily Report publishes an hourly rate index that shows the billing rates of individual timekeepers as listed in fee requests of cases filed in U.S. Bankruptcy Court and other federal courts. This index is accessible and searchable on the internet at www.dailyreportonline.com. The Daily Report lists a 2006 billing rate for Edward P. Lazarus, a 1987 law school graduate from Akin's Los Angeles office of $620 per hour; a 2006 billing rate of $635 per hour for 1969 graduate G. Philip Nowak of Akin's Washington D.C. office; and a 2006 billing rate of $650 per hour for 1979 graduate Richard L. Wyatt, Jr., of Akin's Washington D.C. office. Akin's attorneys' graduation years are available on Akin's website at http://www.akingump.com. While these attorneys did not represent defendant in this case, their experience level is similar to attorneys who did, including Joel Cohn, a 1976 law school graduate from Akin's Washington D.C. office; Catherine Conway, a 1978 graduate from Akin's Los Angeles office; and Daniel Nash, a 1983 graduate from Akin's Washington D.C. office. It is reasonable to infer that the billing rates of these attorneys are similar to those of Mr. Lazarus and Mr. Wyatt.

b. Rates found reasonable in other cases. Plaintiffs' counsel's rates are within the range of the following rates awarded by the courts in the following cases:

2008 Rates:

18965-
1

6

(1)    Craft v. County of San Bernadino, U.S. District Court, Central District of California, Order Awarding Attorney's Fees and Costs, filed April 1, 2008, in which Judge Stephen G. Larson found the following hourly rates reasonable in a case involving violation of Constitutional rights:

| Years of Experience | Rate |
|---|---|
| 38 | $725 |
| 2 | 275 |
| Law Clerks | 200 |
| Paralegals | 110 - 225 |

### 2007 Rates:

(1)    Marin v. Costco Wholesale Corp., Alameda County Superior Court No. RG 04-150447, Order Granting Motion of Plaintiff for Attorneys' Fees and Costs, filed April 17, 2007, in which Judge Bonnie Sabraw found the following hourly rates reasonable in a wage and hour action under California Labor Code § 1194:

| Years of Experience | Rate |
|---|---|
| 38 | $535 |
| 15 | 525 |
| 14 | 450-455 |
| 11 | 450 |
| 10 | 350 |
| 5 | 350 |
| 3 | 295 |

### 2006 Rates:

(1)    Marin v. Costco Wholesale Corp., Alameda County Superior Court No. RG 04-150447, Order Granting Motion of Plaintiff for Attorneys' Fees and Costs, filed April 17, 2007, in which Judge Bonnie Sabraw found the following 2006 rates reasonable:

18965-1

7

| Years of Experience | Rate |
|:---:|:---:|
| 14 | $455 |
| 13 | 425 |
| 10 | 425 |
| 9 | 350 |
| 4 | 350 |
| 2 | 235 |

(2)    Coles, et al. v. City of Oakland et al., N.D. Cal. No. C-03-2961 TEH (Order Granting in Part and Denying in Part Plaintiffs' Motions for Attorneys' Fees and Costs, filed January 4, 2007), in which the court found the following 2006 rates reasonable in a case involving violation of Constitutional rights:

| Years of Experience | Rate |
|:---:|:---:|
| 37 | $525 |
| 15 | 420 |
| 11 | 400 |

(3)    Turner v. Association of American Medical Colleges, Alameda County Superior Court No. RG04-166148 (Order Granting Motion for Attorneys' Fees and Costs, filed December 27, 2006), in which the court found the following 2006 rates reasonable in a case involving disability rights claims under California law:

| Years of Experience | Rate |
|:---:|:---:|
| 45 | $645 |
| 21 | 525 |
| 19 | 495 |
| 15 | 455 |
| 11 | 425 |
| 7 | 325 |
| 5 | 325 |

18965-
1

8

| | |
|---|---|
| 4 | 275 |
| 3 | 255 |
| 2 | 235 |
| 1 | 235 |
| Law Clerks | $125-150 |
| Paralegals | $125 |

