IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUGO SLUIMER,

    Plaintiff,

v.

VERITY, INC. *et al.*,

    Defendants.

No. C 08-1220 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

On November 14, 2008, the Court heard oral argument on plaintiff's motion for attorneys' fees. Having considered the papers submitted and the arguments of the parties, and for good cause shown, the motion is GRANTED.

**BACKGROUND**

Plaintiff Hugo Sluimer was employed by defendant Verity, Inc. ("Verity"), a computer software provider, from 1990 until 2005. Verity was acquired by Autonomy Company in 2005. After the acquisition, plaintiff was terminated and the parties disputed whether he was entitled to benefits under defendants' retirement plan. The parties stipulated that any dispute over an entitlement plaintiff might have to a cash severance under the plan would be governed by Dutch law. On April 19, 2006, prior to commencing legal action in the United States, plaintiff filed a lawsuit in Dutch court seeking a cash severance benefit under Dutch law. On February 29, 2008, while the Dutch action was still pending, plaintiff filed suit in this Court claiming that he was entitled to benefits under his retirement plan. On July 22, 2008, the Court granted summary judgment to plaintiff, holding that plaintiff was improperly denied retirement benefits under the Employee Retirement Income Security Act ("ERISA").

Plaintiff's retirement plan includes a provision requiring him to execute a general waiver of liability in order to be eligible for benefits. It is undisputed that plaintiff has not executed the waiver. Now before the Court is plaintiff's motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

## LEGAL STANDARD

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit applies a five-factor test to determine whether an ERISA fee award is appropriate. *See Hummell v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "The '*Hummell*' factors include (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all plan participants or resolve a significant legal question; and (5) the relative merits of the parties' positions." *McElwaine v. U.S. West*, 176 F.3d 1167, 1172 (9th Cir. 1999). Because ERISA "should be liberally construed in favor of protecting participants in employee benefits plans," a prevailing participant or beneficiary "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (quoting *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980)).

## DISCUSSION

**1.     Special Circumstances**

As a threshold matter, the Court must consider what, if any, bearing plaintiff's refusal to sign the release agreement has on his eligibility to receive attorneys' fees. Defendants argue that plaintiff's failure to sign the release agreement amounts to a "special circumstance" that would render an award of attorneys' fees unjust.

When this Court granted plaintiff's motion for summary judgment, it reasoned:

> Because it was expected that plaintiff's entitlement to a cash severance would be determined in a separate proceeding [in Dutch court], that proceeding does not bar plaintiff from fulfilling the waiver and release condition. Were it otherwise, plaintiff

2

> would be forced to make a decision between either pursuing his cash severance under Dutch law and foregoing his eligibility to receive benefits under the Plan, or pursuing his benefits under the Plan and foregoing his cash severance. Either option would . . . lead to absurd results.

Order Grant. Pl.'s Mot. Summ. J., at 16. [Docket No. 45] The Court has not changed its decision that plaintiff should not be forced to choose between his cash severance and his retirement benefits. The litigation pending in the Netherlands does not affect plaintiff's entitlement to attorneys' fees as a prevailing party in this Court on the issue of his eligibility for benefits.

**2.     The *Hummell* Factors**

**A.     Bad Faith**

Plaintiff argues that the first *Hummell* factor, the degree of the opposing party's bad faith, weighs in his favor. He contends that the Court's finding that the plan administrator abused his discretion demonstrates that the administrator acted in bad faith. Defendants respond that the plan administrator had a good faith basis for refusing plaintiff benefits: plaintiff's refusal to sign the required release.

The Court based its findings of abuse of discretion on the plan administrator's refusal to award plaintiff benefits, as well as his failure to acknowledge that plaintiff had been constructively terminated and had not been offered adequate reemployment. Defendants are simply reasserting the same argument made at the summary judgment stage, where the Court found, under heightened abuse of discretion review, that the plan administrator had abused his discretion. The Court made no finding on summary judgment about whether the plan administrator was acting in bad faith. Therefore, the Court concludes that the first *Hummell* factor is neutral.

**B.     Defendants' Ability to Pay Attorneys' Fees**

Plaintiff argues that the second *Hummell* factor, the losing party's ability to pay attorneys' fees, weighs in his favor. Defendants do not dispute their ability to pay. Defendants argue, however, that plaintiff is equally able to pay, because plaintiff recently received a roughly one million Euro cash severance from a Dutch court.

In *Honolulu Joint Apprenticeship and Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003), the employee's legal fees had been paid by another entity

3

and it was undisputed that both parties were equally capable of paying attorney's fees. Under those circumstances, *Honolulu* found the ability to pay factor to be neutral. *Id*. at 1239.

Similarly, plaintiff in this case is presumably able to pay his own fees. The Court therefore finds the second *Hummell* factor to be neutral.

### C. Deterrent Effect

The third *Hummell* factor examines whether an award of attorneys' fees would deter other persons acting under similar circumstances. Defendants argue that this case involves unique facts, primarily because the parties stipulated that Dutch law would govern plaintiff's entitlement to cash severance. Defendants therefore conclude that "there is no deterrent value based on 'similar circumstances' that will not occur in the future." Def. Opp. Pl. Mot. Atty's Fees, at 8.

