**RIMAC & MARTIN**
A Professional Corporation
JOSEPH M. RIMAC – CSBN 72381
WILLIAM REILLY – CSBN 177550
KEVIN G. GILL – CSBN 226819
1051 Divisadero Street
San Francisco, CA 94115
w_reilly@rimacmartin.com
Telephone: (415) 561-8440
Facsimile:  (415) 561-8430

**MCGUINN, HILLSMAN & PALEFSKY**
CLIFF PALEFSKY (State Bar No. 77683)
KEITH EHRMAN (State Bar No. 106985)
535 Pacific Ave.
San Francisco, CA 94133
KAEMHP@aol.com
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Plaintiff
HUGO SLUIMER

**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL  – CSBN 193205
1888 Century Park East, Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile:  (310) 557-9101

Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E-FILING

| | |
|---|---|
| HUGO SLUIMER,<br><br>        Plaintiff,<br><br>v.<br><br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN,<br><br>        Defendants. | CASE NO.  C 081220 SI<br><br>STIPULATION AND [PROPOSED] ORDER APPROVING BOND ON APPEAL<br>[F.R.C.P. 62] |

STIPULATION AND [PROPOSED] ORDER
APPROVING BOND ON APPEAL [F.R.C.P. 62]

CASE NO.  C 07-2381 SI

WHEREAS, this Court entered judgment in favor of Plaintiff HUGO SLUIMER on December 19, 2008 ("the Judgment") (Pacer Docket No. 73);

WHEREAS, Defendants filed an appeal of the Judgment with the Ninth Circuit Court of Appeals on January 16, 2009 (Pacer Docket. No. 74);

WHEREAS, Plaintiff has demanded, and Defendants have agreed, to post a bond pursuant to Federal Rule of Civil Procedure 62, in order to stay Plaintiff's execution on the Judgment (a true and correct copy of the bond is attached hereto as Exhibit A);

WHEREAS, Plaintiff and Defendants have agreed that the bond may be applied to protect against a future decline in the value of the stock options in the manner set forth in the September 8, 2009 letter of Keith Ehrman to Gregory Doll (a true and correct copy of Mr. Ehrman's letter is attached hereto as Exhibit B);

WHEREAS, Plaintiff is willing to stipulate that Defendants' bond attached as Exhibit A is an adequate undertaking for the Judgment in this action, based upon the prior agreement between Plaintiff and Defendants in September 2009 concerning the bond and the circumstances under which Plaintiff may collect on the bond, as described in Exhibit B,

WHEREAS, on March 1, 2010, Plaintiff filed a Motion for Order Requiring Posting of a Bond or, in the Alternative, Order Requiring Immediate Payment of Judgment or, in the Alternative, Order for Writs of Execution; and Plaintiff also filed on March 1, 2010, a Motion to Compel Further Interrogatory Answers in Aid of Execution and Further Documents in Aid of Execution (Pacer Docket Nos. 80 & 81);

**IT IS HEREBY STIPULATED** by and between the parties that Defendants' bond (attached as Exhibit A hereto) may be approved by the Court as an adequate undertaking for the Judgment, and upon the Court's signing the attached Order and approving Defendants' bond, Plaintiff will withdraw the two Motions which he filed on March 1, 2010.

SO STIPULATED:

RIMAC & MARTIN, P.C.

DATED: March 18, 2010     By:  /s/ WILLIAM REILLY
                               WILLIAM REILLY
                               Attorneys for Plaintiff

STIPULATION AND [PROPOSED] ORDER
APPROVING BOND ON APPEAL [F.R.C.P. 62]                    CASE NO. C 07-2381 SI

DOLL AMIR & ELEY LLP

DATED: March 18, 2010   By:   /s/ GREGORY L. DOLL
GREGORY L. DOLL
Attorneys for Defendants
VERITY, INC., and THE VERITY INC.
CHANGE IN CONTROL AND
SEVERANCE BENEFIT PLAN

## ORDER

The Court having considered the above Stipulation entered into the by the parties, and good cause appearing, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court approves Defendants' "Undertaking For an Appeal" in the amount and form attached hereto as Exhibit A ("the Undertaking").