(4)    <u>Waul v. State Farm Ins. Co.</u>, San Francisco Superior Court No. CGC 02-412248, Award of Attorney's Fees Following Arbitration, filed June 20, 2006, in which Judge James J. McBride awarded plaintiff's counsel the following rates in a consumer protection action brought pursuant to the California Unfair Competition Law, Business & Professions Code § 17200:

| Years of Experience | Rate |
|---|---|
| 44 | $625 |
| 9 | 375 |
| Senior Paralegal | $185 |

<u>2005 Rates:</u>

(1)    <u>Coles, et al. v. City of Oakland et al.</u>, N.D. Cal. No. C-03-2961 TEH (Order Granting in Part and Denying in Part Plaintiffs' Motions for Attorneys' Fees and Costs, filed January 4, 2007), in which the court found the following 2005 rates reasonable:

| Years of Experience | Rate |
|---|---|
| 36 | $495 |
| 14 | 400 |
| 10 | 380 |

(2)    <u>Kotla v. Regents of Univ. of Calif.</u>, Alameda County Superior Court No. V 014799-8, Order Granting Attorneys' Fees and Costs filed September 14, 2005, in which Judge Patrick Zika awarded 2005 rates as follows in a wrongful employment termination action:

| Years of Experience | Rate |
|---|---|
| | 9 |

18965-1

| 43 | $600 |
|----|------|
| 36 | 495 |
| 34 | 495 |

(3)    Krumme v. Mercury Ins. Co., San Francisco Superior Court No. 313367 (Order Awarding Attorney's Fees on Appeal and Post-Appeal Pursuant to Code of Civil Procedure Section 1021.5, filed July 12, 2005), in which Judge Robert Dondero awarded plaintiff's counsel the following hourly rates in a consumer protection action to enforce the California Unfair Competition Law:

| Years of Experience | Rate |
|---------------------|------|
| 22-24 | $490 |
| 19 | 475 |
| 11 | 375 |
| 3 | 275 |
| Paralegal | $125 |

(4)    Miller v. Vicorp Restaurants, 2006 U.S. Dist. LEXIS 2210, 10112 (N.D. Cal. 2006), in which Judge Ronald M. Whyte awarded plaintiff's counsel the following rates in an individual employment discrimination action under the California Fair Employment & Housing Act:

| Years of Experience | Rate |
|---------------------|------|
| 36 | $495 |
| 29 | 450 |
| 7 | 250 |
| Paralegals | $115-130 |

c.    Rate Information from Surveys and Other Cases.  I have reviewed numerous declarations and depositions filed in other cases, as well as various surveys of legal rates.  These sources show the hourly rates for litigation undertaken on a non-contingent basis by the following California law firms, listed in alphabetical order:

18965-1

10

Altshuler Berzon LLP

2008 Rates

| Graduation Year | Rate |
|---|---|
| 1977 | $750 |
| 1983 | 750 |
| 1985 | 700 |
| 1994 | 590 |
| 1998 | 500 |
| 2001 | 420 |
| 2005 | 320 |
| Legal Assistants | $150-$200 |

2007 Rates:

| Years of Experience | Rate |
|---|---|
| 23 | $700 |
| 15 | 550 |
| 8 | 410 |
| 5 | 325 |
| Paralegals | $155-190 |

Chavez & Gertler

2006 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 25 | $535 |
| | 27 | 515 |
| | 16 | 495 |
| | 14 | 425 |
| Associates | 16 | $395 |

11

18965-1

| | 14 | 425 |
|---|---|---|
| | 13 | 395 |
| Paralegals | | $175 |
| Legal Assistants | | $125 |

2005 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 26 | $515 |
| Associates | 16 | $475 |
| | 10 | 395 |

2004 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 25 | $495 |
| | 27 | 485 |
| | 21 | 485 |
| Associates | 15 | $445 |
| | 14 | 385 |
| | 16 | 385 |
| | 13 | 385 |
| | 12 | 375 |
| | 9 | 335 |
| Paralegals | | $155-175 |
| Legal Assistants | | $105 |