The Court disagrees. The parties' stipulation to the Dutch choice of law clause is incidental to the plan and to defendants' improper denial of benefits to plaintiff. While defendants are correct that such a stipulation is an unusual characteristic of an employment benefits agreement, it has no bearing on the question of attorneys' fees because it played no role in the Court's conclusion that the administrator had abused its discretion and that plaintiff was entitled to benefits. An award of attorneys' fees based on a plan administrator's incorrect decision signals to other plan administrators that they should not similarly abuse their discretion. The incidental presence of a unique clause in the benefits contract does not affect this message. Therefore, the Court concludes that an award of attorneys' fees would send a proper deterrent signal to others similarly situated to the plan administrator.

### D. Whether Plaintiff Seeks to Benefit All Plan Participants or Resolve a Significant Legal Question

Plaintiff argues that the fourth *Hummell* factor, whether his action seeks to benefit all plan participants or resolve a significant legal question, points in his favor. He contends that an award of attorneys' fees will benefit other plan participants by requiring plan administrators to fulfill their fiduciary duties. Defendants argue that plaintiff has filed this lawsuit solely for his own benefit, which is evident in his attempt to modify the release agreement to suit his unique situation.

Plaintiff's argument would be better suited toward the third *Hummell* factor. To the extent that he simply argues that an award of attorneys' fees would prevent ERISA plan administrators from

4

denying valid claims, he has not demonstrated that his efforts have sought to benefit other plan participants. Nor has he resolved a significant legal question. The Court therefore concludes that this factor is neutral.

### E. The Relative Merits of the Parties' Positions

Finally, the Court considers the relative merits of the parties' positions. Plaintiff has submitted to the Court a proposed modified release agreement, which would create an exception to defendants' general immunity from liability and allow plaintiff to pursue his severance under Dutch law. *See* Pl.'s Proposed Release Agreement, at 1. Defendants ask that the Court consider plaintiff's present attempts to alter the language of the release when it weighs the fourth *Hummell* factor. The Court finds that this issue is not relevant to the merits of plaintiff's position on summary judgment that he was entitled to fees in his ERISA action.

In granting plaintiff's motion for summary judgment, the Court found that the plan administrator had abused his discretion. Plaintiff argues that this finding demonstrates that his position was meritorious, while defendants' was not. The Court agrees.

On balance, the *Hummell* factors weigh in favor of awarding attorneys' fees to plaintiff. Although the Court has concluded that some of the factors are neutral, the non-neutral factors favor plaintiff's position. Furthermore, in the Ninth Circuit, a prevailing participant such as plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Smith*, 746 F.2d at 589 (quoting *Landro*, 625 F.2d at 1356) .

### 3. Calculating Attorneys' Fees

### A. Prejudgment Interest

Plaintiff argues that he should be awarded prejudgment interest because defendants should not be allowed to benefit from their retention of monies that rightfully belonged to plaintiff. The parties agree that plaintiff is not entitled to collect prejudgment interest on his stock options. Plaintiff argues, however, that he should be awarded prejudgment interest on the medical insurance premiums he paid.

Congress has provided that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). In the Ninth Circuit, "[w]hether to award

prejudgment interest to an ERISA plaintiff is 'a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.'" *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995) (quoting *Shaw v. International Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985)). The Court finds that it would be fair to award prejudgment interest to plaintiff on his payment of medical insurance premiums at the federal T-bill rate pursuant to 28 U.S.C. § 1961.

### B. Reasonableness of Plaintiff's Request

Plaintiff has requested fees and costs for 481.1 hours of work by four different attorneys at various hourly rates, for a total award of $222,003.14. Defendants do not dispute "the skill with which Mr. Sluimer's counsel has handled this matter [or] the value of their services." Def. Opp. Mot. Attys' Fees, at 10. Rather, defendants argue that plaintiff is not entitled to fees incurred in the administrative phase of this litigation and in Dutch Court. Subsequent to oral argument on this motion, plaintiff's counsel submitted a declaration stating that the fees and costs sought by plaintiff were incurred only in the matter before this Court. *See* Supp. Decl. of William Reilly in Supp. of Mot. for Atty. Fees, ¶¶ 1-3. [Docket No. 67]

Accordingly, the Court finds that an award of attorneys' fees and costs incurred in work directly related to this case is just and GRANTS plaintiff's motion for $222,033.14 in fees and costs.

### 4. Plaintiff's Proposed Judgment and Release of Liability

Plaintiff has submitted a proposed judgment as well as a proposed modification to defendants' general release. At oral argument, plaintiff's counsel confirmed that plaintiff is willing to release his claims pending in the Dutch courts for vacation pay and commissions, in exchange for receiving stock options and reimbursement of medical premiums from defendants. *See also* Decl. of Hugo Sluimer in Supp. of Pl. Mot. for Atty. Fees, ¶¶ 1-4. Accordingly, if defendants require that plaintiff execute a release agreement in order to receive benefits, defendants shall modify the release to provide that plaintiff does not release his claims to amounts awarded him in this Court or in the now resolved Dutch case over cash severance benefits.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for attorneys' fees. [Docket No. 49]

**IT IS SO ORDERED.**

Dated: November 24, 2008

SUSAN ILLSTON
United States District Judge