2. If the Court of Appeals affirms the Judgment in this action, Plaintiff shall be entitled to collect on the Undertaking under the circumstances previously agreed upon by the parties, as described in the above Stipulation and as described in Exhibit B.

3. Execution upon the Court's December 19, 2008 Judgment is STAYED pending the decision of the Court of Appeals.

4. Plaintiffs' Motions (Pacer Docket Nos. 80 & 81) shall be withdrawn.

DATED:_____, 2010

THE HONORABLE SUSAN ILLSTON

**STIPULATION AND [PROPOSED] ORDER APPROVING BOND ON APPEAL [F.R.C.P. 62]**

CASE NO. C 07-2381 SI

# EXHIBIT A

# American Contractors Indemnity Company 

THE UNITED STATES DISTRICT COURT, __NORTHERN__ DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SLUIMER, </br></br>　　　　　　Plaintiff, </br></br>vs. </br></br>VERITY, INC., a corporation, and THE VERITY INC. CHANGE IN CONTROL AND SEVERANCE BENEFIT PLAN, </br></br>　　　　　　Defendant(s.) | No. ____C 08 1220 SI____ </br></br> UNDERTAKING FOR _____ </br></br> ____AN APPEAL____ </br></br> ____F.R.C.P. 62____ |

WHEREAS, the above named _____VERITY, INC._____ desire(s) to give undertaking for _____AN APPEAL_____ as provided by section ____917.1____ of California Code of Civil Procedure and as provided by applicable rules of the Federal Rules of Civil Procedure.

NOW, THEREFORE, the undersigned surety, does hereby obligate itself, jointly and severally to _____HUGO SLUIMER_____ under said statutory obligations in the sum of TWO MILLION FOUR HUNDRED THOUSAND AND 00/100 _____Dollars ($ 2,400,000.00 ).

IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the part of the Surety, the Court may, upon notice to it of not less than ten days, proceed summarily and render judgment against it in accordance with their obligation and award execution thereon.

Signed, sealed and dated this ____4th____ day of ____MARCH____ 2010

BOND NO. ____451960____

PREMIUM: ____$24,500.00____

BY: _____
　　WILL MINGRAM　　Attorney-in-fact

American Contractors Indemnity Company
601 S. Figueroa St., Suite 1600
Los Angeles, CA 90017
310-649-0990

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA

County of ____Los Angeles_____

On March 4, 2010 before me, ____Tara Taylor Notary- Public____
           Date                                Here Insert Name and Title of the Officer

personally appeared _____Will Mingram_____
                                      Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(x) whose name(x) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(x), or the entity upon behalf of which the person(x) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _____
                 Signature of Notary Public

[Notary Seal: TARA TAYLOR, COMM. #1827128, NOTARY PUBLIC CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires Dec. 15, 2012]

Place Notary Seal Above

---------- OPTIONAL ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# POWER OF ATTORNEY

AMERICAN CONTRACTORS INDEMNITY COMPANY   UNITED STATES SURETY COMPANY   U.S. SPECIALTY INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS: That American Contractors Indemnity Company, a California corporation, United States Surety Company, a Maryland corporation and U.S. Specialty Insurance Company, a Texas corporation (collectively, the "Companies"), do by these presents make, constitute and appoint:

Jennifer Wayne, Kevin J. Phillips, Christopher M. Haenel, Alfonso Lujan, Will Mingram, Jeff Aase, John G. Slater, Sylvia Diane Caneva, John D. Strong, Ryan Tash or Oscar Zachary Gallegos of Los Angeles, California

its true and lawful Attorney(s)-in-fact, each in their separate capacity if more than one is named above, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver **any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include riders, amendments, and consents of surety, providing the bond penalty does not exceed** \*\*\*\*\*Three Million\*\*\*\*\* **Dollars ($ \*\*3,000,000.00\*\* ).**

This Power of Attorney shall expire without further action on November 3, 2011. This Power of Attorney is granted under and by authority of the following resolutions adopted by the Boards of Directors of the Companies:

*Be it Resolved*, that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:

*Attorney-in-Fact* may be given full power and authority for and in the name of and on behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements of indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.

*Be it Resolved*, that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, The Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 13th day of November, 2009.