2003 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 24 | $485 |
| | 26 | 475 |

18965-
1

12

| | 20 | 465 |
|---|---|---|
| Associates | 14 | $425 |
| | 13 | 375 |
| | 15 | 35 |
| | 11 | 345 |
| | 8 | 305 |
| | 3 | 275 |
| Paralegals | | $135-165 |
| Legal Assistants | | $95 |

2002 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 23 | $465 |
| | 25 | 455 |
| | 19 | 425 |
| Associates | 13 | $385 |
| | 14 | 325 |
| | 31 | 295 |
| | 10 | 295 |
| | 7 | 275 |
| Legal Assistants | | $85-140 |

Cooley Godward Kronish LLP

2006 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $425-795 (average $539) |
| Associates | $240-585 (average $371) |

2005 Rates:

| Years of Experience | Rate |
|---|---|

13

18965-1

| Partners | $395-700 (average $515) |
|----------|-------------------------|
| Associates | $215-550 (average $350) |

2003 Rates:

| Years of Experience | | Rate |
|---------------------|--------|------|
| Partners | 30 | $700 |
| | 34 | 550 |
| | 20 | 450-485 |
| | 15 | 475 |
| | 20 | 425 |
| | 14 | 415 |
| Associates | 5 | $410 |
| | 3 | 270-395 |
| | 7 | 385 |
| | 5 | 325 |
| | 2 | 230-270 |
| | 1 | 215-240 |
| Legal Assistants | | $115-185 |

Fenwick & West

2006 Rates:

| Years of Experience | | Rate |
|---------------------|--------|------|
| Partners | | $465-750 (average $575) |
| Associates | | $245-475 (average $355) |
| | 8 | 465 |
| | 7 | 450 |
| | 6 | 425 |

14

| | 5 | 400 |
|---|---|---|
| | 4 | 360 |
| | 3 | 320 |
| | 2 | 285 |
| | 1 | 245 |

2005 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $450-725 (average $540) |
| Associates | $235-440 (average $345) |

Howard, Rice, Nemerovski, Canady, Falk & Rabkin

2006 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $440-750 |
| Associates | $250-420 |

Kirkland & Ellis

2005 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 24 | $725 |
| | 12 | 435 |

Knobb, Martens, Olson & Bear

2006 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $335-625 |
| Associates | $205-340 |

Levy, Ram & Olson

2006 Rates:

18965-
1

| Years of Experience | Rate |
|---|---|
| 24 | $590 |

2005 Rates:

| Years of Experience | Rate |
|---|---|
| 25 | $490 |
| 23 | 490 |
| 12 | 375 |
| 4 | 275 |

Lewis, Feinberg, Lee, Renaker & Jackson
2007 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partner | 32 | $700 |
| | 19 | 575 |
| | 11 | 525 |
| | 9 | 500 |
| Associates | 4 | 330 |
| | 2 | 290 |
| Law Clerks | | $200 |
| Paralegal | | $150 |

Lieff, Cabraser, Heimann & Bernstein
2007 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 33 | $675 |
| | 23 | 700 |
| | 15 | 550 |
| | 14 | 575 |

16

18965-1

|            | 10 | 450 |
|------------|----|-----|
| Associates | 6  | $390 |
|            | 4  | 350 |
| Law Clerk  |    | $165-295 |
| Paralegal  |    | $115-250 |

2006 Rates:

| Years of Experience | | Rate |
|------|------|------|
| Partners | 19 | $625 |
|  | 17 | 625 |
|  | 10 | 450 |
| Associates | 10 | $400 |
|  | 8 | 360 |
|  | 4 | 340 |
|  | 2 | 285 |

2005 Rates:

| Years of Experience | Rate |
|------|------|
| 35 | $650 |
| 22 | 575 |
| 5 | 305 |