AMERICAN CONTRACTORS INDEMNITY COMPANY   UNITED STATES SURETY COMPANY   U.S. SPECIALTY INSURANCE COMPANY

Corporate Seals

_____
Daniel P. Aguilar, Vice President

State of California

County of Los Angeles   SS:

On this 13th day of November, 2009, before me, Sabina Morgenstein, a notary public, personally appeared Daniel P. Aguilar, Vice President of American Contractors Indemnity Company, United States Surety Company and U.S. Specialty Insurance Company who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _____ (Seal)

SABINA MORGENSTEIN
Commission # 1777668
Notary Public - California
Los Angeles County
My Comm. Expires Nov 3, 2011

I, **Deborah Reese, Assistant Secretary** of American Contractors Indemnity Company, United States Surety Company and U.S. Specialty Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Companies, which is still in full force and effect; furthermore, the resolutions of the Boards of Directors, set out in the Power of Attorney are in full force and effect.

In Witness Whereof, I have hereunto set my hand and affixed the seals of said Companies at Los Angeles, California this 4th day of March, 2010.

Corporate Seals

Bond No. 451960
Agency No. 2505

_____
Deborah Reese, Assistant Secretary

# EXHIBIT B

JOHN A. McGUINN
JOHN R. HILLSMAN
CLIFF PALEFSKY
DEREK B. JACOBSON
KEITH A. EHRMAN
CAROLYN A. LEARY
ABRAHAM FEINSTEIN-HILLSMAN

LAW OFFICES OF
**McGUINN, HILLSMAN & PALEFSKY**
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA 94133
TELEPHONE (415) 421-9292

FAX (415) 403-0202

September 8, 2009

<u>*Via e-mail and U.S. Mail:*</u>

Greg Doll, Esq.
Doll, Amir & Eley LLP
1888 Century Park East, Suite 1106
Los Angeles, CA 90067

   Re: *Hugo Sluimer v. Verity, Inc., et al.*
     Case No. C-081220-SI

Dear Greg:

  This will confirm our conversation from last Friday, in which you represented that Defendants had agreed to post a bond for $2.4 million in connection with their appeal of this action. As we have previously discussed, the purpose of setting the bond at $2.4 million is to protect Plaintiff against the potential decline in value of the Autonomy stock owed to him under the pending judgment, while the parties wait for the appeal process to conclude next year. I would like your written confirmation of the following points, in order to postpone the proceedings Plaintiff has begun with respect to executing on the judgment:

  1) Defendants will promptly post a bond for $2.4 million;

  2) If Plaintiff prevails on the appeal, then he will be entitled to collect on this $2.4 million bond, to the extent that the combined dollar value of: a) the cash amount awarded to Plaintiff by the Court (including the cash amount awarded by the District Court and any attorneys fees and costs awarded to Plaintiff in connection with the appeal), <u>plus</u> b) the net (post-exercise) value of the stock options owed to Plaintiff under the judgment, totals less than $2.4 million.

  For example, if the total cash awarded to Plaintiff by the Court is $300,000, and the net (post-exercise) value of the stock options at the time of delivery to Plaintiff is $1,700,000 (assuming that Defendants immediately deliver the stock options to Plaintiff at the conclusion of the appeal), then Plaintiff will be entitled to collect $400,000 in cash from the bond, in order to assure that Plaintiff receives a total of $2.4 million. (This

Greg Doll, Esq.
September 8, 2009
page 2

assumes, of course, that Defendants immediately pay Plaintiff the cash portion of the judgment and immediately deliver the stock options to Plaintiff so that he can exercise and sell them. If Defendants fail to pay the cash judgment or deliver the stock options immediately after the appeal is finished, then Plaintiff would be entitled to simply collect on the full bond amount.)

By contrast, if the total cash awarded to Plaintiff by the Court is $300,000 and the net (post-exercise) value of the stock options at the time of delivery to Plaintiff is $2,150,000, and Defendants promptly pay $300,000 and deliver the options, then Plaintiff would not be entitled to collect any amount on the bond since the total value of the cash paid to Plaintiff plus the stock options delivered to Plaintiff following the appeal would be in excess of $2,400,000.

Please let me know if you are in agreement. Thank you for your consideration.

Sincerely,

Keith Ehrman


cc: William Reilly, Esq.