2004 Rates:

| Years of Experience | Rate |
|------|------|
| 35 | $490 |
| 22 | 460 |
| 5 | 290 |

2003 Rates:

| Years of Experience | Rate |
|------|------|

17

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF STATUTORY
ATTORNEYS' FEES – CASE NO. GIC 836925

| | | |
|---|---|---|
| Partners | 42 | $600 |
| | 32 | 600 |
| | 30 | 525 |
| | 29 | 575 |
| | 26 | 600 |
| | 25 | 485 |
| | 21 | 525 |
| | 17 | 485 |
| | 16 | 485 |
| | 15 | 430-475 |
| | 13 | 430-450 |
| | 12 | 375 |
| | 11 | 425-430 |
| Associates | 8 | $310-315 |
| | 6 | 300-305 |
| | 5 | 295 |
| | 4 | 285-295 |
| | 3 | 275 |
| | 2 | 250 |

Loeb & Loeb

2006 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $425-825 |
| Associates | $215-475 |

Milbank, Tweed, Hadley & McCloy

2002 Rates:

| Years of Experience | Rate |
|---|---|

18965-
1

18

| 25 | $595 |
|---|---|
| 15 | 520 |
| 10 | 500 |
| 9 | 465 |
| 6 | 425 |
| 5 | 425 |
| 4 | 400 |
| 2 | 350 |
| 1 | 325 |
| Summer Associates | $185 |
| Legal Assistants | $110-145 |
| Case Clerk | $40 |

Morgan, Lewis & Bockius, LLP

2006 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $375-800 |
| Associates | 200-550 |

2004 Rates:

| Years of Experience | Rate |
|---|---|
| 24 | $600 |
| 13 | 470 |
| 6 | 335 |
| 3 | 230 |

Morrison & Foerster

2007 Rates:

| Years of Experience | Rate |
|---|---|

19

18965-1

| 44 | $675 |
|----|------|
| 11 | 550 |
| 8 | 520 |
| 6 | 475 |

Paul, Hastings, Janofsky & Walker
2005 Rates:

| Years of Experience | Rate |
|---------------------|------|
| 35 | $595 |

Pillsbury Winthrop Shaw Pittman, LLP
2006 Rates:

| Years of Experience | Rate |
|---------------------|------|
| 32 | $740 |
| 24 | 575 |
| 2 | 365 |
| 1 | 265 |
| Paralegal | 125-200 |

2004 Rates:

| Years of Experience | Rate |
|---------------------|------|
| 35 | $490 |
| 22 | 460 |
| 5 | 290 |

Reed Smith
2006 Rates:

| Years of Experience | Rate |
|---------------------|------|
| Partners | $305-725 (average $492) |

18965-1

20

| Associates | $170-630 (average $309) |
|---|---|

Rosen, Bien & Galvan
2007 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 45 | $700 |
| | 27 | 590 |
| | 10 | 400 |
| Associates | 24 | $435 |
| | 23 | 400 |
| | 14 | 400 |
| | 10 | 390 |
| | 7 | 350 |
| | 6 | 340 |
| | 5 | 325 |
| | 4 | 295 |
| | 3 | 280 |
| | 2 | 260 |
| Paralegals | | $160-190 |
| Litigation Support/Paralegal Clerks | | $110-150 |
| Law Clerks/Students | | $160 |
| Word Processing | | $60 |

2006 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 44 | $635 |
| | 26 | 535 |

18965-1

21

|  | 24 | 485 |
|---|---|---|
|  | 9 | 390 |
| Associates | 23 | $425 |
|  | 22 | 390 |
|  | 13 | 385 |
|  | 9 | 375 |
|  | 6 | 330 |
|  | 5 | 315 |
|  | 4 | 285 |
|  | 3 | 270 |

2005 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 43 | $625 |
|  | 25 | 525 |
|  | 23 | 475 |
| Associates | 22 | $435 |
|  | 12 | 375 |
|  | 8 | 350 |
|  | 6 | 300 |
|  | 4 | 275 |
|  | 3 | 235 |

2004 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 42 | $600 |
|  | 24 | 490 |
|  | 22 | 450 |
| Associates | 11 | $350 |

22

18965-1

| | 7 | 325 |
|---|---|---|
| | 4 | 285 |
| | 3 | 265 |
| | 2 | 220 |
| Paralegals | | $140-160 |
| Paralegal Clerks | | $95 |

2003 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 41 | $575 |
| | 23 | 475 |
| | 21 | 425 |
| Associates | 20 | $350 |
| | 10 | 325 |
| | 6 | 300 |
| | 4 | 270 |
| | 3 | 245 |
| | 3 | 245 |
| | 2 | 225 |
| Law Clerks | | $140 |
| Paralegals | | $100-160 |
| Paralegal Clerks | | $95 |

2002 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 40 | $700 |
| | 22 | 590 |
| | 20 | 400 |
| Associates | 19 | $435 |

23

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF STATUTORY
ATTORNEYS' FEES – CASE NO. GIC 836925

| | 9 | 400 |
|---|---|---|
| | 5 | 400 |
| | 3 | 390 |
| | 2 | 350 |
| | 1 | 340 |
| Law Clerks | | $140 |
| Paralegals | | $100-150 |
| Paralegal Clerks | | $95 |

Schneider & Wallace

2007 Rates:

| **Years of Experience** | **Rate** |
|---|---|
| 17 | $525 |
| 14 | 450 |
| 12 | 450 |
| 3 | 295 |
| Paralegals | $125 |

Sheppard, Mullin, Richter & Hampton

2006 Rates:

| **Years of Experience** | **Rate** |
|---|---|
| Partners | $415-650 (average $504) (median $495) |
| Associates | $250-410 (average $342) (median $330) |
| Firmwide | (average $419) (median $420) |

18965-1

24

Skadden, Arps, Slate, Meagher & Flom, LLP

2005 Rates:

| Years of Experience | | Rate |
|---|---|---|
| Partners | 13 | $556 |
| Associates | 4 | $375 |
| | 3 | $335 |

2004 Rates:

| Years of Experience | Rate |
|---|---|
| 28 | $675 |
| 8 | 435 |
| 7 | 345 |
| 4 | 310 |
| Summer Associates | $160 |
| Legal Assistants | $110-195 |

Steefel, Levitt, and Weiss

2004 Rates:

| Years of Experience | Rate |
|---|---|
| 35 | $490 |
| 22 | 460 |
| 5 | 290 |

Sturdevant Law Firm (formerly Sturdevant & Sturdevant)

2007 Rates:

| Years of Experience | Rate |
|---|---|
| 35 | $550 |

2006 Rates:

18965-
1

25

| Years of Experience | Rate |
|---------------------|------|
| 34 | $510 |

2002 Rates:

| Years of Experience | Rate |
|---------------------|------|
| 30 | $495 |

15.     The hourly rates set forth above pertain largely to law firms headquartered in the San Francisco Bay Area and Los Angeles. To the extent those law firms handle cases in other jurisdictions, like San Diego, they almost always charge the same rates that they do for litigation in the Bay Area. To the extent Plaintiffs' claim is based upon San Diego rates, however, I also am of the opinion that they are in line with the rates charged by lawyers of comparable skill, experience, and reputation for comparable work, *i.e.*, complex representative litigation in San Diego. I base that opinion on the following facts:

a.     Cohelan & Khoury, a San Diego law firm that specializes in class action case and has been certified as class counsel on numerous occasions in state and federal courts, charges 2008 rates that include the following: $700 per hour for a partner who graduated from law school in 1974; $650 per hour for a partner who graduated from law school in 1970; $600 per hour for a partner who graduate from law school in 1984; $500 per hour for a partner who graduated from law school in 1986; $400 per hour for an associate who graduated from law school in 1995; $325 per hour for an associate who graduated from law school in 2001; and $250 per hour for an associate who graduated from law school in 2003.

b.     In 2006, Luce, Forward, Hamilton & Scripps, a San Diego law firm that handles complex litigation, charged partner rates of from $320 to $725 per hour, and associate rates of from $205 to $425 per hour. *See* Exhibit B.

c.     In 2004, Gray Cary Ware & Freidenrich, another San Diego law firm that does federal court litigation, charged partner rates of from $310 to $695 per hour, and associate rates of from $215 to $495 per hour. *See* Exhibit C.

18965-
1

26

1          d.     In a report filed with the California Public Utilities Commission (attached as

2 Exhibit D), the San Diego Gas & Electric Co. reported that in 2003, it hired outside counsel at rates of

3 from $477-625 per hour for partners with 13 or more years experience, $435 per hour for partners with

4 8-12 years of practice, and $239-425 per hour for associate attorneys with up to 7 years of practice.

5      16.     The non-2008 rates set forth above can reasonably be expected to have increased in

6 2008 in line with market trends. My research regarding attorneys' fees in California has indicated a

7 consistent increase in fees over the last several years. For example, average partner rates at Fenwick &

8 West increased 6.4% between 2005 and 2006. Similar increases seem to have been taken by several

9 firms in 2007 and 2008. Virtually every other firm whose rates I am aware of also increased their rates

10 over these periods.

11      17.     In my experience, fee awards are almost always determined based on current rates, i.e.,

12 the attorney's rate at the time a motion for fees is made, rather than the historical rate at the time the

13 work was performed. This is a common and accepted practice to compensate attorneys for the delay in

14 being paid. When attorneys are compensated at historical rates, they are entitled to adjustments for

15 delay in payment on those amounts that will bring their fees to current value; this makes the fee-

16 determination process unduly complicated and generally leads to the same result as using current rates

17 for all work.

18      18.     The hourly rates set forth above are those charged where full payment is expected

19 promptly upon the rendition of the billing and without consideration of factors other than hours and

20 rates. If any substantial part of the payment were to be deferred for any substantial period of time, for

21 example, or if payment were to be contingent upon outcome or any other factor, the fee arrangement

22 would be adjusted accordingly to compensate the attorneys for those factors.

23      19.     I have reviewed the billing practices of hundreds of attorneys in California. Based on

24 my experience and knowledge of billing practices among California lawyers, I can state that it is the

25 common practice of local firms to bill their clients for out-of-pocket expenses incurred in litigation,

26 such as expert witness fees, travel, copying, telephone long-distance charges, postage and messenger

27 fees, computerized research costs, and the like.

28

18965-
1

27

20.    The expense and risk of public interest litigation, has not diminished over the years; to the contrary, these cases are in many ways more difficult than ever. As a result, fewer and fewer attorneys and firms are willing to take on such litigation, and the few who are willing to do so can only continue if their fee awards reflect true market value.

21.    In my experience, attorneys who litigate on a contingent basis expect to receive significantly higher effective hourly rates in cases where compensation is contingent on success, particularly in hard fought cases where the result is uncertain. In my opinion, this does not result in any "windfall" or undue "bonus" for plaintiff's counsel. Attorneys who assume representation of plaintiffs on a purely contingent basis in public interest cases are entitled to receive fees equivalent to those paid in the private market. In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client rightfully expects that his or her compensation will be significantly greater than if no risk was involved (*i.e.*, if the client paid the bill on a monthly basis). In fact, an expert economist who testified in two cases in which I was involved opined that, based on a statistical risk analysis, attorneys who take cases on a contingent basis should receive from three to six times the market rates paid to attorneys on a non-contingent basis. Adjusting court-awarded fees upward in contingent fee cases to reflect the risk of loss simply makes them competitive in the legal marketplace, helping to ensure that meritorious cases will be brought to enforce important public interest policies and that clients who have meritorious claims will be more likely to obtain qualified counsel. Based on similar considerations, numerous trial courts have determined that lodestar enhancements for contingent risk are required to arrive at a reasonable attorney's fee for appellate services.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Berkeley, California on April 22, 2008.

RICHARD M. PEARL